**Elden M. Rosenthal, OSB No. 72217**
elden@rgdpdx.com
**John T. Devlin, OSB No. 042690**
john@rgdpdx.com
Rosenthal Greene & Devlin, P.C.
121 SW Salmon St., Suite 1090
Portland, OR 97204
Telephone: (503) 228-3015
Fascimile: (503) 228-3269

Of Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| DEREK JOHNSON, personal representative of KELLY CONRAD GREEN II, deceased; KELLY CONRAD GREEN and SANDY PULVER,<br><br>Plaintiffs,<br>v.<br><br>CORIZON HEALTH, INC., a Tennessee Corporation; LANE COUNTY, an Oregon county; DR. CARL KELDIE, an individual; DR. JOE PASTOR, an individual; BECKY PINNEY, an individual; DR. JUSTIN MONTOYA, an individual; VICKI THOMAS, an individual; KIRSTIN WHITE, an individual; JACOB PLEICH, an individual; SHARON FAGAN, an individual; ROB DOTSON, an individual; GUY BALCOM, an individual; DONALD BURNETTE, an individual; JOHN DOES 1-10,<br><br>Defendants. | Civil Action No. 6:13-cv-01855-TC<br><br>**STIPULATED PROTECTIVE ORDER** |

The parties stipulate that the following Stipulated Protective Order shall apply to all discovery produced in this case as set forth below.

Pursuant to Federal Rules of Civil Procedure 26(c) and 29 and Local Rules 3-8, 3-

Page 1 – STIPULATED PROTECTIVE ORDER

9, and 26-4, it is hereby ORDERED the following provisions shall apply:

1. Any documents, material or items (collectively "material") produced or provided by during discovery in this matter may be designated by the producing party as "Confidential."

2. The producing party may designate material as "Confidential" by placing the word "Confidential" on the material. In the event that "Confidential" material is used during a deposition, the producing party may designate appropriate pages of a deposition as "Confidential" so as to maintain the confidentiality of said material. The designation of any material as "Confidential" will also render "Confidential" any copies, excerpts, summaries or other disclosure of the substance or content of such material. Confidential material may not be quoted verbatim in a publically filed document. Inadvertent failure to designate material as "Confidential" may be corrected by supplemental written notice.

3. For the purpose of this litigation, material designated "Confidential" shall be disclosed solely to the following persons, unless additional persons are authorized by the Court:

(a) the Court and its officers;

(b) any director, officer, or employee of a party or the party who is requested by counsel for such party to work on this litigation;

(c) counsel for any party;

(d) the paralegals and clerical personnel who are engaged in assisting counsel of record in this litigation; and

(3) persons retained and/or consulted by counsel of record for any party to furnish technical or expert services and/or give testimony and/or advice with respect to the subject matter for trial of this action. This includes other attorneys consulted for assistance in this litigation only. At the conclusion of this litigation, any retained or consulted persons who have been provided confidential material, must destroy or return all said confidential material and copies of said confidential material to the party who provided said documents.

4. Any party may consent to have material previously designated by it as "Confidential" removed from the scope of this Stipulated Protective Order by so notifying counsel in writing or by so stating on the record at any hearing or deposition.

5. The production of "Confidential" material and the execution of this Stipulated Protective Order shall not prejudice in any way the rights of any party to object to the production of information, documents, materials or items it considers not subject to discovery, nor shall such actions prejudice in any way the rights of any party to apply to the Court for any modification of this Stipulated Protective Order. Neither the provisions of this Protective Order, nor any disclosure by any party pursuant to this Protective Order, shall constitute a waiver at any time, or in any other litigation, of any attorney-client or work-product privilege, including the protections afforded by the rules of evidence, that it may possess which arises, or has arisen in litigation or other matters outside this proceeding.

6. In the event that any additional persons or entities become parties to this litigation, their counsel shall not have access to "Confidential" material produced by the parties until the newly-joined party, by the party's counsel, and the existing parties to this action have so agreed in a Supplemental Stipulated Protective Order executed by all parties.

7. "Confidential" material may be used in any court filing or proceeding. If "Confidential" material is used in any filing or court proceeding other than summary judgment or trial, the material shall be filed in accordance with the appropriate local court rules for filing material under seal, and the material shall remain under seal until the Court orders otherwise. Such "Confidential" material shall not become a part of the public record in this action, nor shall it otherwise be made available to the public. Only persons authorized under the provisions of this Stipulated Protective Order, the Court (including any court to which this action may be appealed or transferred), and persons employed by or assisting the Court in this action shall be given access to any such "Confidential" material or to any testimony or oral statements disclosing the substance thereof. Any "Confidential" material used in any court filing or hearing as set forth in this paragraph shall not lose its confidential status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use, such as submitting the documents under seal.

8. If a party (the "using party") intends to use "confidential" material in a Summary Judgment Motion, or in response to a Summary Judgment Motion:

a) the using party shall advise the party that produced said "confidential" material ("the producing party") of this fact at least five days prior to filing or using such document;

b) if the producing party objects to the document being publically filed, the producing party shall so advise the using party, and explain the producing party's basis for claiming confidentiality.  The using party may then file a motion with the Court asking the Court to rule on the producing party's designation of the material as confidential;

c) the using party shall file the "confidential" material under seal, and treat said material as confidential, until the Court rules on the using party's motion;

d) As an alternative to a-c, above, a using party may file "confidential" material under seal, and file a motion requesting that the Court examine said material and rule that it is entitled to be treated as a public document. The producing party shall be entitled to file a response, asking the Court to require that said "confidential" material remain under seal.

9.    If a party intends to use "confidential" material at trial during the party's case in chief, the using party shall notify the producing party at least ten days prior to trial. The producing party may file a motion asking for appropriate protection of the confidential nature of the "confidential" material. If a party intends to use "confidential" material for cross-examination, or in rebuttal, the using party shall advise the court and

Page 5 – STIPULATED PROTECTIVE ORDER

the producing party prior to use, allowing the Court to determine the procedure to be used at that time.

10.   Upon conclusion of this litigation, including any and all appeals thereof, confidential documents in the possession of a receiving party may be retained in said counsel's files, provided that the confidential documents, including any and all copies, excerpts or summaries thereof, shall be placed in sealed envelopes that clearly indicate its confidential contents, with a copy of this protective order attached.  Said sealed envelope will not be reopened and the contents not accessed except in connection with a subsequent legal malpractice action or other legal proceeding directly related to the present action. "Other legal proceedings" as used in this paragraph does not include actions brought by other inmates with similar causes of action.  The confidential documents shall be destroyed in accordance with the timeframe set forth in the receiving law firm's retention policy.

11.   No party shall be obligated to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  In the event that any party disagrees at any stage of these proceedings with the designation of any information as confidential, the parties shall first try to resolve such dispute in good faith on an informal basis.  If the dispute cannot be resolved, the objecting party may seek appropriate relief from the Court, giving notice to all parties. Until the Court enters an Order changing the designation, or until the party who designated the information as confidential gives written permission, the information shall

be given the protection provided for in this Order. Nothing in this provision shall shift the burden of proving the confidential nature of the designated material from the party making the designation.

12.    This Stipulated Protective Order does not and shall not deprive any material previously produced in this action of the protections which may be afforded it under this protective order.

DATED this __6__ day of ~~May,~~ June, 2014.

_____
Hon. Thomas M. Coffin

**ENTRY OF THE FOREGOING PROTECTIVE ORDER is hereby Stipulated to by:**

ROSENTHAL GREENE & DEVLIN, P.C.          STEWART SOKOL & GRAY, LLC

_____              _____
Elden M. Rosenthal/OSB No. 722174        James M. Daigle/OSB NO. 942843
Attorney for Plaintiff                   Attorney for Defendants

_____
Sebastian Newton-Tapia/OSB No. 043761
Attorney for Defendants

Page 7 – STIPULATED PROTECTIVE ORDER