

# General Civil Case Filing Information Form (Non-Domestic)

**Court**
☑ Superior
☐ State

County **Chatham**

Docket # **CV14-1313-M0**

Date Filed **11/13/2014**
MM-DD-YYYY

**Plaintiff(s)**
RINER, BETTY L.
Last   First   Middle I   Suffix   Prefix   Maiden

PUGH, CHARLES M. JR.
Last   First   Middle I   Suffix   Prefix   Maiden

WILLIAMS, LYNNE B.
Last   First   Middle I   Suffix   Prefix   Maiden

Last   First   Middle I   Suffix   Prefix   Maiden

No. of Plaintiffs **3**

**Defendant(s)**
CORIZON HEALTH, INC
Last   First   Middle I   Suffix   Prefix   Maiden

CHAMBERS, JENNIFER; BURCHFIELD, DAN
Last   First   Middle I   Suffix   Prefix   Maiden

LACHNER, JANE; DELL, CARL;
Last   First   Middle I   Suffix   Prefix   Maiden

O'NEIL, VIRGINIA
Last   First   Middle I   Suffix   Prefix   Maiden

No. of Defendants **6**

**Plaintiff/Petitioner's Attorney**        ☐ Pro Se

CLAIBORNE, WILLIAM R.
Last        First        Middle I   Suffix

Bar # **126363**

---

### Check Primary Type (Check only ONE)

☐ Contract/Account

☐ Wills/Estate

☐ Real Property

☐ Dispossessory/Distress

☐ Personal Property

☐ Equity

☐ Habeas Corpus

☐ Appeals, Reviews

☐ Post Judgment Garnishment, Attachment, or Other Relief

☐ Non-Domestic Contempt

☑ Tort (If tort, fill in right column)

☐ Other General Civil Specify _____

---

### If Tort is Case Type:
### (Check no more than TWO)

☐ Auto Accident

☐ Premises Liability

☐ Medical Malpractice

☐ Other Professional Negligence

☐ Product Liability

☑ Other Specify **Constitutional Violation**

**Are Punitive Damages Pleaded?** ☑ Yes ☐ No

Exhibit 68 - Page 1 of 52
Dec'l of JTD

IN THE SUPERIOR COURT OF CHATHAM COUNTY FOR RECORD
STATE OF GEORGIA

2014 NOV 13  P 3: 28

| | |
|---|---|
| BETTY L. RINER, | ) |
| CHARLES M. PUGH, JR., and | ) |
| LYNNE B. WILLIAMS, | ) |
| | ) |
| PLAINTIFFS, | ) |
| | ) |
| vs. | ) Civil Action Number: SPCV14-1313 M10 |
| | ) |
| CORIZON HEALTH, INC., | ) |
| JENNIFER CHAMBERS, | ) |
| DAN BURCHFIELD, | ) |
| JANE LACHNER, | ) |
| CARL DELL, and | ) |
| VIRGINIA O'NEILL, | ) |
| | ) **JURY TRIAL REQUESTED** |
| DEFENDANTS. | ) |

## COMPLAINT

COME NOW Plaintiffs Betty L. Riner ("Riner"), Charles M. Pugh, Jr. ("Pugh"), and

Lynne B. Williams ("Williams") (collectively "Plaintiffs") and file this Complaint against

Defendants Corizon Health, Inc. ("Corizon"), Jennifer Chambers ("Chambers"), Dan Burchfield

("Burchfield"), Jane Lachner ("Lachner"), Carl Dell ("Dell"), and Virginia O'Neill ("O'Neill"),

showing the Court as follows:

## INTRODUCTION

1.

This is an action for violations of the First Amendment to the United States Constitution,

brought pursuant to 42 U.S.C. § 1983. At trial, Plaintiffs will show that they suffered adverse

Exhibit 68 - Page 2 of 52
Dec'l of JTD

employment actions, including, but not limited to, termination of their employment with Defendant Corizon, in retaliation for Plaintiffs' speaking on matters of public concern to the Chatham County Sheriff and the command staff of the Sheriff's Department.

## JURISDICTION AND VENUE

2.

This Court has jurisdiction pursuant to the Georgia Civil Practice Act, including O.C.G.A. § 9-10-91, and O.C.G.A. § 9-10-30.

3.

Defendant Corizon has an office and transacts business in Chatham County, Georgia. Further, Defendant O'Neill resides in Chatham County, Georgia. Venue is proper in this Court pursuant to O.C.G.A. § 14-2-510(b)(3). Venue is also proper under the Georgia Civil Practice Act, O.C.G.A. § 9-10-30, et seq.

4.

This action is timely filed within the applicable statutes of limitation.

## PARTIES

5.

Plaintiff Betty L. Riner is a citizen of the United States and a resident of Chatham County. Riner is licensed by the State of Georgia as an Advance Practice Registered Nurse.

6.

Plaintiff Charles M. Pugh, Jr. is a citizen of the United States and a resident of Chatham County. Pugh is licensed by the State of Georgia as a Medical Doctor.

Exhibit 68 - Page 3 of 52
Dec'l of JTD

7.

Plaintiff Lynne B. Williams is a citizen of the United States and a resident of Beaufort County, South Carolina. Williams is licensed by the State of Georgia as a Physician Assistant. Williams has voluntarily submitted to the jurisdiction and venue of this Court.

8.

Defendant Corizon Health, Inc. is registered with the Georgia Secretary of State and conducts business in Chatham County, Georgia.

9.

Corizon is a privately held company that provides health care services in correctional institutions across the United States of America. Upon information and belief, Corizon conducts business in twenty-seven (27) or more states, and its revenues exceed $1 billion dollars per year.

10.

Corizon is paid more than $5 million dollars per year by the Board of Commissioners of Chatham County to provide health care services to the inmates at the Chatham County Detention Center ("CCDC").

11.

Defendant Chambers is the "Senior Human Resources Generalist" for Defendant Corizon. Upon information and belief, Chambers is a resident of Brentwood, Tennessee. Chambers has the authority to establish policies for Corizon nationwide.

Exhibit 68 - Page 4 of 52
Dec'l of JTD

12.

Defendant Burchfield is the "Human Resource Manager – Southeast Region" for Defendant Corizon.  Upon information and belief, Burchfield is a resident of Tallahassee, Florida.  Burchfield has the authority to establish policies for Corizon in the southeast region.

13.

Defendant Lachner is the "Vice President of Operations for the Southeast Jail Region" for Defendant Corizon.  Upon information and belief, Lachner is a resident of Summerland Key, Florida.  Lachner has the authority to establish policies for Corizon in the southeast region.

14.

Defendant Dell is the "Regional Director Southeast" for Defendant Corizon.  Upon information and belief, Dell is a resident of Milton, Florida.  Dell has the authority to establish policies for Corizon in the southeast region.

15.

Defendant O'Neill is the "Health Service Administrator" for Defendant Corizon at the CCDC.  Defendant O'Neill is a resident of Chatham County, Georgia with a permanent residence at 3 South Point Cross, Savannah, Georgia 31411.  O'Neill has the authority to establish policies for Corizon for the CCDC.

## BACKGROUND FACTS

16.

On February 17, 2014 Riner began working for Corizon at the CCDC.

17.

On October 1, 2012, Pugh began working for Corizon at the CCDC.

Page 4 of 20
Betty L. Riner, Charles M. Pugh, Jr., and Lynne B . Williams
vs.
Corizon Health, Inc., Jennifer Chambers, Dan Burchfield, Jane Lachner, Carl Dell, and Virginia O'Neill

Exhibit 68 - Page 5 of 52
Dec'l of JTD

18.

On January 6, 2014, Williams began working for Corizon at the CCDC.

19.

Prior to August 26, 2014, Riner had not been disciplined by Corizon for any reason.

20.

Prior to August 26, 2014, Pugh had not been disciplined by Corizon for any reason and had received positive evaluations from his supervisors.

21.

Prior to August 26, 2014, Williams had not been disciplined by Corizon for any reason.

22.

During their employment with Corizon, Riner, Pugh, and Williams each became aware of circumstances in which Corizon and/or Corizon employees violated State and/or Federal laws and/or regulations at the CCDC.

23.

During their employment with Corizon, Riner, Pugh, and Williams each became aware of circumstances in which Corizon and/or Corizon employees failed to provide appropriate medical care to inmates at the CCDC.

24.

The failure to abide by laws and/or regulations by Corizon and/or Corizon employees caused harm to inmates including physical injuries and deaths.

25.

The failure to provide appropriate medical care to inmates by Corizon and/or Corizon employees caused harm to inmates including physical injuries and deaths.

Page 5 of 20
Betty L. Riner, Charles M. Pugh, Jr., and Lynne B . Williams
vs.
Corizon Health, Inc., Jennifer Chambers, Dan Burchfield, Jane Lachner, Carl Dell, and Virginia O'Neill

Exhibit 68 - Page 6 of 52
Dec'l of JTD

26.

Individually and collectively Riner, Pugh, and Williams reported their concerns to their

supervisors within Corizon's corporate structure, to wit: Defendants O'Neill, Lachner, and Dell.

27.

The concerns reported by Riner, Pugh, and/or Williams include, but are not limited to, the

following:

a.    One or more individuals being employed as a nurse without a having the required education, training, and/or licensure of a nurse.

b.    One or more individuals operating as a pharmacist without being a licensed pharmacist.

c.    One or more individuals serving as the Director of Nursing without the licensure required for said title and position.

d.    One or more individuals acting as a Nurse Practitioner without a written and signed Advance Practice Registered Nurse (APRN) protocol with the Georgia Medical Composite Board.

e.    One or more individuals serving as a Licensed Practical Nurse (LPN) without a valid Georgia LPN license.

f.    Mental Heath patients being denied medication.

g.    Gravely ill patients being denied admission to hospitals.

h.    Nurses and the pharmacy technician making medication errors and/or failing to provide appropriate medications to patients.

i.    One or more individuals acting as the Regional Medical Director for Corizon, giving orders and directives regarding medical care of inmates at CCDC, without having a Georgia medical license.

28.

Corizon O'Neill, Lachner, and Dell failed or refused to address the concerns expressed

by Riner, Pugh, and Williams.  Laws continued to be violated and patient safety continued to be

compromised.

Exhibit 68 - Page 7 of 52
Dec'l of JTD

29.

Based upon her concerns about law and/or regulations being violated and her fear for the safety of her patients, on August 18, 2014, Riner reached out to the command staff at the Chatham County Sheriff's Office.

30.

On August 26, 2014, a meeting occurred with Riner, Pugh, Williams, Sheriff Al St. Lawrence, and Chief Deputy Roy Harris.  In that meeting Riner, Pugh, and Williams expressed their concerns about violations of laws and/or regulations and about patient safety and the poor quality of care being provided to the patients.  The concerns expressed were substantially identical to the areas listed in Paragraph 27, *supra*.

31.

After the August 26, 2014, meeting, Riner provided additional information to Chief Deputy Harris about her concerns.

32.

Upon finding out about the August 26, 2014 meeting with the Sheriff, Corizon began an internal investigation into the conduct of Riner, Pugh, and Williams.

33.

Defendants Chambers, Burchfield, O'Neill, Lachner, and Dell were the employees with Defendant Corizon who participated in said internal investigation.    Attached hereto as Exhibit "A" is an email chain wherein Chambers, Burchfield, Lachner, Dell, and O'Neill discuss their investigation into Riner, Pugh, and Williams.

Exhibit 68 - Page 8 of 52
Dec'l of JTD

34.

Collectively and individually, Defendants Chambers, Burchfield, Lachner, Dell, and O'Neill have the final authority to determine the personnel policies of Defendant Corizon.

35.

Collectively and individually Defendants Chambers, Burchfield, Lachner, Dell, and O'Neill have a settled custom of punishing Corizon employees who speak out on matters of public concern related to violations of laws and/or regulations by Corizon and/or Corizon employees.

36.

Collectively and individually, Defendants Chambers, Burchfield, Lachner, Dell, and O'Neill have a settled custom of punishing Corizon employees who speak out on matters of public concern related to the failure to provide appropriate medical care to inmates by Corizon and/or Corizon employees.

37.

On September 2, 2014, Riner was placed on unpaid administrative leave while an internal investigation was conducted into the meeting with Sheriff St. Lawrence.

38.

Defendants Chambers, Burchfield, Lachner, Dell, and O'Neill collectively and individually made the decision to place Riner on unpaid administrative leave.

39.

On September 2, 2014, Riner and Pugh, met again with Sheriff St. Lawrence and Chief Deputy Harris.  In said meeting, Riner and Pugh again expressed their concerns about violations

Exhibit 68 - Page 9 of 52
Dec'l of JTD

of laws and/or regulations by Corizon and Corizon's employees and patient safety and the poor quality of care provided by Corizon.

40.

On September 15, 2014, Corizon terminated the employment of Riner for reporting her concerns to Sheriff St. Lawrence. Riner's Separation Notice states that she was "Dismissed, violate Rules/Policy" (sic) as the basis for her separation. A copy of said Separation Notice is attached hereto as Exhibit "B" and incorporated herein by reference.

41.

Defendants Chambers, Burchfield, Lachner, Dell, and O'Neill collectively and individually made the decision to terminate Riner's employment.

42.

On September 12, 2014, Pugh was given a written "Final Warning" for his participation in the August 26, 2014 meeting with Sheriff St. Lawrence and Chief Deputy Harris. Although said warning claims Pugh did not cooperate with Corizon's investigation, Pugh did cooperate with said investigation. A copy of Pugh's September 12, 2014 warning is attached hereto as Exhibit "C" and is incorporated herein by reference.

43.

Defendants Chambers, Burchfield, Lachner, Dell, and O'Neill collectively and individually made the decision to given a written "Final Warning" to Pugh.

44.

As a condition of accepting the job with Corizon in October 2012, Pugh had insisted that he be permitted to break up an eight (8) hour work day into two segments (morning and late

Exhibit 68 - Page 10 of 52
Dec'l of JTD

afternoon) so as to maintain a small private medical practice. Corizon knew about and accepted the condition.

45.

At the same time the written "Final Warning" was delivered to Pugh, on September 12, 2014, Pugh was informed in writing that Corizon was rescinding the agreement for him to break up an eight (8) hour work day into two segments and that he would thereafter be required to be at the CCDC from 8:00 AM to 4:30 PM. A copy of said written notice is attached hereto as Exhibit "D" and incorporated herein by reference.

46.

Pugh stated that he would not be able to alter his schedule to meet this newly imposed requirement, and his employment was terminated by Corizon on September 24, 2014.

47.

Defendants Chambers, Burchfield, Lachner, Dell, and O'Neill collectively and individually made the decision to terminate Pugh's employment.

48.

Corizon knew that Pugh would not be able to alter his schedule to meet the newly imposed consecutive hours requirement and used the imposition of this requirement as a pretext to terminate Pugh's employment for his participation in the August 26, 2014 and September 2, 2014 meetings with Sheriff St. Lawrence.

49.

Defendants Chambers, Burchfield, Lachner, Dell, and O'Neill collectively and individually participated in the scheme to create the pretext under which Pugh's employment was terminated. Attached hereto as Exhibit "E" is an email chain wherein Lachner, Dell, and

Page 10 of 20
Betty L. Riner, Charles M. Pugh, Jr., and Lynne B . Williams
vs.
Corizon Health, Inc., Jennifer Chambers, Dan Burchfield, Jane Lachner, Carl Dell, and Virginia O'Neill

Exhibit 68 - Page 11 of 52
Dec'l of JTD

O'Neill discuss the plan to terminate Pugh's employment sixteen (16) days before he was actually terminated.

50.

On September 12, 2014, Williams received a written warning for her participation in the August 26, 2014, meeting with Sheriff St. Lawrence. Although said warning claims Williams did not cooperate with Corizon's investigation, Williams did cooperate with said investigation. A copy of the September 12, 2014 written warning to Williams is attached hereto as Exhibit "F" and incorporated herein by reference.

51.

Defendants Chambers, Burchfield, Lachner, Dell, and O'Neill collectively and individually made the decision to give a written warning to Williams.

52.

Williams continued to have concerns about violations of law and/or regulations by Corizon and Corizon employees. Williams also expressed her concern about patient safety and the poor quality of care provided to patients at the CCDC. Williams reported her concerns O'Neill and the Corizon Human Resources Department.

53.

Corizon failed or refused to address the concerns Williams raised in September and October.

54.

On October 16, 2014, Williams sent an email message to Sheriff St. Lawrence and Chief Deputy Harris expressing her concerns about violations of law and patient safety. The

Page 11 of 20
Betty L. Riner, Charles M. Pugh, Jr., and Lynne B . Williams
vs.
Corizon Health, Inc., Jennifer Chambers, Dan Burchfield, Jane Lachner, Carl Dell, and Virginia O'Neill

Exhibit 68 - Page 12 of 52
Dec'l of JTD

appropriate Corizon employees were copied on said email message. A copy of said email is attached hereto as Exhibit "G" and incorporated herein by reference.

55.

Approximately fifteen (15) minutes after said email was sent, O'Neill instructed Williams to "pack [her] things," escorted her out of the CCDC, and took her employee badge.

56.

Williams was subsequently notified that she had been suspended from her job and that said suspension was unpaid.

57.

On October 24, 2014, Williams was notified that her employment had been terminated by Corizon. The Separation Notice provided to Williams by Corizon lists the reason for her separation from employment as "policy violation." A copy of said Separation Notice is attached hereto as Exhibit "H" and incorporated herein by reference.

58.

Defendants Chambers, Burchfield, Lachner, Dell, and O'Neill collectively and individually made the decision to terminate Williams' employment.

**SECTION 1983 / FIRST AMENDMENT RETALIATION**

59.

The allegations set forth in paragraphs hereinabove and below are incorporated by reference as though fully set forth herein.

Exhibit 68 - Page 13 of 52
Dec'l of JTD

60.

To establish a claim of 42 U.S.C. § 1983, a plaintiff must show 1) a violation of a constitutional right, and 2) that the violation was committed by a person acting under color of state law.

61.

Plaintiffs allege a violation of their rights under the First Amendment of the Constitution of the United States.

62.

Defendants are "persons" subject to suit under 42 U.S.C. § 1983, and individually and collectively violated Plaintiff's First Amendment rights under color of state law.

63.

Corizon, by virtue of providing a service which is traditionally the prerogative of the county, to wit, prison healthcare, is an entity which can be held liable under 42 U.S.C. § 1983.

64.

To state a claim for First Amendment retaliation under 42 U.S.C. § 1983, a plaintiff must show that 1) he or she engaged in constitutionally protected speech, 2) suffered an adverse employment action, and 3) that the speech was a substantial or motivating factor in the adverse employment action.

65.

Matters of violations of law and patient safety communicated by Plaintiffs Riner, Williams, and Pugh to Sheriff St. Lawrence and the command staff of the Chatham County Sheriff's Office are matters of public concern.

Exhibit 68 - Page 14 of 52
Dec'l of JTD

66.

Speaking to Sheriff St. Lawrence was outside the scope of Plaintiffs' ordinary job duties.

67.

The information communicated to Sheriff St. Lawrence is true.

68.

Corizon and/or Corizon employees violating the law in providing health care to inmates is a matter of public concern.

69.

Corizon providing care to inmates which is of poor quality and risks patient safety is a matter of public concern.

70.

Patients suffering physical injuries and/or death due to violations of law and/or regulations by Corizon and/or Corizon employees is a matter of public concern.

71.

Patients suffering physical injuries and/or death due to substandard care being provided by Corizon and/or Corizon employees is a matter of public concern.

72.

The speech in which Riner, Williams, and Pugh engaged, as set forth in Paragraphs 27, 29, 30, 31, 39, and 53 *supra*, is constitutionally protected speech.

73.

Riner was suspended without pay and her employment was terminated as a result of her speech to Sheriff St. Lawrence and the command staff of the Chatham County Sheriff's Office.

Exhibit 68 - Page 15 of 52
Dec'l of JTD

74.

Pugh received a written "Final Warning" as a result of his speech to Sheriff St. Lawrence and the command staff of the Chatham County Sheriff's Office.

75.

Pugh was later terminated from his employment as a result of his speech to Sheriff St. Lawrence and the command staff of the Chatham County Sheriff's Office.

76.

Williams received a written warning as a result of her speech to Sheriff St. Lawrence and the command staff of the Chatham County Sheriff's Office.

77.

Williams was terminated from her employment as a result of her speech to Sheriff St. Lawrence and the command staff of the Chatham County Sheriff's Office.

78.

Riner suffered an adverse employments action in that she was 1) suspended without pay, and 2) terminated from employment job.

79.

Pugh suffered an adverse employment action in that he was given written discipline and then was terminated from his employment.

80.

Williams suffered an adverse employment action in that she was given written discipline and then was terminated from her employment.

Page 15 of 20
Betty L. Riner, Charles M. Pugh, Jr., and Lynne B . Williams
vs.
Corizon Health, Inc., Jennifer Chambers, Dan Burchfield, Jane Lachner, Carl Dell, and Virginia O'Neill

Exhibit 68 - Page 16 of 52
Dec'l of JTD

81.

The substantial or motivating factor in the discipline and employment termination of Riner, Pugh, and Williams was the constitutionally protected speech in which each had engaged.

82.

The repeated coordinated decisions of Corizon's executives to terminate or otherwise adversely affect employees who speak on matters of public concern demonstrate a policy and custom constituting a deliberate indifference to Plaintiffs' First Amendment rights.

83.

Defendants Corizon's policy and custom of terminating or otherwise adversely affecting employees who speak on matters of public concern was the moving force behind Defendant's violation of Plaintiffs' First Amendment rights.

84.

Defendants terminated the employment of Riner, Pugh, and Williams with reckless indifference to the Plaintiffs' protected right to speak on a matter of public concern, to wit: violations of the law and regulations by Corizon and/or Corizon employees in delivering healthcare to inmates, and/or the sub-standard care and treatment of inmates by Corizon.

85.

A reasonable person in the position of Defendants Chambers, Burchfield, Lachner, Dell, and/or O'Neill would have known, or should have known, that suspending Riner without pay and terminating her employment for speaking out on matters of public concern as detailed above was a violation of Riner's First Amendment rights.

Exhibit 68 - Page 17 of 52
Dec'l of JTD

86.

A reasonable person in the position of Defendants Chambers, Burchfield, Lachner, Dell, and/or O'Neill would have known, or should have known, that disciplining and then terminating the employment of Pugh for speaking out on matters of public concern as detailed above was a violation of Pugh's First Amendment rights.

87.

A reasonable person in the position of Defendants Chambers, Burchfield, Lachner, Dell, and/or O'Neill would have known, or should have known, that disciplining and then terminating the employment of Williams for speaking out on matters of public concern as detailed above was a violation of Williams's First Amendment rights.

88.

Defendants, acting under color of statute, ordinance, regulation, custom, or usage, subjected Plaintiffs, or caused them to be subjected, to the deprivation of rights, privileges, or immunities secured by First Amendment to the Constitution of the United States.

89.

As a direct, legal and proximate result of the violations of Plaintiffs' legal rights, Plaintiffs have been damaged in an amount to be proven at trial.

90.

As a direct, legal and proximate result of the violations of Plaintiffs' legal rights, Plaintiffs have been damaged, among other ways, by being punished for exercising their First Amendment rights, through the loss of their employment, and by suffering from emotional and mental distress.

Exhibit 68 - Page 18 of 52
Dec'l of JTD

91.

The actions of Defendants Chambers, Burchfield, Lachner, Dell, and O'Neill showed willful misconduct, malice, fraud, or that entire want of care that raises the presumption of conscious indifference to consequences and specific intent to cause harm, entitling the Plaintiffs to receive punitive damages sufficient to deter, penalize, or punish Defendants Chambers, Burchfield, Lachner, Dell, and O'Neill in light of the circumstances of this case.

92.

The actions of Defendant Corizon showed willful misconduct, malice, fraud, or that entire want of care that raises the presumption of conscious indifference to consequences and specific intent to cause harm, entitling the Plaintiffs to receive punitive damages sufficient to deter, penalize, or punish Defendant Corizon in light of the circumstances of this case.

93.

Pursuant to 42 U.S.C. § 1983, Defendants are jointly and severally liable to Plaintiffs for all damages arising from their violation of Plaintiffs' constitutional rights.

WHEREFORE, Plaintiffs pray for relief as follows:

1.    Take jurisdiction of this matter and declare that Plaintiffs' rights under the statutes set forth above were violated by Defendants;

2.    For a trial by jury on all issues so triable;

3.    For both general and special damages to compensate them for all injuries proximately resulting from the Defendants' actions, in an amount to be determined by the enlightened conscience of the jury;

Page 18 of 20
Betty L. Riner, Charles M. Pugh, Jr., and Lynne B . Williams
vs.
Corizon Health, Inc., Jennifer Chambers, Dan Burchfield, Jane Lachner, Carl Dell, and Virginia O'Neill

Exhibit 68 - Page 19 of 52
Dec'l of JTD

4.  For a judgment against Defendants Corizon, Chambers, Burchfield, Lachner, Dell, and O'Neill for punitive damages in an amount determined by the enlightened conscience of the Court or jury;

5.  For their attorneys' fees and costs of litigation pursuant to all applicable statutes;

6.  Permanently enjoin Defendants from further violations of Plaintiffs' constitutional rights;

7.  Award Plaintiffs compensatory damages, including without limitation, all back pay benefits, and other forms of compensation lost as a result of Defendants' unlawful conduct;

8.  Award Plaintiffs front pay, as just, equitable and appropriate;

9.  Award Plaintiffs prejudgment and post judgment interest;

10. For any such other or further relief as the Court deems just and proper.

{signatures appear on following page}

Exhibit 68 - Page 20 of 52
Dec'l of JTD

RESPECTFULLY SUBMITTED, this *13* day of November, 2014.

THE CLAIBORNE FIRM, P.C.

WILLIAM R. CLAIBORNE
Georgia Bar Number: 126363
Attorney for Plaintiffs

410 East Bay Street
Savannah, Georgia 31401
(912) 236-9559 Telephone
(912) 236-1884 Facsimile
will@claibornefirm.com

S. WESLEY WOOLF, P.C.

S. WESLEY WOOLF
Georgia Bar No. 776175
Attorney for Plaintiffs

408 East Bay Street
Savannah, Georgia 31401
(912) 201-3696 Telephone
(912) 236-1884 Facsimile
woolf@woolflawfirm.net

Page 20 of 20
Betty L. Riner, Charles M. Pugh, Jr., and Lynne B . Williams
vs.
Corizon Health, Inc., Jennifer Chambers, Dan Burchfield, Jane Lachner, Carl Dell, and Virginia O'Neill

Exhibit 68 - Page 21 of 52
Dec'l of JTD



EXHIBIT "A"

Exhibit 68 - Page 22 of 52
Dec'l of JTD

**Will Claiborne**

| | |
|---|---|
| **From:** | canfieldbe@yahoo.com |
| **Sent:** | Wednesday, September 10, 2014 1:18 PM |
| **To:** | Will Claiborne; woolf@woolflawfirm.net |
| **Subject:** | Fwd: Chatham |

Sent from my iPhone

Begin forwarded message:

> **From:** canfieldbe@yahoo.com
> **Date:** September 2, 2014 at 12:21:07 PM EDT
> **To:** "O'Neill, Virginia" <Virginia.O'Neill@corizonhealth.com>
> **Cc:** "Lachner, Jane" <Jane.Lachner@corizonhealth.com>, "Burchfield, Dan"
> <Dan.Burchfield@corizonhealth.com>, "Dell, Carl" <Carl.Dell@corizonhealth.com>, "Chambers,
> Jennifer" <Jennifer.Chambers@corizonhealth.com>
> **Subject: Re: Chatham**
>
> I am not sure I was supposed
> To be included on this email...
>
>
> Sent from my iPhone
>
> On Sep 2, 2014, at 12:19 PM, "O'Neill, Virginia" <Virginia.O'Neill@corizonhealth.com> wrote:
>
> > Hi Everyone.
> > We need to conference in again today.
> > I have a lot more to share!
> > I met with Dr Pugh and Ms. Williams. Got nowhere with them.
> > I Met with the sheriff and the Chief for about an hour.
> > Thanks, Ginny
> > **From:** Lachner, Jane
> > **Sent:** Tuesday, September 02, 2014 12:04 PM
> > **To:** Burchfield, Dan; canfieldbe@yahoo.com
> > **Cc:** O'Neill, Virginia; Dell, Carl; Chambers, Jennifer
> > **Subject:** RE: Chatham
> >
> > Thank you Dan
> >
> >
> > **From:** Burchfield, Dan
> > **Sent:** Tuesday, September 02, 2014 12:03 PM
> > **To:** canfieldbe@yahoo.com
> > **Cc:** Lachner, Jane; O'Neill, Virginia; Dell, Carl; Chambers, Jennifer
> > **Subject:** Chatham
> >
> > Ms. Riner? Canfield? (sorry, 2 names appeared on the email.)

1

Exhibit 68 - Page 23 of 52

Dec'l of JTD

I am Dan Burchfield the HR Manager for the Southeast Region for Corizon.

In response to the email below.  There are concerns with the tone and behavior that you displayed during this meeting as it was described by others who attended this meeting.  Currently this is part of an ongoing investigation, once this investigation has reached conclusion either I or another representative of the company will be glad to discuss the outcome.

For the moment, please provide Virginia and myself a statement as to what you discussed during this meeting as well as anything that you might have observed during the time it took place.  Please be forthcoming in your statement as to your tone and behavior when you met with the sheriff and his group.
The same information is needed from the additional meeting that the site made us aware of, this I believe involved the Colonel.


**Dan Burchfield  PHR**
**Human Resource Manager – Southeast Region**
<image001.png>
Office: 850- 878-8000 Ext 2208
Cell Phone: 850-778-5684
Fax Number: 314-919-9271
2330 Mahan Drive |Tallahassee, FL 32308
Web: www.Corizonhealth.com

---

STATEMENT OF CONFIDENTIALITY: The information in this communication may be legally privileged and confidential information intended only for the use of the addressee(s). If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me at the above address or telephone number. Thank you.

Mr. Wilhelm Jr,
I am emailing in regards to a current situation in which I have been singled out, discriminated and retaliated against by my current employer Mrs. Virginia O'Neill in Chatham County, Georgia.
I was one of 3 in a meeting last week which included the Site Director Physician, physician assistant and myself (Advanced Practice Nurse). The meeting was collectively 3 individuals, which was scheduled by an office personnel of the jail, I have the phone call documented from the phone number in my phone with date and time. Mr. Carl Dell, Regional Director was present on site and became aware of the this meeting immediately before the meeting, as Mrs. Virginia O'Neill was out of town.
I was met by Mrs Virginia O'Neill in the front lobby of the jail in which she announced in the presence of 2 officers that I was "on administrative leave pending investigation" and "she needed by badge".
I find this to be embarrassing, unprofessional, and retaliation for occurrences from last week, in which she was not present for.  She did not inform me of why I was on administrative leave, if I was getting paid for administrative leave, nothing....
I called my Physician sponsor the Site Director and he was unaware of this occurrence as well, and was later informed an hour after Mrs. O'Neill met me in the front lobby.
I am unsure of a contact phone number, but understand that you are the Chief Human Resources Officer, and am wanting to report this occurrence.
Betty Riner

2

Exhibit 68 - Page 24 of 52
Dec'l of JTD



# EXHIBIT "B"

Exhibit 68 - Page 25 of 52
Dec'l of JTD



Betty Riner
118 Carlton Road
Savannah, GA 31410

Ms. Riner,

Please see attached for the Georgia Department of Labor Separation Notice. If you have any questions, please see my contact information in the below signature.

Sincerely,

Jennifer Chambers

Employee Relations Specialist
615-660-6805
Jennifer.Chambers@corizonhealth.com

105 Westpark Drive, Suite 200 | Brentwood, TN 37027                    CORIZONHEALTH.COM

Exhibit 68 - Page 26 of 52
Dec'l of JTD



State of Georgia
Department of Labor
**SEPARATION NOTICE**

1. Employee's Name _Betty Riner_ ........................ 2. SSN _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_

   a. State any other name(s) under which employee worked. _____

3. Period of Last Employment: From _2-17-14_ .......... To _9-16-14_

4. REASON FOR SEPARATION:

   a. LACK OF WORK ☐

   b. If for other than lack of work, state fully and clearly the circumstances of the separation: _____
   _Dismissed, Violate Rules / Policy_ _____
   _____

5. Employee received payment for: (Severance Pay, Separation Pay, Wages-In-Lieu of Notice, bonus, profit sharing, etc.)
   (DO NOT include vacation pay or earned wages)

   _Salary_ ____ In the amount of $ _1,800_ for period from _8/24/14_ to _9/6/14_
   (type of payment)

   Date above payment(s) was/will be issued to employee _9-19-14_

   IF EMPLOYEE RETIRED, furnish amount of retirement pay and what percentage of contributions were paid by the employer.
   _____ per month _____ % of contributions paid by employer

6. Did this employee earn at least $3,500.00 in your employ?  YES ☑  NO ☐  If NO, how much? $ _____
   Average Weekly Wage _____

Employer's Name _Corizon Health, Inc._

Address _105 Westpark Drive, Ste 200_
        (Street or RFD)

City _Brentwood_  State _TN_  _37027_
                                ZIP Code

Employer's Telephone No. _615_ . _660_ . _6805_
                    (Area Code)   (Number)

Ga. D. O. L. Account Number _5748547-00_
(Number shown on Employer's Quarterly Tax and Wage Report,
Form DOL-4.)

I CERTIFY that the above worker has been separated from work
and the information furnished hereon is true and correct. This
report has been handed to or mailed to the worker.

_Jennifer Chambers_
Signature of Official, Employee of the Employer
or authorized agent for the employer

_Employee Relations Specialist_
Title of Person Signing

_9-16-14_
Date Completed and Released to Employee

**NOTICE TO EMPLOYER**

At the time of separation, you are required by the Employment Security Law, OCGA Section 34-8-190(c), to provide the employee with this document, properly executed, giving the reasons for separation. If you subsequently receive a request for the same information on a DOL-1199FF, you may attach a copy of this form (DOL-800) as a part of your response.

**NOTICE TO EMPLOYEE**

**OCGA SECTION 34-8-190(c) OF THE EMPLOYMENT SECURITY LAW REQUIRES THAT YOU TAKE THIS NOTICE TO THE GEORGIA DEPARTMENT OF LABOR CAREER CENTER IF YOU FILE A CLAIM FOR UNEMPLOYMENT INSURANCE BENEFITS.**

SEE REVERSE SIDE FOR ADDITIONAL INFORMATION.

DOL-800 (R-8/05)

Exhibit 68 - Page 27 of 52
Dec'l of JTD



# EXHIBIT "C"

Exhibit 68 - Page 28 of 52
Dec'l of JTD



CORRECTIVE ACTION

---

**Employee Name:  Charles Pugh        Title: Medical Director**

**Date: 9/12/2014**

**Manager Name:  Virginia                    O'Neill, HSA & Carl Dell, DO**

☐ Yes    ☒ No

**Probationary Employee:**

**LEVEL OF CORRECTIVE ACTION**

☐    1st Written Counseling

☐    2nd Written Counseling

☒    Final Written Warning

**DATE(S) OF PREVIOUS CORRECTIVE ACTION:**

Date of 1st Written Counseling:        Date of 2nd Written Counseling:

**DETAILS OF CURRENT INCIDENT (Date, time, area, specific facts, etc.):**

On or about 8/26/14, you participated in a meeting with management of Corizon's client Chatham County as well as a Physician Assistant and Nurse Practitioner. During the meeting, you and the Nurse Practitioner expressed concerns about Corizon that should have been reported directly to Corizon management. Corizon has a specific complaint resolution process including an open door policy that is delineated in our ESG and Compliance training.

When asked about the meeting, you indicated that you did not remember what was discussed at the meeting. At a later time you stated that you all discussed football at the meeting.

**EXPECTATIONS DISCUSSED WITH EMPLOYEE:**

As Medical Director you are in a position of leadership at the site.  You should be aware of the proper chain of command with regard to how issues are to be addressed and resolved.  You are expected to be well versed in Corizon's complaint resolution process.

**MANAGER ACTIONS TO HELP EMPLOYEE:**

HSA will review with you the proper problem solving procedure and remind employee of the role he has at the site as Medical Director. HSA will remind Medical Director that he should exhaust Corizon's

04/01/12

Exhibit 68 - Page 29 of 52
Decl' of JTD

complaint resolution process prior to taking issues to the client, and he should ensure that the team understands the process as well.

**Should this type of conduct occur again, further progressive corrective action up to and including recommendation for termination may result.**

I acknowledge receipt of this corrective action memorandum and that its contents have been discussed with me. I understand that my signature does not necessarily indicate agreement.

Employee's Signature: _____ Date: _____

Manager's Signature: _____ Date: 9/15/2014

Witness' Signature: _____ Date: 9/15/2014 (0901)

Original: Employee Personnel File
cc: Employee

*Dr. Pugh will be reviewing and provide feedback (TW)*

Exhibit 68 - Page 30 of 52
Dec'l of JTD



Exhibit 68 - Page 31 of 52
Dec'l of JTD



September 12, 2014

From: Carl H. Dell

To: Charles Pugh

Re: Memorandum of Understanding

Dr. Pugh,

Per our conversation with you on September 4, 2014, with Jane Lachner (VPO) and myself, Carl Dell (DO) present, we expect the following regarding your hours and clocking in and out of the facility. These expectations are effective September 22, 2014.

- Your regular scheduled work hours are 8:00 am – 4:30 pm Monday through Friday (excluding holidays).
- We encourage you to take 30 minutes for lunch. If you leave the facility for a lunch break, you should clock out. You will abide by the Corizon Time and Attendance policy.
- If you leave the building, you are expected to clock out and clock back in when you return.
- You are expected to share call with the mid levels.

Your duties of Site Medical Director require your presence during normal working hours to ensure continuity of patient care, to initiate appropriate treatment plans, resolve any patient care or staffing issues that may arise, and be available for meaningful discourse with the nursing staff, HSA, and Regional Medical Director. In short, you need to be part of the team.

If you have any questions regarding these expectations, please reach out to myself or your HSA, Ginnie O'Neill.

By signing below I acknowledge the information above has been reviewed with me and I have been provided a copy of the above memorandum.

Employee's Signature: _____ Date: _____

Manager's Signature: _Virginia O'Neill_ Date: _9/15/2014_

Witness' Signature: _____ Date: _9/15/2014_

CC: Employee File w/ attachments

Exhibit 68 - Page 32 of 52
Dec'l of JTD



# EXHIBIT "E"

Exhibit 68 - Page 33 of 52
Dec'l of JTD

Page 1 of 2

## RE: a few things

Lachner, Jane
**Sent:** Monday, September 08, 2014 11:40 AM
**To:**    O'Neill, Virginia
**Cc:**    Pugh, Charles

I have a call this afternoon, you may be on it, to discuss where we are going.

**From:** O'Neill, Virginia
**Sent:** Monday, September 08, 2014 9:32 AM
**To:** Lachner, Jane
**Cc:** Pugh, Charles
**Subject:** RE: a few things

So far today the 2 providers were a no show for our daily meeting.
He has not used the time clock yet.

**From:** Lachner, Jane
**Sent:** Monday, September 08, 2014 9:22 AM
**To:** O'Neill, Virginia; Dell, Carl
**Subject:** RE: a few things

My feeling is that you should plan on attending, it will be a positive environment and your peers will be there
you may find some peace and levity . Let's see where everything settles.  Also, if both of your new LMHCs could
go it would be very positive for them meeting everyone etc.  I know I said not the entire MH staff, however, with
your two being new to Corizon I think it would be a good idea.

**From:** O'Neill, Virginia
**Sent:** Monday, September 08, 2014 7:55 AM
**To:** Dell, Carl
**Cc:** Lachner, Jane
**Subject:** RE: a few things

Due to the unrest here at the site I feel I should forgo the conference at the end of the month.
Your thoughts?
Ginny

**From:** Dell, Carl
**Sent:** Monday, September 08, 2014 6:57 AM
**To:** O'Neill, Virginia
**Subject:** a few things

First of all I hope things went well with your family.

Riner is still on admin leave with no pay.  Should decide today.  We will have a call with Dan Burchfield sometime
today.

Dr Pugh knows what he needs to do to be a part of them team.  Basically work 8 to 4:30 if he takes a lunch
break.  Clock in and out.  Claims his knee is impaired that he cannot go to the time clock first and then go to
booking.  Too much wear and tear on his knee.  He may bring in a MD excuse.  Should not be hard for him to get
this.  If he does the booking nurse can corroborate the time he gets there and he fills out a missed swipe form

https://webmail.corizonhealth.com/owa/?ae=Item&t=IPM.Note&id=RgAAAAD29x9LCc...    9/10/2014

Exhibit 68 - Page 34 of 52
Dec'l of JTD

and he signs it. When he leaves the building he must clock out.

I doubt that he will do this so I called the locums people for a MD and NP or PA. I give him a week or two before he accumulates point that we will term him. He was told he needed to be there during normal business hours.

Also I contacted recruiting and put in a requisition for a DON to help you out. I left salary dependent on experience but it will need to be around 73K minimum.

Will be in the office all day until 3PM when I have to fly to Orlando. Take care.

Carl H. Dell, MS; MPA; CCHP
Regional Director Southeast



Phone: 850.994.4166
Cell:    850.390.0267
Fax:     314.919.9575
5636 Highland Lake Drive | Milton, Fl | 32583
www.corizonhealth.com

Exhibit 68 - Page 35 of 52
Dec'l of JTD



EXHIBIT "F"

Exhibit 68 - Page 36 of 52
Dec'l of JTD



CORRECTIVE ACTION

**Employee Name:** Lynn Williams               **Title:** PA

**Date:** 9/12/2014

**Manager Name:** Virginia               O'Neill, HSA; Carl Dell, DO

☐ Yes   ☒ No

**Probationary Employee:**

**LEVEL OF CORRECTIVE ACTION**

☒  1st Written Counseling

☐  2nd Written Counseling

☐  Final Written Warning

**DATE(S) OF PREVIOUS CORRECTIVE ACTION:**

Date of 1st Written Counseling:               Date of 2nd Written Counseling:

**DETAILS OF CURRENT INCIDENT (Date, time, area, specific facts, etc.):**

On 8/26/14, you participated in a meeting with the Medical Director, a Corizon NP and the client in which your co-workers raised concerns about Corizon. There was an internal investigation after the meeting. You did not cooperate with the investigation, specifically when asked by Corizon management to provide a statement regarding the meeting and any concerns raised in the meeting. To date, you have not provided a statement to Corizon.

**EXPECTATIONS DISCUSSED WITH EMPLOYEE:**

Employee is expected to cooperate with company investigations.

**MANAGER ACTIONS TO HELP EMPLOYEE:**

Manager will ensure that employee is aware of requirement to cooperate in company investigations. Additionally, manager will review Corizon's complaint resolution processes outlined in the ESG and Code of Conduct Training.

Should this type of conduct occur again, further progressive corrective action up to and including recommendation for termination may result.

04/01/12

Exhibit 68 - Page 37 of 52
Dec'l of JTD

I acknowledge receipt of this corrective action memorandum and that its contents have been discussed with me. I understand that my signature does not necessarily indicate agreement.

Employee's Signature: _*refused to sign*_  Date: 9/15/2014

Manager's Signature: _Virginia Braill_  Date: 9/15/2014

Witness' Signature: _____  Date: 9/15/2014

Original: Employee Personnel File
cc: Employee

Exhibit 68 - Page 38 of 52
Dec'l of JTD



# EXHIBIT "G"

Exhibit 68 - Page 39 of 52
Dec'l of JTD

Hello Sheriff St. Lawrence,

I am writing to follow up with you about ongoing concerns that I have as a concerned citizen with the medical care for the inmates of the Chatham County Detention Center. In the meeting on 8/26/14 you stated the importance of Corizon fulfilling its contract obligations to provide quality healthcare to the inmates.

I have serious concerns about Corizon's use of medical assistants to enter prescriptions (including controlled substances), take verbal orders for prescriptions and medical advice over the phone, and enter other medical orders into the computer system that are then faxed to QuickRx Pharmacy to be filled. Per the Georgia Board of Nursing that is a duty that LPNs or RNs are trained to do, not medical assistants. Once the prescription reaches Quick Rx it is often received by a pharmacy technician, not a pharmacist. I am unsure that a pharmacist ever reviews these prescription. The pharmacy technician at the jail functions as a pharmacist by changing medications or discontinuing medication and altering medication dosages.

The way the system is set up, it puts inmates at risk to receive the incorrect medicine or wrong dosage of medicine. I am concerned that Corizon is again cutting corners and trying to save money by using medical assistants to perform nursing duties. There is an LPN who received her license on 10/2/2014, but prior to that from 8/2014 she was functioning as an LPN, signing her name with LPN, but was merely a medical assistant. I fear that a medication error will occur which places inmate lives in jeopardy and places my physician assistant license in jeopardy. I have communicated my concerns to Corizon, but these issues, such as the use of medical assistants to transcribe prescriptions and take verbal orders for prescriptions, continue so I felt obligated to notify you.

Sincerely,

Lynne Williams
Physician Assistant
Corizon Healthcare

Exhibit 68 - Page 40 of 52
Dec'l of JTD



# EXHIBIT "H"

Exhibit 68 - Page 41 of 52
Dec'l of JTD

State of Georgia
Department of Labor
## SEPARATION NOTICE

1. Employee's Name _Lynne Williams_    2. SSN _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_

   a. State any other name(s) under which employee worked. _____

3. Period of Last Employment: From _1/6/14_    To _10/17/14_

4. REASON FOR SEPARATION:

   a. LACK OF WORK ☐

   b. If for other than lack of work, state fully and clearly the circumstances of the separation: _policy violation_

_____

_____

5. Employee received payment for: (Severance Pay, Separation Pay, Wages-In-Lieu of Notice, bonus, profit sharing, etc.)
   (DO NOT include vacation pay or earned wages)

   _____ in the amount of $ _____ for period from _____ to _____
   (type of payment)

   Date above payment(s) was/will be issued to employee _____

   IF EMPLOYEE RETIRED, furnish amount of retirement pay and what percentage of contributions were paid by the employer.
   _____ per month _____ % of contributions paid by employer

6. Did this employee earn at least $3,500.00 in your employ?    YES ☑    NO ☐    If NO, how much? $ _____

   Average Weekly Wage _____

Employer's Name _Corizon Healthy, Inc._

Address _103 Powell Ct._
   (Street or RFD)

City _Brentwood_    State _TN_    ZIP Code _37027_

Employer's Telephone No. _615-660-6805_
   (Area Code)    (Number)

Ga. D. O. L. Account Number _____
(Number shown on Employer's Quarterly Tax and Wage Report,
Form DOL-4.)

I CERTIFY that the above worker has been separated from work
and the information furnished hereon is true and correct. This
report has been handed to or mailed to the worker.

_Jennifer Chambers_
Signature of Official, Employee of the Employer
or authorized agent for the employer

_Employee Relations Specialist_
Title of Person Signing

_10/27/14_
Date Completed and Released to Employee

### NOTICE TO EMPLOYER

At the time of separation, you are required by the Employment
Security Law, OCGA Section 34-8-190(c), to provide the
employee with this document, properly executed, giving the
reasons for separation. If you subsequently receive a request
for the same information on a DOL-1199FF, you may attach a copy
of this form (DOL-800) as a part of your response.

### NOTICE TO EMPLOYEE
**OCGA SECTION 34-8-190(c) OF THE EMPLOYMENT SECURITY LAW REQUIRES THAT YOU TAKE
THIS NOTICE TO THE GEORGIA DEPARTMENT OF LABOR CAREER CENTER IF YOU FILE A CLAIM
FOR UNEMPLOYMENT INSURANCE BENEFITS.**

SEE REVERSE SIDE FOR ADDITIONAL INFORMATION.

DOL-800 (R-8/05)

Exhibit 68 - Page 42 of 52
Dec'l of JTD

## VERIFICATION

Personally before the undersigned officer authorized by law to administer oaths, came and appeared   who, after having been duly sworn, deposes and says that the facts contained in the within and foregoing **Verified Complaint** are true and correct.

This 30th day of _October_____, 2014.

_Bet Rin_____
BETTY L. RINER

Sworn to and subscribed before me this
30th day of _October_____, 2014.

NOTARY PUBLIC

Exhibit 68 - Page 43 of 52
Dec'l of JTD

## VERIFICATION

Personally before the undersigned officer authorized by law to administer oaths, came and appeared   who, after having been duly sworn, deposes and says that the facts contained in the within and foregoing **Verified Complaint** are true and correct.

This 5th day of November                , 2014.

_Charles M. Pugh (my)_
CHARLES M. PUGH, JR

Sworn to and subscribed before me this
5th day of November          , 2014.

_Christy Tomeka Webb_
NOTARY PUBLIC

Exhibit 68 - Page 44 of 52
Dec'l of JTD

## VERIFICATION

Personally before the undersigned officer authorized by law to administer oaths, came and appeared   who, after having been duly sworn, deposes and says that the facts contained in the within and foregoing **Verified Complaint** are true and correct.

This 30th day of October _____, 2014.

_____
LYNNE B. WILLIAMS

Sworn to and subscribed before me this
30th day of October _____, 2014.

_____
NOTARY PUBLIC

MICHELLE RENEE GORDON
NOTARY
My Comm. Exp.
Nov. 21, 2015
PUBLIC
CHATHAM COUNTY, GA

Exhibit 68 - Page 45 of 52
Dec'l of JTD

## RULE 3.2 CERTIFICATION AND STANDING ORDER NOTICE

**Pursuant to rules 3.2 and 3.4 of the Uniform Superior Court Rules, I hereby certify that:**
(CHECK ONE)

[ X ] no case has heretofore been filed in the Superior Court of the Eastern Judicial Circuit involving substantially the same parties or substantially the same subject matter or substantially the same factual issues which would require the petition-pleading to be specifically assigned to the judge whom the original action was or is assigned.

OR

[ ] this petition-pleading involves substantially the same parties or substantially the same subject matter or substantially the same factual issues as in case # _____ .
_____(Plaintiff) vs. _____(Defendant)

This 13th day of November 13, 2014.

_____
Attorney/Plaintiff

# Notice of Eastern Judicial Circuit Standing Orders

**YOU MUST SERVE THIS NOTICE UPON THE OPPOSING PARTY** together with the initial filing of suit, counterclaim, crossclaim or interpleader. The Superior Court has adopted the following STANDING ORDERS which may apply to you and which may affect your ability to obtain a hearing:

1.  **MANDATORY MEDIATION ORDER, effective January 3, 2011:** This order requires parties to mediate their case prior to the pretrial conference or trial. Certain limited cases are exempt from the mediation requirement. Please secure a copy of the mediation order and determine if it applies to your case.
2.  **ORDER ON PRODUCTION OF DOCUMENTS, effective March 15, 2002 and reinstated January 3, 2011:** This order applies to all domestic cases in which temporary or permanent financial relief is sought. The order requires the parties in such cases to exchange certain documents listed in the order within a specified time frame. A copy of the production of documents order must be served upon the defendant together with the complaint and summons.
3.  **TRANSITIONAL PARENTING SEMINAR ORDER, effective March 10.2010 and reinstated January 3, 2011:** This order requires the parties in certain domestic cases involving the interest of children under 18 years of age to complete the "Transitional Parenting Seminar". Please secure a copy of the mediation order and determine if it applies to your case.

**COPIES OF THE STANDING ORDERS ARE AVAILABLE AT THE OFFICE OF THE CLERK OF SUPERIOR COURT OR AT:**
http://www.chathamcounty.org/department_freeform_T7_R132.html

Exhibit 68 - Page 46 of 52
Dec'l of JTD

IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

| | |
|---|---|
| BETTY L. RINER,<br>CHARLES M. PUGH, JR., and<br>LYNNE B. WILLIAMS,<br><br>  PLAINTIFFS,<br><br>vs.<br><br>CORIZON HEALTH, INC.,<br>JENNIFER CHAMBERS,<br>DAN BURCHFIELD,<br>JANE LACHNER,<br>CARL DELL, and<br>VIRGINIA O'NEILL,<br><br>  DEFENDANTS. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action Number: SPCV14-1313 mD

**JURY TRIAL REQUESTED**

---

### SUMMONS

TO THE ABOVE NAMED DEFENDANT:

CORIZON HEALTH, INC.
328 ALEXANDER STREET, SUITE 10
MARIETTA, GEORGIA 30060

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

THE CLAIBORNE FIRM, P.C.
410 EAST BAY STREET
SAVANNAH GEORGA 31401

an answer to the complaint which is herewith served upon you, within 30 days after service of summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 13th day of November 2014.

Clerk of Superior Court
CHATHAM COUNTY

By _____
       (Deputy) Clerk

Exhibit 68 - Page 47 of 52<br>Dec'l of JTD

# IN THE SUPERIOR COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

BETTY L. RINER,                          )
CHARLES M. PUGH, JR., and                )
LYNNE B. WILLIAMS,                       )
                                         )
    PLAINTIFFS,              )
                                         )
vs.                                      )    Civil Action Number: SPCV14-1313mv
                                         )
CORIZON HEALTH, INC.,                    )
JENNIFER CHAMBERS,                       )
DAN BURCHFIELD,                          )
JANE LACHNER,                            )
CARL DELL, and                           )
VIRGINIA O'NEILL,                        )
                                         )    **JURY TRIAL REQUESTED**
    DEFENDANTS.              )

---

### SUMMONS

TO THE ABOVE NAMED DEFENDANT:

JENNIFER CHAMBERS
CORIZON HEALTH, INC.
105 WESTPARK DRIVE
BRENTWOOD, TENNESSEE 37027

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**THE CLAIBORNE FIRM, P.C.
410 EAST BAY STREET
SAVANNAH GEORGA 31401**

an answer to the complaint which is herewith served upon you, within 30 days after service of summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 13th day of November 2014.

Clerk of Superior Court
CHATHAM COUNTY

By _____
(Deputy) Clerk

Exhibit 68 - Page 48 of 52
Dec'l of JTD

IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

BETTY L. RINER,                          )
CHARLES M. PUGH, JR., and                )
LYNNE B. WILLIAMS,                       )
                                         )
    PLAINTIFFS,                          )
                                         )
vs.                                      )    Civil Action Number: SPCV14-1313 MV
                                         )
CORIZON HEALTH, INC.,                    )
JENNIFER CHAMBERS,                       )
DAN BURCHFIELD,                          )
JANE LACHNER,                            )
CARL DELL, and                           )
VIRGINIA O'NEILL,                        )
                                         )    **JURY TRIAL REQUESTED**
    DEFENDANTS.                          )

---

### SUMMONS

TO THE ABOVE NAMED DEFENDANT:

DAN BURCHFIELD
CORIZON HEALTH, INC.
2330 MAHAN DRIVE
TALLAHASSEE, FLORIDA 32308

    You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**THE CLAIBORNE FIRM, P.C.**
**410 EAST BAY STREET**
**SAVANNAH GEORGA 31401**

an answer to the complaint which is herewith served upon you, within 30 days after service of summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 13th day of November 2014.**

Clerk of Superior Court
CHATHAM COUNTY

By _____
(Deputy) Clerk

Exhibit 68 - Page 49 of 52
Dec'l of JTD

IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

BETTY L. RINER,                    )
CHARLES M. PUGH, JR., and          )
LYNNE B. WILLIAMS,                 )
                                   )
        PLAINTIFFS,                )
                                   )
vs.                                )      Civil Action Number: SPCV14-*130 M1*
                                   )
CORIZON HEALTH, INC.,              )
JENNIFER CHAMBERS,                 )
DAN BURCHFIELD,                    )
JANE LACHNER,                      )
CARL DELL, and                     )
VIRGINIA O'NEILL,                  )
                                   )      **JURY TRIAL REQUESTED**
        DEFENDANTS.                )

---

### SUMMONS

---

TO THE ABOVE NAMED DEFENDANT:

JANE LACHNER
CORIZON HEALTH, INC.
2330 MAHAN DRIVE
TALLAHASSEE, FLORIDA 32308

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**THE CLAIBORNE FIRM, P.C.**
**410 EAST BAY STREET**
**SAVANNAH GEORGA 31401**

an answer to the complaint which is herewith served upon you, within 30 days after service of summons upon you; exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 13th day of November 2014.

Clerk of Superior Court
CHATHAM COUNTY

By _____
        (Deputy) Clerk

Exhibit 68 - Page 50 of 52
Dec'l of JTD

IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

BETTY L. RINER,                          )
CHARLES M. PUGH, JR., and                )
LYNNE B. WILLIAMS,                       )
                                         )
        PLAINTIFFS,                      )
                                         )
vs.                                      )        Civil Action Number: SPCV14-*1313 MV*
                                         )
CORIZON HEALTH, INC.,                    )
JENNIFER CHAMBERS,                       )
DAN BURCHFIELD,                          )
JANE LACHNER,                            )
CARL DELL, and                           )
VIRGINIA O'NEILL,                        )
                                         )        **JURY TRIAL REQUESTED**
        DEFENDANTS.                      )

---

**SUMMONS**

---

TO THE ABOVE NAMED DEFENDANT:

CARL DELL
CORIZON HEALTH, INC.
2330 MAHAN DRIVE
TALLAHASSEE, FLORIDA 32308

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**THE CLAIBORNE FIRM, P.C.**
**410 EAST BAY STREET**
**SAVANNAH GEORGA 31401**

an answer to the complaint which is herewith served upon you, within 30 days after service of summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 13th day of November 2014.

                              Clerk of Superior Court
                              CHATHAM COUNTY

                              By _____
                                      (Deputy) Clerk

Exhibit 68 - Page 51 of 52
Dec'l of JTD

**IN THE SUPERIOR COURT OF CHATHAM COUNTY**
**STATE OF GEORGIA**

BETTY L. RINER,                              )
CHARLES M. PUGH, JR., and                    )
LYNNE B. WILLIAMS,                           )
                                             )
    PLAINTIFFS,                          )
                                             )
vs.                                          )    Civil Action Number: SPCV14-_13300_
                                             )
CORIZON HEALTH, INC.,                        )
JENNIFER CHAMBERS,                           )
DAN BURCHFIELD,                              )
JANE LACHNER,                                )
CARL DELL, and                               )
VIRGINIA O'NEILL,                            )
                                             )    **JURY TRIAL REQUESTED**
                                             )
    DEFENDANTS.                          )

---

**SUMMONS**

---

TO THE ABOVE NAMED DEFENDANT:

VIRGINIA O'NEILL
3 SOUTH POINT CROSS
SAVANNAH, GEORGIA 31411

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**THE CLAIBORNE FIRM, P.C.**
**410 EAST BAY STREET**
**SAVANNAH GEORGA 31401**

an answer to the complaint which is herewith served upon you, within 30 days after service of summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 13th day of November 2014.

Clerk of Superior Court
CHATHAM COUNTY

By _____
     (Deputy) Clerk

Exhibit 68 - Page 52 of 52
Dec'l of JTD