James M. Daigle, OSB #942843
jmdaigle@lawssl.com
STEWART SOKOL & LARKIN LLC
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
Telephone: (503) 221-0699
Facsimile: (503) 223-5706
*Attorneys for Defendants Corizon Health, Inc.,
Dr. Carl Keldie, Dr. Justin Montoya, Vicki Thomas,
Kirstin White, Jacob Pleich, and Sharon Epperson*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| DEREK JOHNSON, personal representative of KELLY CONRAD GREEN II, deceased; KELLY CONRAD GREEN and SANDY PULVER,<br><br>Plaintiffs,<br><br>v.<br><br>CORIZON HEALTH, INC., a Tennessee corporation; LANE COUNTY, an Oregon county; DR. CARL KELDIE, an individual; DR. JUSTIN MONTOYA, an individual; VICKI THOMAS, an individual; KIRSTIN WHITE, an individual; SHARON EPPERSON, (née FAGAN), an individual; and JACOB PLEICH, an individual,<br><br>Defendants. | Case No. 6:13-cv-01855-TC<br><br>**OPPOSITION BY CORIZON DEFENDANTS TO LANE COUNTY'S MOTION FOR LEAVE TO FILE AMENDED ANSWER WITH CROSS-CLAIMS AGAINST CORIZON HEALTH, INC.**<br><br>Complaint Filed: October 18, 2013<br>Trial Date: June 29, 2015 |

CORIZON DEFENDANTS' OPPOSITION TO MOTION
FOR LEAVE TO FILE CROSS-CLAIMS - 1

1238.001-01156160; 1

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706

## I. Summary

Non-expert discovery has closed in this matter. The deadline for dispositive motions has passed. And expert discovery is upon us. Yet now, in this 11th hour, Lane County wants to add cross-claims and factual allegations against Corizon Health, Inc., claiming that Corizon is contractually obligated to indemnify the County for all of the claims in this case – claims that could have easily been added years or months ago. The County forewent those earlier opportunities, instead opting to untimely add claims requiring additional defenses at a time when Corizon would have no opportunity to defend (by way of dispositive motion) against those claims. This Court has discretion to deny the County's motion where to grant it would result in prejudice and unfairness to other parties. Which is exactly what would happen here. Corizon respectfully requests the Court deny the County's motion for leave to file its amended answer and cross-claims.

## II. Relevant Factual Summary

This case centers on the attempted suicide of Mr. Kelly C. Green II and Plaintiffs' allegations that the County and Corizon (and their respective employees) were both deliberately indifferent (under federal section 1983) and negligent (under a state law standard) towards him, following Mr. Green's arrest and arraignment on Feb. 11-12, 2013.

Plaintiffs filed their initial complaint in this matter on October 18, 2013, and the County filed its initial answer on December 20, 2013. (Dkt. Nos. 2 & 11) On August 11, 2014, the Court established that discovery would close on December 22, 2014, and that dispositive motions would have to be filed by January 20, 2015. (Dkt. No. 53)

Corizon filed a motion for summary judgment on January 20, 2015. (Dkt. Nos. 69-70) Corizon has, at no point, added any cross-claims against the County. The County did not file a motion for summary judgment.

CORIZON DEFENDANTS' OPPOSITION TO MOTION
FOR LEAVE TO FILE CROSS-CLAIMS - 2

1238.001-01156160; 1

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706

On February 5, 2015 – roughly a month and a half after the close of discovery and roughly two weeks after the deadline for filing dispositive motions – the County filed a motion for leave to amend their answer and to file cross-claims against Corizon. (Dkt. No. 83) Corizon now submits this brief in opposition to that motion.

### III. Parties are not free to add cross-claims where to do so would prejudice the party against whom the claims are asserted.

Four factors guide a court's decision as to whether to grant a leave to amend (including a leave to amend cross-claims): "(1) undue delay, (2) bad faith, (3) futility of amendment, and (4) prejudice to the opposing party." *Onions, Etc., Inc. v. Z&S Fresh, Inc.*, CASE NO. 1:09-cv-00906-OWW-MJS, 2011 U.S. Dist. LEXIS 63248, at *10 (E.D. Cal. June 13, 2011) (citing *U.S. v. Pend Oreille Pub. Util. Dist. No. 1*, 926 F.2d 1502, 1511 (9th Cir. 1987)). "[P]rejudice to the opposing party is the most important consideration," *Id.* (citing *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)), though in a practical sense, the two requirements, "undue delay" and "prejudice" largely fold into one, because "[u]ndue delay is delay that prejudices the nonmoving party or imposes unwarranted burdens on the court ." *BNSF Ry. Co. v. San Joaquin Valley R.R.*, CASE NO. 1:08-cv-01086-AWI-SMS, 2011 U.S. Dist. LEXIS 84694, at *5 (E.D. Cal. Aug. 2, 2011) (citing *Mayreaux v. Louisiana Health Service and Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004)). Importantly for purposes of this motion, "when, after a period of extensive discovery, a party proposes a late-tendered amendment that would fundamentally change the case to incorporate new causes of action and that would require additional discovery, the amendment may be appropriately denied as prejudicial to the opposing party." *Id.*at *7 (citing *Mayreaux*, 376 F.3d at 427).

The County's motion for leave to file cross-claims and new allegations against Corizon fail for at least two simple reasons: (1) allowing the introduction of new cross-

CORIZON DEFENDANTS' OPPOSITION TO MOTION
FOR LEAVE TO FILE CROSS-CLAIMS - 3

1238.001-01156160; 1

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706

claims against Corizon after discovery has closed and dispositive motions have been filed prejudices Corizon's rights in this matter; and (2) the County had every opportunity to earlier assert these claims and its delay is inexcusable.

A. Allowing the introduction of the County's cross-claims after discovery has closed and dispostive motions have been filed prejudices Corizon's rights.

Again, whether amendment would cause the non-moving party prejudice is the fundamental inquiry as to whether to allow leave to file cross-claims. And where a party moves to amend *after* the close of discovery and the deadline for dispositive motions, the case law demonstrates that granting such a motion would amount to prejudice. See *San Joaquin Valley*, 2011 US. Dist. LEXIS 84694, at *8 ("A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend." (quoting *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999))); see also *Solomon v. North American Life And Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (finding undue delay when party sought leave to amend on the eve of discovery that would have required reopening discovery); *Singh v. City of Oakland*, 295 Fed. Appx. 118, 122 (9th Cir. 2008) (denying motion for leave to amend when the relevant facts had been known for two years and granting the motion would have meant re-opening discovery and pushing back trial preparation).

Non-expert discovery has closed in this matter and the deadline for dispositive motions has passed. But the County has now sought to advance new theories and allegations, most notably the County's claim for indemnification, which the County claims arises from the contract between the County and Corizon. The County alleges that the contract between it and Corizon "required Corizon staff to 'perform mental health services to the inmate population including: upon intake into the Jail system, evaluation, identification and treatment of inmates with mental health problems.'" (County's Proposed Amended Answer paragraph 53) Corizon disputes that this and

CORIZON DEFENDANTS' OPPOSITION TO MOTION
FOR LEAVE TO FILE CROSS-CLAIMS - 4

1238.001-01156160; 1

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706

other provisions apply in the manner the County has suggested, as demonstrated by the undisputed evidence Corizon put forth in its motion for summary judgment regarding the County's representations on this point. But because the deadline for dispositive motions has passed, granting the County's motion will preclude, or at least severely hamper, Corizon from defending against this claim. Indeed, it is nice that the County "believes that the clear and explicit language in the indemnity clause of the contract applies to every allegation currently brought against Lane County." (County's Op. Br. at 2.) But, of course, Corizon has a very different view of the matter and has every right to defend against that claim – a defense that would be foreclosed by allowing the claims now after the close of dispositive motions and discovery. *San Joaquin Valley*, 2011 U.S. Dist. LEXIS 84694, at *10-11 ("SJVR's delay was unquestionably prejudicial to BNSF, which had no clue that it might be required to respond to tort claims of fraud and misrepresentation until after discovery had closed."). Not to mention the County has raised numerous additional factual allegations, such as the County's claim that Corizon staff had access to a BAT system which provided it with information on when persons were admitted into the jail, that similarly raise new issues and new potential defenses. (County's Proposed Amended Answer paragraph 54) Allowing these claims now undermines Corizon's ability to defend itself against these new allegations. And as courts have held, "[p]rejudice results when an amendment would unnecessarily increase costs or would diminish the opposing party's ability to respond to the amended pleading." *San Joaquin Valley*, 2011 U.S. Dist. LEXIS 84694, at *5-6 (citing *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)).

    B.    <u>The County's delay is inexcusable and further compounds the prejudice to Corizon.</u>

The prejudice to Corizon is compounded by the fact that the County's delay in seeking leave to file these cross-claims is inexcusable. In other words, there is no

CORIZON DEFENDANTS' OPPOSITION TO MOTION
FOR LEAVE TO FILE CROSS-CLAIMS - 5

1238.001-01156160; 1

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706

reason County couldn't have filed its cross-claims at an earlier date, thereby allowing Corizon to adequately investigate those claims and file dispositive motions on them. And "[a] moving party's inability to acceptably explain its delay may . . . indicate that the delay was undue." *San Joaquin Valley*, 2011 U.S. Dist. LEXIS 84694, at *6-7 (string cite).

The County's motion comes just over a year after the filing of its original complaint; roughly a month and a half after the close of discovery; and weeks after the deadline to file dispositive motions. But what excuse has the County offered for its delay? None. Instead, the County states only that its "motivation in filing this cross-claim for the first time at this date was due to a substantial change in liability and scope of claims, including that all Lane County individual employees were dismissed in Plaintiffs' Second Amendment Complaint." (County's Moving Br. at p. 2.) This reasoning makes no sense, and at best, is entirely irrelevant. The County provides no rationale for how the dismissal of individual plaintiffs would have affected its ability to earlier bring claims against Corizon. Nor could it, since Plaintiff's decision to drop the individual County defendants has nothing to do with Plaintiff's new allegations against Corizon. The County simply cannot, and has not, given a reason for its delay in adding cross-claims against Corizon.

Moreover, what new facts or developments have arisen in the last month that would necessitate adding the County's cross-claims now? Again, the answer to this question must be "none." The indemnification clause, upon which County seems to be resting its argument, is certainly nothing new (and was available to County right from the outset of this litigation). And again, whether Plaintiffs decided to drop the individual County defendants has nothing to do with Corizon. Nor are any of Corizon's new allegations anything that County wouldn't have been on notice of discovering at any point prior to filing its motion. Unsurprisingly, the County has made no attempt to

CORIZON DEFENDANTS' OPPOSITION TO MOTION
FOR LEAVE TO FILE CROSS-CLAIMS - 6

1238.001-01156160; 1

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706

explain otherwise. *San Joaquin Valley*, 2011 U.S. Dist. LEXIS 84694, at *6 ("Whether the moving party knew or should have known the facts and theories raised in the proposed amendment at the time it filed its original pleadings is a relevant consideration in assessing untimeliness." (citing *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990))).

The County will also likely explain that it was Corizon's motion for summary judgment, which the County characterizes as "placing all blame and liability on Lane County" (County's Moving Br. at p. 2), that necessitates the amendment now. Putting aside for the moment the County's lack of citation to any legal authority for such an unprecedented proposition, this argument is irrelevant. As an initial point, it is simply not the case that Corizon has placed all liability and blame on the County and Corizon respectfully invites the Court to review its memorandum in support of its motion for summary judgment to see for itself the falsity of that proposition. But even if it had, so what? Corizon has not added new claims against the County, and Corizon has every right to seek a motion for summary judgment by showing that it, as a matter of law, is not liable to Plaintiffs for Mr. Green's injuries. The County was certainly free to advance its own theories in a motion for summary judgment, but it opted not to – a decision which it apparently now regrets and is trying to mitigate by adding these claims now. Moreover, the County and Corizon have, since the original complaint, been joint defendants of Plaintiffs' action and a jury was always free to apportion fault as it determined at trial. *See* ORS § 31.600 (noting Oregon's comparative negligence standard, which empowers a jury to apportion fault based on the comparative negligence of the parties and any third parties). Thus, Corizon's motion, even if it had sought to shift all blame to the County (though it has not actually filed any claims against the County), did absolutely nothing to change the posture of the two parties (i.e., Corizon and the County) vis-à-vis each other. And therefore, it makes little sense that

CORIZON DEFENDANTS' OPPOSITION TO MOTION
FOR LEAVE TO FILE CROSS-CLAIMS - 7

1238.001-01156160; 1

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706

Corizon's motion for summary judgment, as the County has suggested, has done anything to justify adding new claims against Corizon at this late stage.

## IV.  Conclusion

A soccer team that prepared to defend a certain offense does not, upon realizing that a different offense came to play, get to suddenly cancel or postpone the game because it regrets its preparation strategy.  Neither does the County, who had every opportunity to earlier raise the issues it now seeks to add and who had every opportunity to file its own motion for summary judgment, suddenly get to "postpone the game" because they made the wrong call.  The County's motion is untimely, and that untimeliness, if excused, will severely prejudice Corizon's rights in this matter.  Corizon respectfully requests the Court to deny the County's motion to amend its answer to add cross-claims.  Alternatively, if the Court is considering granting the motion, Corizon respectfully requests that the Court revise and push back all deadlines in this case, including deadlines for responsive pleadings, dispositive motions, discovery, trial dates, and any and all other deadlines affected by the significant changes the County now proposes.

DATED this 19th day of February, 2015.

                                          STEWART SOKOL & LARKIN LLC

                                          By: */s/ James M. Daigle*
                                              James M. Daigle, OSB #942843
                                              jmdaigle@lawssl.com
                                              *Attorneys for Defendants Corizon Health, Inc., Dr. Carl Keldie, Dr. Justin Montoya, Vicki Thomas, Kirstin White, Jacob Pleich, and Sharon Epperson*

CORIZON DEFENDANTS' OPPOSITION TO MOTION
FOR LEAVE TO FILE CROSS-CLAIMS - 8

1238.001-01156160; 1

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **OPPOSITION BY CORIZON DEFENDANTS TO LANE COUNTY'S MOTION FOR LEAVE TO FILE AMENDED ANSWER WITH CROSS- CLAIMS AGAINST CORIZON HEALTH, INC.** on:

| | |
|---|---|
| Elden M. Rosenthal<br>Rosenthal Greene & Devlin, P.C.<br>121 SW Salmon Street, Suite 1090<br>Portland, OR 97204<br>Bar Number: OSB #722174<br>E-mail: elden@rgdpdx.com | Sebastian Tapia<br>Lane County Counsel<br>125 East 8th Avenue<br>Eugene, OR 97401<br>Bar Number: 043761<br>Email: sebastian.tapia@co.lane.or.us |

by the following indicated method or methods:

☑ by **E-filing** a full, true and correct copy thereof to the attorney, as shown above, at the electronic mail address reflected on the court's CM/ECF system, on the date set forth below.

DATED this 19th day of February, 2015.

STEWART SOKOL & LARKIN LLC

By: /s/ James M. Daigle
James M. Daigle, OSB #942843
jmdaigle@lawssl.com
*Attorneys for Defendants Corizon Health, Inc., Dr. Carl Keldie, Dr. Justin Montoya, Vicki Thomas, Kirstin White, Jacob Pleich, and Sharon Epperson*

CERTIFICATE OF SERVICE - 1

1238.001-01156160; 1

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706