SEBASTIAN TAPIA, OSB #043761
LANE COUNTY OFFICE OF LEGAL COUNSEL
125 East Eighth Avenue
Eugene, OR 97401
541/682-3728
541/682-3803 fax
sebastian.tapia@co.lane.or.us
    Of Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| DEREK JOHNSON, personal representative of KELLY CONRAD GREEN II, deceased; KELLY CONRAD GREEN and SANDY PULVER,<br><br>    Plaintiffs,<br><br>v.<br><br>CORIZON HEALTH, INC., a Tennessee Corporation; LANE COUNTY, an Oregon county; DR. CARL KELDIE, an individual; DR. JUSTIN MONTOYA, an individual; VICKI THOMAS, an individual; KIRSTIN WHITE, an individual; SHARON EPPERSON (née FAGAN), an individual; JACOB PLEICH, an individual,<br><br>    Defendants. | Case No. 6:13-cv-01855-TC<br><br>**DEFENDANT LANE COUNTY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>**DEFENDANTS CROSS CLAIM**<br><br>**DEMAND FOR JURY TRIAL** |

In Answer to Plaintiffs' Second Amended Complaint, Defendant Lane County ("Defendant"), hereby admits denies, and alleges as follows:

1.

In response to paragraph 1, Defendant denies that it treated Kelly Green's injury as minor to the extent that Defendant did not directly provide medical treatment at all. Defendant denies

its actions or inactions directly resulted in Mr. Green becoming quadriplegic. Defendant admits that Kelly Green died, but denies that it occurred on December 14, 2013 as alleged. Defendant otherwise admits paragraph 1.

2.

Defendant admits paragraphs 2-4.

3.

Defendant denies that Lane County operates a jail in Eugene. The Lane County Sheriff, an independently elected official, operates the jail. However, the jail is funded primarily by way of Lane County funds. Defendants otherwise admit paragraph 5.

4.

Defendant is not involved in paragraphs 6-11 and therefore takes no position.

5.

Defendant admits paragraphs 12-13.

6.

Defendant is unaware of the definition of "severe" mental illness. Defendant otherwise admits paragraph 14.

7.

Defendant admits paragraph 15.

8.

Defendant admits paragraphs 16-17.

9.

Defendant is not involved in paragraph 18 and therefore takes no position.

10.

In response to paragraph 19, Defendant admits that some Lane County Sheriff Deputies testified during depositions that Mr. Green was not processed for a courtesy drop within the first several hours after his injury. Defendant is not otherwise involved in paragraph 19 and therefore takes no position.

11.

In response to paragraph 20, Defendant denies that it was "obvious" that Mr. Green could not control his limbs or that it was "obvious" that Mr. Green had minimal control of any portion of his body. Defendant otherwise admits paragraph 20.

12.

In response to paragraph 21, Defendant admits that Deputy Burnette reported to someone that Mr. Green was not moving. Defendants lack knowledge and information to admit or deny that the reported person is Ms. Epperson and therefore deny it. Defendant is not otherwise involved in paragraph 21 and therefore takes no position.

13.

Defendant admits paragraphs 22-23.

14.

In response to paragraph 24, Defendant admits that Deputy Burnette reported to someone that Mr. Green was not moving. Defendants lack knowledge and information to admit or deny that the reported person is Ms. Epperson and therefore deny it. Defendant is not otherwise involved in paragraph 24 and therefore takes no position.

15.

Defendant is not involved in paragraph 25 and therefore takes no position.

16.

Defendant denies that Deputy Correll initially spoke with Ms. Epperson. Defendant otherwise admits paragraph 26.

17.

Defendant is not involved in paragraphs 27-29 and therefore takes no position.

18.

Defendant denies the Eugene Fire and EMS was not told that the situation was an emergency. Defendant denies that paramedics "upgraded the call to an emergency level." Defendant otherwise admits paragraph 30.

19.

Defendant denies that Mr. Green died on December 14, 2013, but otherwise admits paragraph 31.

20.

In response to paragraph 32, Defendant repeats the admissions, denials, and allegations set forth above.

21.

Defendant takes no position as to paragraphs 33-38 because they do not pertain to Defendant.

22.

In response to paragraph 39, Defendant repeats the admissions, denials, and allegations set forth above.

///

///

23.

Defendant denies the allegations in paragraph 40 as it pertains to Lane County. Defendants take no position as to allegations made against Defendant Corizon and its staff.

24.

In response to paragraph 44, Defendant repeats the admissions, denials, and allegations set forth above.

25.

Defendant takes no position as to paragraphs 45-50 because they do not pertain to Defendant.

26.

In response to paragraph 51, Defendant repeats the admissions, denials, and allegations set forth above.

27.

Defendant denies allegations in paragraph 52.

28.

Defendant takes no position as to paragraph 53 because it does not pertain to Defendant.

29.

Defendant denies allegations in paragraph 54.

30.

Defendant admits allegations in paragraph 55 as it pertains to Defendant.

31.

In response to paragraph 56, Defendant repeats the admissions, denials, and allegations set forth above.

PAGE 5 – DEFENDANT LANE COUNTY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT

32.

Defendant takes no position as to paragraphs 57-59 because they do not pertain to Defendant.

33.

In response to paragraph 60, Defendant repeats the admissions, denials, and allegations set forth above.

34.

Defendant takes no position as to paragraphs 60-62 because they do not pertain to Defendant.

35.

In response to paragraph 63, Defendant repeats the admissions, denials, and allegations set forth above.

36.

Defendant takes no position as to paragraphs 64-65 because they do not pertain to Defendant.

37.

In response to paragraph 66, Defendant repeats the admissions, denials, and allegations set forth above.

39.

Defendant takes no position as to paragraphs 67-68 because they do not pertain to Defendant.

///

///

40.

In response to paragraph 69, Defendant repeats the admissions, denials, and allegations set forth above.

41.

Defendant denies paragraph 70.

42.

In response to paragraph 71, Defendant repeats the admissions, denials, and allegations set forth above.

43.

Defendant takes no position as to paragraph 72 because it does not pertain to Defendant.

44.

In response to paragraph 73, Defendant admits that Plaintiffs are seeking the relief requested, but deny that Plaintiffs are entitled to any such relief.

45.

Except as expressly admitted above, Defendant denies each and every allegation of Plaintiffs' Second Amended Complaint.

46.

## CLAIM FOR ATTORNEY FEES

As to Plaintiffs' Second and Seventh Claims for relief, Defendant is entitled to reasonable attorney fees and costs under 42 USC §1988.

///

///

///

PAGE 7 – DEFENDANT LANE COUNTY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT

47.

## FIRST AFFIRMATIVE DEFENSE
### (Contributory/Comparative Negligence)

As to Plaintiffs' fourth and ninth claims, Plaintiffs caused or contributed to any injury sustained and represents fifty percent (50%) or more of the negligence resulting in the present injury.

All the following allegations apply to dates prior to Kelly Green II's relevant neck injury. Plaintiffs were aware that Kelly Green II had been diagnosed with schizophrenia. Plaintiffs were aware that Kelly Green II refused to take medications for extended periods of time. Plaintiffs were aware that Kelly Green II took recreational drugs, which they knew reduced the efficacy of his prescribed mental health medications. Plaintiffs were aware that Kelly Green II was homeless. Plaintiffs were aware that Kelly Green II had been incarcerated in the months preceding his relevant injury at the Lane County Jail for allegations of criminal conduct. Plaintiffs were aware of Kelly Green II's sudden, violent and impulsive behavior. Plaintiffs were aware that Kelly Green II had a plan to commit suicide by breaking his neck. Plaintiffs did not communicate this information to Defendants. Kelly Green II made a conscious and deliberate decision to run headfirst into a cinderblock wall.

48.

## SECOND AFFIRMATIVE DEFENSE

Any acts and conduct of Defendant Lane County were carried out at the direction of Defendants Corizon, White, Thomas and Epperson and in all respects Defendant Lane County acted as an agent and servant of Defendants Corizon, White, Thomas and Epperson and without knowledge on Defendant Lane County's part of any fraud or wrong doing.

49.

## FACTUAL ALLEGATIONS

Previous to contracting with Corizon Health, LLC, Lane County employed nurses and mental health professionals and also contracted for services from medical doctors, psychiatrists and dentists. Lane County decided to eliminate these positions, many of which were union employees, in favor of a contractor who would provide all medical, dental and mental health services and also prove unlimited defense and indemnity for medical and mental health claims. This decision was greatly motivated by the County's need to stabilize an otherwise unpredictable line item, namely, litigation expenses associated with medical negligence claims. After an extensive RFP process, Lane County contracted with Corizon Health, LLC. Corizon agreed to "indemnify and hold County, and its officers, agents and employees, harmless from and against all claims, actions, liabilities and other costs of defense, arising out of or in any way related to the Services rendered by Contractor or Contractor's employees."

50.

Commencing in the spring of 2012, Lane County contractually delegated to Corizon its duty to provide medical and mental health care to pretrial detainees and persons convicted of crimes lodged in the Lane County jail. In exchange for a flat fee, Corizon assumed all responsibility to "deliver quality medical services" to jail inmates, and further agreed to "meet all applicable federal, state and local guidelines, laws and regulations." Corizon agreed to pay for all inmate medical services that cannot be performed in the jail, including all ambulance and hospital charges. Corizon agreed to review Lane County policies and procedures, and make recommendations to jail administration. Corizon accepted "responsibility for making emergency arrangements for ambulance service" when outside medical treatment is required.

51.

Corizon represented and warranted that its personnel would be "fully qualified by all necessary education, training, experience, licensure and certification to perform the Service."

52.

The Corizon-Lane County contract required Corizon staff to "train Contractor's staff on the identification and treatment of inmates who are at risk for suicidal or homicidal acts, and must provide annual training to Jail staff on suicide prevention."

53.

The Corizon-Lane County contract required Corizon staff to "perform mental health services to the inmate population including: upon intake into the Jail system, evaluation, identification and treatment of inmates with mental health problems."

54.

Prior to February 2013, Lane County provided Corizon staff access to the BAT system, which is a computer system that lists all inmates at the Jail, and organizes the inmates' names in the order in which they were received upon intake into the Jail system. From this, Corizon staff knew or should have known when a new inmate was booked into the jail, regardless of whether they received a courtesy telephone call from Lane County staff regarding a new inmate.

55.

The Corizon-Lane County contract required Corizon staff to "identify the need, schedule, coordinate and pay for all non-emergency and emergency medical health care rendered to inmates inside or outside the Jail." Corizon was also required to "identify the need, schedule, coordinate and pay for any inpatient hospitalization." This also includes responsibility for

making "emergency arrangements for ambulance services to the inpatient facility and reimbursement to the local ambulance organization for the services provided."

56.

Lane County provided Corizon staff walkie-talkie radios, prior to February 2013, which they could have used to coordinate ambulance response with the Lane County Sheriff's Sergeant's Office.

57.

The Corizon-Lane County contract required Corizon staff to purchase equipment not already owned by Lane County. At the time that the contract was executed, Lane County did not own a backboard. Lane County provided Corizon staff an inventory of equipment that it owned. A backboard was not on that list. Lane County also provided Corizon staff a tour of the facility prior to February 2013, which included a visual inventory of Lane County-owned equipment.

58.

## CROSS CLAIM
### (Indemnity and Contribution)

Defendant Lane County realleges and incorporates herein as though set forth in full, paragraphs 48 through 57, above. As a result thereof, Defendant Corizon is required and obligated to defend, indemnify and reimburse Defendant Lane County for all claims, damages, fees and payments that Defendant Lane County may be required to make under the Second Amended Complaint. In the event any judgment is rendered in favor of Plaintiff and against Defendant, Defendant is entitled to judgment over and against Co-Defendant Corizon or contribution in equal or proportionate sums.

///

///

59.

## DEMAND FOR JURY TRIAL

Defendant requests a jury trial.

WHEREFORE, Defendant prays for a judgment:

1. Dismissing Plaintiffs' Second Amended Complaint with prejudice and awarding Plaintiffs no attorney fees or costs, and awarding Defendant its attorney fees and costs; and

2. On Defendant Lane County's cross-claim, for damages against Defendant Corizon in whatever amount may be found against Defendant Lane County in favor of Plaintiffs together with costs and attorney fees.

DATED this 7th day of April, 2015.

                LANE COUNTY OFFICE OF LEGAL COUNSEL

By: _____
Sebastian Tapia, OSB #043761
Lane County Office of Legal Counsel
125 East Eighth Avenue
Eugene, OR 97401
541/682-3728
sebastian.tapia@co.lane.or.us
    Of Attorneys for Defendant

## CERTIFICATE OF SERVICE

I, Sebastian Tapia, hereby certify that I am the attorney for the Defendant herein; that I served the Plaintiffs the foregoing **DEFENDANT LANE COUNTY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT**, on the ___7th___ day of April, 2015, by the following:

    Elden M. Rosenthal
    Rosenthal Greene & Devlin, P.C.
    121 Salmon Street, Suite 1090
    Portland, OR 97204-2904

    James M. Daigle
    Stewart Sokol & Gray LLC
    2300 SW First Avenue, Suite 200
    Portland, OR 97201

_____ Postage prepaid and deposited in the United States Post Office at Eugene, Oregon.

__XX__ CM/ECF.

_____ Delivered personally by me or by a member of my staff.

_____ Caused to be delivered by facsimile transmission, fax #:_____.

    _/s/ Sebastian Tapia_
    Sebastian Tapia, OSB# 043761
    Lane County Office of Legal Counsel
    125 East Eighth Avenue
    Eugene, OR 97401
    541/682-3728
    541/682-3803 fax
    sebastian.tapia@co.lane.or.us
        Of Attorneys for Defendant