James M. Daigle, OSB #942843
jmdaigle@lawssl.com
Adam S. Heder, admitted Pro Hac Vice
aheder@lawssl.com
Robert L. Goldstucker, admitted Pro Hac Vice
BGoldstucker@nallmiller.com
STEWART SOKOL & LARKIN LLC
2300 SW First Avenue, Suite 200
Portland, OR  97201-5047
Telephone: (503) 221-0699
Facsimile: (503) 223-5706
*Attorneys for Defendants Corizon Health, Inc.,
Dr. Justin Montoya, Vicki Thomas,
Kirstin White, and Sharon Epperson*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| DEREK JOHNSON, personal representative of KELLY CONRAD GREEN II, deceased; KELLY CONRAD GREEN and SANDY PULVER,<br><br>         Plaintiffs,<br><br> v.<br><br>CORIZON HEALTH, INC., a Tennessee corporation; LANE COUNTY, an Oregon county; DR. JUSTIN MONTOYA, an individual; VICKI THOMAS, an individual; KIRSTIN WHITE, an individual; and SHARON EPPERSON, (née FAGAN), an individual,<br><br>         Defendants. | Case No. 6:13-cv-01855-TC<br><br>**OPPOSITION TO PLAINTIFFS' MOTION TO PERMIT LATE FILING OF REBUTTAL EXPERT REPORTS BY DEFENDANTS CORIZON HEALTH, INC., DR. JUSTIN MONTOYA, VICKI THOMAS, KIRSTIN WHITE, AND SHARON EPPERSON** |

OPPOSITION TO PLAINTIFFS' MOTION TO PERMIT LATE
FILING OF REBUTTAL EXPERT REPORTS - 1

1238.038-01179939; 1

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR  97201-5047
(503) 221-0699
FAX (503) 223-5706

I.      **Summary**

Plaintiffs have failed to timely disclose their rebuttal reports and have requested the Court extend their timeline to do so.  The Corizon Defendants now oppose that motion, not because they are trying to be uncooperative or purposefully obstructionist.  Nor are they attempting to suggest that Plaintiffs' counsel has acted deceptively or in bad faith.  This opposition, rather, is about fairness.  Scheduling orders are put in place to, among other things, provide an orderly and equitable administration of the litigation.  And when they are disregarded, whether inadvertently or not, prejudice results.

Plaintiffs concede that they failed to timely serve their rebuttal expert reports and that they failed to inform Corizon Defendants of this fact *until after Corizon Defendants had already disclosed their reports*.  They claim it was in an inadvertent error on their part, not done to gain a tactical advantage.  Corizon Defendants are not arguing otherwise.  But regardless of Plaintiffs' intentions, allowing Plaintiffs' reports now, *after Corizon Defendants' reports have been served*, will almost certainly result in prejudice to the Corizon Defendants.

Plaintiffs' counsel has stated that he has not shown his experts copies of the reports and will not discuss the contents of those reports with his experts.  This brings little comfort, not because Plaintiffs' counsel is being disingenuous, but because disclosing the contents of those reports to his experts is unavoidable.  In order to have discussions with one's rebuttal experts that are not somehow tainted by review of the other side's rebuttal reports requires complete suppression of advocacy.  Even if possible, such a feat would be artificial, imprecise and unverifiable at best.  And a complete fiction at worst.

Additionally, the law does not excuse inadvertence in this type of situation.  Because to do so would result in unfairness and prejudice.  Accordingly and also for the reasons detailed below, the Corizon Defendants respectfully request that the Court

OPPOSITION TO PLAINTIFFS' MOTION TO PERMIT LATE
FILING OF REBUTTAL EXPERT REPORTS - 2

1238.038-01179939; 1

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706

deny the Plaintiffs' Motion to Permit Late Filing of Rebuttal Expert Reports.

## II.  Argument

Rule 6(b)(1) of the Federal Rules of Civil Procedure states that "[w]hen an act … must be done within a specified time, the court may, for good cause, extend the time: on motion made after the time has expired if the party failed to act because of excusable neglect." In other words, the party moving to permit a late filing after the fact must show both "good cause" and "excusable neglect."

The "good cause" standard "focuses on the diligence of the party seeking the extension." *Smetzer v. Newton*, Case No: 1:10-cv-93, 2012 U.S. Dist. LEXIS 72389, at *4 (N.D. Ind. May 23, 2012) (citations omitted); *see also CEC Entm't v. Kobra Props.*, No. 2:06-CV-0639 JAM EFB, 2008 U.S. Dist. LEXIS 111288, at *3 (E.D. Cal. Sep. 17, 2008) ("The focus of the inquiry is on the moving party's reasons for seeking modification, not the prejudice caused to the party opposing the modification. If the moving party is not diligent, the inquiry ends." (citation omitted)). The "excusable neglect" standard, on the other hand, focuses on among other things, "the danger of prejudice to the nonmoving party," and "the reason for the delay including whether it was within the reasonable control of the movant." *Geyman v. Norco, Inc.*, CV 05-02-M-DWM, 2006 U.S. Dist. LEXIS 100755, at *3-4 (D. Mont. Oct. 5, 2006).

Again, the Corizon Defendants are not opposing Plaintiffs' motion because they believe Plaintiffs' counsel has acted in bad faith. Nevertheless, where prejudice to a party is on the line – which, when it comes to expert reports, is significant – claiming that one was simply "mistaken on the due date of the reports" does not pass muster. "[T]he Ninth Circuit has stated that 'carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.'" *Kobra Props*, 2008 U.S. Dist. LEXIS 111288, at *3 (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)); *see also Geyman*, 2006 U.S. Dist. LEXIS 100755, at *4 (ruling that

OPPOSITION TO PLAINTIFFS' MOTION TO PERMIT LATE
FILING OF REBUTTAL EXPERT REPORTS - 3

1238.038-01179939; 1

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706

staffing changes resulting in missed deadlines does not excuse a missed deadline). And the argument that Plaintiffs should not be charged with the mistakes of their counsel similarly carries little weight. *See Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002) (noting that parties are charged with their attorneys' negligent acts or omissions). Moreover, allowing a late filing of Plaintiffs' rebuttal experts *after* the Corizon Defendants' timely disclosures will almost certainly prejudice the Corizon Defendants. Even if Plaintiffs' counsel says he will not show or discuss the contents of Defendants' reports with his experts, it would be a virtually impossible feat for a zealous advocate to completely compartmentalize all he learned from his review of an opponent's rebuttal reports and avoid incorporating anything from those reports into his discussions with his own experts as they finalize their reports.

Exclusion of a rebuttal report might seem like a drastic remedy, but in fact the remedy is grounded in strong precedent. Rule 37(c)(1) of the Federal Rules of Civil Procedures state that a party who "fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . at trial." Under Ninth Circuit precedent, whether exclusion is appropriate focuses on, again among other things, "risk of prejudice to the defendants" and "the availability of less drastic sanctions." *Morin v. United States,* 534 F. Supp. 2d 1179, 1189-90 (D. Nev. 2005) (citing *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990)); *see also Yeti by Molly, Ltd. V. Deckers Outdoor Corp.*, 259 F.3d 1101, 1105 – 07 (9th Cir. 2001) (finding that exclusion of expert reports is appropriate under Rule 37 where untimely disclosure is neither justified nor harmless). Here, the prejudice is clear, and it is difficult to imagine, with a trial date so quickly approaching, any other suitable sanctions. Trial is scheduled to begin on June 29 with all pre-trial filings due in roughly one week. Not only is it too late to extend deadlines, it is impossible to excise from plaintiffs' counsel's knowledge, what he learned from reading the Corizon Defendants' timely filed rebuttal expert

OPPOSITION TO PLAINTIFFS' MOTION TO PERMIT LATE
FILING OF REBUTTAL EXPERT REPORTS - 4

1238.038-01179939; 1

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706

reports. To allow him to try would very likely result in serious prejudice to the Corizon Defendants.

### III. Conclusion

"A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Morin*, 534 F. Supp. At 1189-90 (quoting *Mammoth Recreations*, 975 F.2d at 610). Here, Plaintiffs failed to comply with a key deadline in the scheduling order. And while that failure may have been inadvertent, such mistakes cannot excuse the very real potential for prejudice to the Corizon Defendants should Plaintiffs' motion be granted. The Corizon Defendants respectfully request the Court to deny Plaintiffs' Motion to Permit Late Filing of Rebuttal Reports.

DATED this 11th day of May, 2015.

STEWART SOKOL & LARKIN LLC

By: /s/ James M. Daigle
James M. Daigle, OSB #942843
jmdaigle@lawssl.com
Adam S. Heder, admitted Pro Hac Vice
aheder@lawssl.com
Robert L. Goldstucker, admitted Pro Hac Vice
BGoldstucker@nallmiller.com
*Attorneys for Defendants Corizon Health, Inc., Dr. Justin Montoya, Vicki Thomas, Kirstin White, and Sharon Epperson*

OPPOSITION TO PLAINTIFFS' MOTION TO PERMIT LATE FILING OF REBUTTAL EXPERT REPORTS - 5

1238.038-01179939; 1

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **OPPOSITION TO PLAINTIFFS' MOTION TO PERMIT LATE FILING OF REBUTTAL EXPERT REPORTS BY DEFENDANTS CORIZON HEALTH, INC., DR. JUSTIN MONTOYA, VICKI THOMAS, KIRSTIN WHITE, AND SHARON EPPERSON** on:

| | |
|---|---|
| Elden M. Rosenthal<br>Rosenthal Greene & Devlin, P.C.<br>121 SW Salmon Street, Suite 1090<br>Portland, OR  97204<br>Bar Number: OSB #722174<br>E-mail: elden@rgdpdx.com | Mr. Sebastian Tapia<br>Lane County Courthouse<br>125 East 8th Avenue<br>Eugene, OR  97401<br>Bar Number:  OSB #043761<br>E-mail: sebastian.tapia@co.lane.or.us |

by the following indicated method or methods:

☑    by **E-filing** a full, true and correct copy thereof to the attorney, as shown above, at the electronic mail address reflected on the court's CM/ECF system, on the date set forth below.

DATED this 11th day of May, 2015.

STEWART SOKOL & LARKIN LLC

By: /s/ James M. Daigle
James M. Daigle, OSB #942843
jmdaigle@lawssl.com
Adam S. Heder, admitted Pro Hac Vice
aheder@lawssl.com
Robert L. Goldstucker, admitted Pro Hac Vice
BGoldstucker@nallmiller.com
*Attorneys for Defendants Corizon Health, Inc., Dr. Justin Montoya, Vicki Thomas, Kirstin White, and Sharon Epperson*

CERTIFICATE OF SERVICE - 1

1238.038-01179939; 1

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR  97201-5047
(503) 221-0699
FAX (503) 223-5706