**Elden M. Rosenthal, OSB No. 72217**
elden@rgdpdx.com
**Michael A. Greene, OSB No. 802445**
mike@rgdpdx.com
**John T. Devlin, OSB No. 042690**
john@rgdpdx.com
Rosenthal Greene & Devlin, P.C.
121 SW Salmon St., Suite 1090
Portland, OR 97204
Telephone: (503) 228-3015
Fascimile: (503) 228-3269


Of Attorneys for Plaintiffs


## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## EUGENE DIVISION

| | |
|---|---|
| DEREK JOHNSON, personal representative of KELLY CONRAD GREEN II, deceased; KELLY CONRAD GREEN and SANDY PULVER<br><br>Plaintiffs,<br><br>v.<br><br>CORIZON HEALTH, INC., a Tennessee Corporation; LANE COUNTY, an Oregon county; DR. JUSTIN MONTOYA, an individual; VICKI THOMAS, an individual; KIRSTIN WHITE, an individual; SHARON EPPERSON (née FAGAN), an individual,<br><br>Defendants. | Civil Action No. 6:13-cv-01855-TC<br><br><br>**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS** |

///

1.1C        Duty of Jury

1.3         Burden of Proof – Preponderance of the Evidence

1.4         Burden of Proof – Clear and Convincing Evidence

1.5         Two or More Parties – Different Legal Rights

1.6         What is Evidence

1.7         What is Not Evidence

1.8         Evidence for Limited Purpose

1.9         Direct and Circumstantial Evidence

1.10        Ruling on Objections

1.11        Credibility of Witnesses

1.12        Conduct of the Jury

1.13        No Transcript Available to Jury

1.14        Taking Notes

1.15        Questions to Witnesses by Jurors

1.18        Bench Conferences and Recesses

1.19        Outline of Trial

2.1         Stipulated Testimony

2.2         Stipulations of Fact

2.3         Judicial Notice

2.4         Deposition in Lieu of Live Testimony

2.8         Impeachment Evidence - Witness

2.10        Use of Interrogatories of a Party

2.11        Expert Opinion

2.12        Charts and Summaries Not Received in Evidence

2.13        Charts and Summaries in Evidence

3.1         Duty to Deliberate

3.1A        Consideration of Evidence – Conduct of the Jury

3.2         Communication with Court

3.3         Return of Verdict

### PLAINTIFFS' SPECIAL JURY INSTRUCTION No. 1

*Burden of Proof – Preponderance of the Evidence*

When a party has the burden of proof on any claim [or affirmative defense] by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim [or affirmative defense] is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**PLAINTIFFS' SPECIAL JURY INSTRUCTION No. 2**

*Witness False in Part*

A lie is a false statement made with the intent to deceive. A witness may be mistaken, confused, forgetful, or contradict him or herself or other witnesses without lying.

If you find that a witness has lied in some part of his or her testimony, then you may distrust the rest of that witness's testimony.

You have the responsibility to determine what testimony, or portions of testimony, you will believe.

(Oregon UCJI No. 10.04)

**PLAINTIFFS' SPECIAL JURY INSTRUCTION No. 3**

*Introduction to Claims*

The plaintiff has brought this case as three different legal claims.  I will explain each of these legal claims to you separately.

The fact that the plaintiff has brought this case under separate legal claims should not be of any concern to you.  What is important, however, is that you consider each of the three legal claims separately, and that you render a verdict on each claim.

Although the plaintiff is seeking similar damages under each claim, please be assured that the plaintiff will not be allowed double or triple damages should you find for the plaintiff on more than one claim.  Nevertheless, each claim should be considered by you, and a verdict should be returned for either the plaintiff or the defendants on each claim.

**PLAINTIFFS' SPECIAL JURY INSTRUCTION No. 4**

*Federal Civil Rights Claim – Introduction*

The first claim that plaintiff brings is a Federal Civil Rights Claim. Federal law provides that any person or persons who, under color of law, deprive another person of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

(9th Circuit Uniform Instruction 9.1, modified)

## PLAINTIFFS' SPECIAL JURY INSTRUCTION No. 5

*Federal Civil Rights Claim – General Instruction*

The Fourteenth Amendment of the United States Constitution provides citizens with numerous rights. One of the rights provided is the right of a pretrial detainee like Mr. Green to receive adequate medical treatment while in jail. Lane County's constitutional obligation to Mr. Green includes the obligation to provide him with adequate medical care while Mr. Green is in jail. Corizon, by contract with Lane County, also assumed that constitutional obligation.

The plaintiff claims that the defendants in this case deprived him of his constitutional right to adequate medical treatment, and that this deprivation caused injury and death to Casey Green. The defendants deny this claim.

The Civil Rights claim requires me to instruct you on several different legal principles that apply to the different defendants.

(*West v. Atkins*, 487 U.S. 42, 55-56 (1988))

## PLAINTIFFS' SPECIAL JURY INSTRUCTION No. 6

*Federal Civil Rights Claim - Elements*

Plaintiff claims that Casey Green's injury, and death, were caused by one or more policies, practices or customs of Corizon Health, Inc. and Lane County.

In order to prevail on this claim, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1.    An individually named defendant or an employee of a defendant acted or failed to act under color of law;

2.    The act, or failure to act, of an individually named defendant or employee of a defendant deprived Casey Green of a right under the United States Constitution; and

3.    An individually named defendant or employee of a defendant who violated Casey Green's rights acted pursuant to an expressly adopted official policy or a longstanding practice or custom of a defendant.

A person acts "under color of law" when the person acts in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. I instruct you that all defendants and employees of Defendants Lane County and Corizon Health, Inc. in this case acted under color of law.

"Official policy" means a rule or regulation promulgated, adopted, or ratified by defendant Corizon Health, Inc. or Lane County.

"Practice or custom" means any permanent, widespread, well-settled practice or custom that constitutes a standard operating procedure of Corizon Health, Inc. or Lane County.

If you find the plaintiffs have proved each of these elements, your verdict should be for the plaintiffs. If, on the other hand, the plaintiffs have failed to prove any one or more of these elements, your verdict should be for the defendant on this issue.

(9th Circuit Uniform Instruction 9.4, modified)

## PLAINTIFFS' SPECIAL JURY INSTRUCTION No. 7

*Federal Civil Rights Claim – Specific Claims – Policies, Customs or Practices*

Plaintiffs claim that the following policies, customs or practices of Corizon Health, Inc. and Lane County were the moving force that resulted in Casey Green's injuries:

1. A policy, custom or practice of not providing medical or mental health screening to obviously mentally ill Lane County inmates at or near the time of booking in Lane County jail;

2. A policy, custom or practice of not using the on-call psychiatrist for consultation when a new jail admittee is obviously psychotic;

3. A policy, custom or practice of not providing for trained physicians to examine seriously injured Lane County inmates;

4. A policy, custom or practice of denying Lane County inmates necessary medical care if said inmates are thought to be soon released from the jail;

5. A policy, custom or practice of discouraging transferring inmates to a hospital for medical care;

6. A policy, custom or practice of delaying transferring Lane County inmates to hospitals for necessary emergency medical care in order to first prepare paperwork to effectuate a jail discharge; and

7. A policy, custom or practice of failing to meet widely accepted community standards of care with regard to medical services for injured inmates of the Lane County jail.

Defendants deny the existence of the above alleged policies, customs or practices.

You must determine by a preponderance of the evidence whether one or more of the claimed policies, customs or practices exist and, if so, whether individually named defendants or employees of Corizon Health, Inc. or Lane County acted pursuant to said policies, customs or practices in depriving Casey Green of his right to adequate medical care.

## PLAINTIFFS' SPECIAL JURY INSTRUCTION No. 8

### *Federal Civil Rights Claim - Ratification*

In determining whether Corizon Health, Inc. or Lane County had a particular policy, custom or practice, you may consider whether either defendant ratified actions or inactions by their employees.

Ratification is defined as actions or inactions of a defendant after an event has occurred that tends to prove a preexisting policy, custom or practice. You may consider, for example, personnel decisions, statements of approval, or continuation of a particular policy, custom or practice after February 12, 2013.

*Grandstaff v. City of Borger, Texas,* 767 F.2d 161, 171-72 (5th Cir. 1985), *reh'g denied*, 779 F.2d 1129 (5th Cir. 1986), *cert. denied,* 480 U.S. 916 (1987); *Henry v. County of Shasta,* 132 F.3d 512, 518-18 (9th Cir. 1997), *amended*, 137 F.3d 1372 (9th Cir. 1998), *cert. denied*, 525 U.S. 819 (1998); *Ashley v. Sutton,* 492 F. Supp. 2d 1230, 1238 (D. Or. 2007).

## PLAINTIFFS' SPECIAL JURY INSTRUCTION No. 9

### *Federal Civil Rights Claim – Training*

Plaintiff also claims that Casey Green's Civil Rights were deprived by Corizon Health, Inc. failing to train its employees, or the employees of Lane County. In order to prevail on this claim, plaintiffs must prove each of the following elements by a preponderance of the evidence:

1. The acts of Corizon Health, Inc.'s and/or Lane County's employees deprived Casey Green of his particular rights under the United States Constitution as explained in later instructions;

2. The training policies of Corizon Health, Inc. were not adequate to train its employees, or the employees of Lane County, to handle the usual and recurring situations with which they must deal;

3. Corizon Health, Inc. was deliberately indifferent to the obvious consequences of its failure to train its employees or the employees of Lane County adequately; and

4. The failure of Corizon Health, Inc. to provide adequate training caused the deprivation of Casey Green's rights by the employees of Corizon Health, Inc. and/or Lane County, that is, the defendants' failure to train is so closely related to the deprivation of Casey Green's rights as to be the moving force that caused the ultimate injury.

Deliberate indifference is the conscious choice to disregard the consequences of one's acts or omissions. The plaintiff may prove deliberate indifference in this case by showing that Corizon Health, Inc. knew its failure to train adequately made it highly predictable that its employees or the employees of Lane County would engage in conduct that would deprive persons such as Casey Green of their rights.

(9th Circuit Uniform Instruction 9.7, modified)

**PLAINTIFFS' SPECIAL JURY INSTRUCTION No. 10**

*Federal Civil Rights Claim – Specific Claims – Training*

Plaintiff claims that Corizon Health, Inc. failed to adequately train Corizon or Lane County employees in the following:

    a.  On the need to provide a prompt mental health examination to severely mentally ill persons when they are booked into the Lane County jail;

    b.  Of the need to not move a patient with a possible closed head or spinal cord injury without providing neck and spinal cord protection;

    c.  Of the need to perform radiologic imaging of patients with possible closed head and/or spinal cord injuries before clearing such patients for release to jailors; and

    d.  Of the need to immediately summon emergency transport to hospital facilities when a patient is in need of emergency care, and not to wait for jail authorities to first arrange for the patient's release from jail.

**PLAINTIFFS' SPECIAL JURY INSTRUCTION No. 11**

*Federal Civil Rights Claim – Corizon and Lane County Policies the Same*

As I mentioned earlier, the right of a pretrial detainee to receive adequate medical care is guaranteed by the U. S. Constitution. The fact that Lane County contracted with Corizon Health, Inc. to provide all the medical services in the Lane County jail does not relieve Lane County of its constitutional obligations. I instruct you, therefore, that any policy, custom or practice of Corizon Health, Inc. must be considered by you as also a policy, custom or practice of Lane County.

*Ancata v. Prison Health Services,* 769 F.2d 700, 704-705 (11th Cir. 1985); *Kellogg v. Kitsap County,* 2013 WL 2181808, *4 (W.D. Wa.)

## PLAINTIFFS' SPECIAL JURY INSTRUCTION No. 12

*Federal Civil Rights Claim – Individual Defendants*

In addition to bringing Civil Rights claims against Corizon Health, Inc. and Lane County, plaintiff has asserted Civil Rights claims against several Corizon employees.

In order to prove that one or more of the defendants Kirsten White, Sharon Epperson or Vicki Thomas deprived Casey Green of his right to adequate medical care, plaintiff must prove the following elements by a preponderance of the evidence:

1. That Casey Green faced a serious medical need;

2. One or more of the individual defendants was deliberately indifferent to that medical need, that is, the defendant knew of it and disregarded it by failing to take reasonable measures to address it; and

3. The actions, or inactions, of the particular defendant caused harm to Casey Green.

(9th Circuit Uniform Instruction 9.25, modified)

**PLAINTIFFS' SPECIAL JURY INSTRUCTION No. 13**

*Federal Civil Rights Claim – Deliberate Indifference*

In considering whether an individual defendant was deliberately indifferent to Casey Green's serious medical needs you may consider whether the medical need was obvious, whether medical decisions that were made were far afield from professional standards, whether medical care given was so cursory as to amount to no treatment at all, and whether medical treatment was delayed or denied for non-medical reasons.

*Farmer v. Brennan,* 511 U.S. 825, 842 (1994); *Sherrod v. Lingle,* 223 F.3d 605, 611-612 (7th Cir. 2000); *Gibson v. Moskowitz,* 523 F.3d 657, 662 (6th Cir. 2008); *Vann v. Vandenbrook,* 596 F. Supp. 2d 1238, 1243 (W.D. Wis. 2009); *Ancata v. Prison Health Servs., Inc.,* 769 F.2d 700, 704 (11th Cir. 1985); *Thompson v. Lampert,* 2004 WL 1673102, *9 (D. Or. July 27, 2004), *report and recommendation adopted by*, 2004 WL 2059523 (D. Or. Sep. 14, 2014).

## PLAINTIFFS' SPECIAL JURY INSTRUCTION No. 14

### *Federal Civil Rights Claim - Supervisors*

Plaintiff has asserted that two Corizon employees, Dr. Justin Montoya and Vicki Thomas, in their capacity as supervisors, violated Casey Green's Civil Rights. In order to prevail on this claim, plaintiff must prove each of the following elements by a preponderance of the evidence:

1. The defendant acted under color of law;

2. The acts, or failures to act, of said defendants' subordinates deprived Casey Green of his rights under the United States Constitution; and

3. The defendant directed his or her subordinates in the acts, or failures to act, that deprived the plaintiffs of these rights, or

   a. The defendant set in motion a series of acts, or failures to act, by subordinates that he or she knew or reasonably should have known would cause the subordinates to deprive the plaintiffs of these rights, or

   b. The defendant knew, or reasonably should have known, that subordinates were engaging in these acts, or failures to act, and that their conduct would deprive the plaintiff of these rights; and

   c. The defendant failed to act to prevent subordinates from engaging in such conduct.

I instruct you that the defendants Montoya and Thomas acted under color of law.

If you find the plaintiffs have proved each of these elements, your verdict should be for the plaintiffs. If, on the other hand, the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant on this issue.

(9th Circuit Uniform Instruction 9.3, modified)

**PLAINTIFFS' SPECIAL JURY INSTRUCTION No. 15**

If you determine that plaintiff has proven one or more of his Civil Rights Claims by a preponderance of the evidence, then you must determine what damages should be awarded.  I will instruct you on awarding damages in a few minutes.  First, however, I want to explain the law regarding plaintiff's other claims.

**PLAINTIFFS' SPECIAL JURY INSTRUCTION No. 16**

*State Law Claims*

In addition to the Federal Civil Rights Claim, plaintiff has asserted two claims under Oregon law.  One claim is for Gross Negligence, or Recklessness, and the other state law claim is for negligence.  The laws governing these two claims are similar in many respects.  I will point out these similarities to you in these instruction as we go through the claims.

**PLAINTIFFS' SPECIAL JURY INSTRUCTION No. 17**

*Gross Negligence Claim – Corizon Health, Inc.*

Plaintiff asserts a claim of gross negligence, or recklessness, under Oregon law against Corizon Health, Inc.  In this claim, plaintiff asserts that Corizon employees acted with gross negligence, or recklessness, in providing medical care to Casey Green at the Lane County jail.  More particularly, plaintiff claims that Corizon, by and through its employees and agents, was grossly negligent and reckless in one or more of the following particulars:

1.  In failing to provide Mr. Green with a mental health assessment upon booking into Lane County jail on February 11, 2013;

2.  In failing to provide a mental health assessment to Mr. Green at any time prior to his arraignment;

3.  In failing to provide an adequate medical examination to Mr. Green following his injury at approximately 10:42 a.m. on February 12, 2013;

4.  In failing to provide spinal precautions to Mr. Green after his injury at approximately 10:42 a.m. on February 12, 2013;

5.  In failing to transport Mr. Green directly to a hospital from the courtroom on February 12, 2013;

6.  In failing to have a cervical collar or backboard available for use in the Lane County jail on February 12, 2013;

7.  In aggravating his medical condition by authorizing the moving, dragging and careless manipulation of Mr. Green's body after he suffered a serious neck fracture;

8.  In aggravating his medical condition by moving, dragging and carelessly manipulating Mr. Green's body after he suffered a serious neck fracture;

9.  In failing to provide Mr. Green a neurologic exam at any time between the time he was injured and the time he was transported to Sacred Heart Hospital;

10.  In failing to determine that Mr. Green suffered a serious spinal injury at any time prior to 4:00 p.m. on February 12, 2013;

11. In failing to call for emergency assistance prior to 4:33 p.m. on February 12, 2013;

12. In ignoring Mr. Green's medical plight for almost five hours, even though Corizon was aware that he was not moving in his jail cell;

13. In advising Lane County corrections officer Burnette that Mr. Green did not need medical attention as long as he was breathing;

14. In ignoring Mr. Green's need for medical attention because Corizon employees believed that he was soon to be released from the Lane County jail;

15. In allowing, approving and ratifying the policies, customs or practices as alleged in the Civil Rights Claim;

16. In failing to adequately train Corizon and Lane County employees of the need to provide a prompt mental health examination of persons exhibiting symptoms of severe mental illness when they are booked into the Lane County jail;

17. In failing to train Lane County Booking Officer Nelson of the need to seek mental health screening of inmates exhibiting severe mental health symptoms at the time of admission into the Lane County jail;

18. In failing to adequately train Corizon and Lane County employees to provide neck and spine precautions to Lane County inmates who suffer neck and spine injuries; and

19. In failing to train Corizon staff of the need to perform radiological imaging of patients with possible closed head and/or spinal cord injuries before clearing such patients for release to staff.

In order to prevail on this claim, plaintiff must prove one or more of these allegations by a preponderance of the evidence, and also must prove by a preponderance of the evidence that the alleged misconduct caused injury or death to Casey Green.

**PLAINTIFFS' SPECIAL JURY INSTRUCTION No. 18**

*Gross Negligence Claim - Definition*

To establish gross negligence, or recklessness, the plaintiff must prove by a preponderance of the evidence that the defendant acted with reckless disregard of safety or indifference to the probable consequences of its acts.

*WSB Investments, LLC v. Pronghorn Development Co., LLC*, 269 Or.App 342, 344 P2d 548, 560 (2015)

**PLAINTIFFS' SPECIAL JURY INSTRUCTION No. 19**

*Gross Negligence Claim – Corporation Acts Through Agents*

A corporation can act only through its officers, agents, or employees. Any action by the officer agent or employee of the corporation is the act of that corporation if that act was writing the scope of that person's authority and/or employment.

I instruct you that at all times pertinent to this case, the Corizon employees that had anything to do with this case were acting within the scope of their authority and employment for Corizon Health, Inc.

This instruction applies to both the gross negligence and the negligence claims.

(Oregon UCJI No. 30.03, modified)

**PLAINTIFFS' SPECIAL JURY INSTRUCTION No. 20**

*Duty of Health Care Provider*

The claims of gross negligence and negligence asserted by plaintiff are claims based on allegedly poor medical care, or the failure to provide adequate medical care.  As to these claims, I instruct you that a health care provider has the duty to use that degree of care, skill, and diligence that is used by ordinarily careful health care providers practicing in the same or similar circumstances in the same or a similar community.  A failure to use such care, skill, or diligence is negligence.

(Oregon UCJI 44.01, modified)

**PLAINTIFFS' SPECIAL JURY INSTRUCTION No. 21**

*Causation – "Substantial Factor"*

Many factors or things may operate either independently or together to cause harm.  In such a case, each may be a cause of the harm even though the others by themselves would have been sufficient to cause the same harm.

If you find that a defendant's act or omission was a substantial factor in causing the harm to Casey Green, you may find that the defendant's conduct caused the harm even though it was not the only cause.  A substantial factor is an important factor and not one that is insignificant.

(Oregon UCJI 23.02)

## PLAINTIFFS' SPECIAL JURY INSTRUCTION No. 22

If you determine that plaintiff has proven one or more of his gross negligence, or recklessness, claims by a preponderance of the evidence, then you must determine what damages should be awarded.  I will instruct you on awarding damages in a few minutes. First, however, I want to explain the law regarding plaintiff's negligence claim.

**PLAINTIFFS' SPECIAL JURY INSTRUCTION No. 23**

*Negligence Claim – Corizon Health, Inc. and Lane County*

Plaintiff's third claim is a claim of negligence under Oregon law against Corizon Health, Inc. and Lane County.  In this claim, plaintiff asserts that Corizon and Lane County employees acted negligently in providing medical care to Casey Green at the Lane County jail.  More particularly, plaintiff claims that both defendants, by and through their employees and agents, were negligent in one or more of the following particulars:

1.  In failing to provide Mr. Green with a mental health assessment upon booking into Lane County jail on February 11, 2013;

2.  In failing to provide a mental health assessment to Mr. Green at any time prior to his arraignment;

3.  In failing to provide an appropriate medical examination to Mr. Green following his injury at approximately 10:42 a.m. on February 12, 2013;

4.  In failing to provide neck precautions to Mr. Green immediately after his injury at approximately 10:42 a.m. on February 12, 2013;

5.  In failing to transport Mr. Green directly to a hospital from the courtroom on February 12, 2013;

6.  In failing to have a cervical collar or backboard available for use in the Lane County jail on February 12, 2013;

7.   In aggravating his medical condition by moving and carelessly manipulating Mr. Green's body after he suffered a serious neck fracture;

8.  In failing to provide Mr. Green a neurologic exam at any time between the time he was injured and the time he was transported to Sacred Heart Hospital;

9.  In failing to determine that Mr. Green suffered a serious neck injury at any time prior to 4:00 p.m. on February 12, 2013;

10. In failing to call for emergency assistance prior to 4:33 p.m. on February 12, 2013;

11. In ignoring Mr. Green's medical plight for almost five hours, even though said defendants were aware that Mr. Green was not moving in his jail cell;

12. In allowing, approving and ratifying the policies, customs or practices as alleged in the Civil Rights claim above;

13. In failing to adequately train Corizon and Lane County employees of the need to provide a prompt mental health examination of persons exhibiting symptoms of severe mental illness when they are booked into the Lane County jail; and

14. In failing to train Lane County Booking Officer Nelson of the need to seek mental health screening of inmates exhibiting severe mental health symptoms at the time of admission into the Lane County jail.

Plaintiff claims that the actions of defendant Corizon were negligent in one or more of the following additional particulars:

1. In aggravating Casey Green's medical condition by authorizing the moving and careless manipulation of Mr. Green's body after he suffered a serious neck fracture;

2. In advising Lane County corrections officer Burnette that Mr. Green did not need medical attention as long as he was breathing;

3. In ignoring Mr. Green's need for medical attention because Corizon employees believed that he was soon to be released from the Lane County jail;

4. In failing to adequately train Corizon and Lane County employees to provide neck and spine precautions to Lane County inmates who suffer neck and spine injuries; and

5. In failing to train Corizon staff of the need to perform radiological imaging of patients with possible closed head and/or spinal cord injuries before clearing such patients for release to jailors.

Lane County denies these claims of negligence.

Corizon Health, Inc. admits that Physician Assistant White was negligent in failing to properly diagnose that Casey Green had a cervical spine injury and in failing to treat his injuries as such, but denies that her negligence caused injury or damage to Casey Green.

In order to prevail on this claim, plaintiff must prove one or more of these allegations by a preponderance of the evidence, and must prove that the alleged misconduct caused injury or death to Casey Green.

**PLAINTIFFS' SPECIAL JURY INSTRUCTION No. 24**

*Rule or Standard as Evidence Whether Defendant Met Standard of Care*

You may consider as evidence relevant accepted national standards, and policies or a defendant in determining whether a defendant acted properly in this case.

The National Commission on Correctional Health Care, or NCCHC, has created a set of Standards for Health Services in Jails. Corizon has issued Policy & Procedures. Relevant to this case, the NCCHC Standards and Corizon Policy read as follows:

> "Receiving screening is performed on all inmates on arrival at the intake facility to ensure that emergent and urgent health needs are met."

Another national organization, The American Correctional Association, or ACA, has created a set of standards for Adult Local Detention Facilities. Relevant to this case, the ACA Standards provide as follows:

> "(MANDATORY) Intake medical screening for inmates commences upon the inmate's arrival at the facility and is performed by health-trained or qualified health care personnel."

> "(MANDATORY) All inmates receive an initial mental health screening at the time of admission to the facility by mental-health trained or qualified mental-health care personnel."

As with other evidence, give it the weight, if any, to which you consider it is entitled.

(UCJI No. 20.04, modified, and cases cited in the Comment to UCJI 20.04; *Standards for Health Services in Jails,* Std J-E-02 (2008 NCCHC); Exh. No. 71; *Performance-Based Standards for Adult Local Detention Facilities,* Stds. 4-ALDF-4C-22 and 4-ALDF-4C-29 (4th ed. 2004 ACA)).

## PLAINTIFFS' SPECIAL JURY INSTRUCTION No. 25

*Damages - Introduction*

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on one or more of his three claims, you must determine the amount of plaintiff's damages.   Plaintiff is claiming two types of damages: compensatory damages and punitive damages.  I will explain the two types of damages to you.

## PLAINTIFFS' SPECIAL JURY INSTRUCTION No. 26

*Compensatory Damages – Proof*

The plaintiff has the burden of proving compensatory damages by a preponderance of the evidence. This instruction applies to each of plaintiffs' claims for Federal Civil Rights violation, gross negligence and negligence.

Damages mean the amount of money that will reasonably and fairly compensate the plaintiff for any injuries caused by one or both of the defendants.

In determining the measure of damages, you should consider:

1. The nature and extent of the injuries suffered by Casey Green;

2. The disability, disfigurement, and loss of enjoyment of life experienced by Casey Green from the time of his injuries until the time of his death;

3. The mental and physical and emotional pain and suffering experienced by Casey Green from the time of his injuries until the time of his death;

4. The reasonable value of necessary medical care, treatment and services rendered to Casey Green from the time of his injury until the time of his death. This particular amount may not exceed the sum of $1,807,335.55; and

5. If you conclude by a preponderance of the evidence that Mr. Green's death was caused by the misconduct by the actions or inactions of one or both of the defendants, you should then also assess the loss of love, society and companionship suffered by his parents, Mr. Kelly Green and Ms. Sandy Pulver.

(9th Circuit Instructions 5.1, 5.2; *Ward v. San Jose* 967 F.2d 280, 283 (9th Cir. 1992); Oregon UCJI Nos. 70.02 and 70.03.)

## PLAINTIFFS' SPECIAL JURY INSTRUCTION No. 27

*Punitive Damages*

If you find for the plaintiff on the Federal Civil Rights Claim, and/or on the Gross Negligence/Recklessness claim, you may, but are not required to, award punitive damages. Punitive damages may be awarded against any of the defendants other than Lane County, as the law does not permit an award of punitive damages against a county.

The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

As I have previously explained to you, plaintiff is bringing this lawsuit under Federal Law and under state law. The rules regarding punitive damages are similar, however there is one significant difference.

Under the Federal Civil Rights claim, the plaintiff has the burden of proving that punitive damages should be awarded by a preponderance of the evidence.

Under the state law claim, the plaintiff has the burden of proving that punitive damages should be awarded by clear and convincing evidence. Clear and convincing evidence is evidence that makes you believe that the truth of the claim is highly probable.

(9th Circuit Uniform Instruction 5.5, modified; UCJI No. 75.02, modified)

## PLAINTIFFS' SPECIAL JURY INSTRUCTION No. 28

*Punitive Damages - General*

Under either claim, you may award punitive damages only if you find that a particular defendant's conduct that harmed Casey Green was malicious, oppressive or in reckless disregard of Casey Green's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purposes of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if a particular defendant acts in the face of a perceived risk that his or her or its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if a defendant injures or damages or otherwise violates the rights of a person with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of a person.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, you should consider:

1. The degree of reprehensibility of the defendant's conduct;

2. In view of the defendant's financial condition, what amount is necessary to punish that defendant and discourage future wrongful conduct.  You may not, however, punish a defendant merely because a defendant has substantial financial resources;

3. You may not, however, set the amount of any punitive damages in order to punish a defendant for harm to anyone other than Casey Green or his parents in this case.

As I mentioned earlier, punitive damages may not be awarded against Lane County.  You may impose punitive damages against one or more of the defendants and not others, and may award different amounts against different defendants.

(9th Circuit Uniform Instruction 5.5, modified; UCJI 75.02; UCJI 75.02B)

## PLAINTIFFS' SPECIAL JURY INSTRUCTION No. 29

*Damages – Permanent Injury – Life Expectancy – Mortality Tables*

If you find that the plaintiff is entitled to recover for permanent injury, you must determine the plaintiff's probably life expectancy, taking into consideration all evidence bearing on that issue, such as the plaintiff's occupation, sex, health, habits, and activities. Life expectancy shown by the mortality tables is an estimate of the probable average remaining life of all persons in our county of a given age.  According to the standard mortality tables, the life expectancy of a man aged 28 years is an additional 49.55 years. This is a fact you may consider in arriving at the amount of damages.

(Oregon UCJI No. 74.01; http://www.ssa.gov/oact/STATS/table4c6.html)

DATED this 18th day of May, 2015.

<div style="margin-left: 40%">

ROSENTHAL GREENE & DEVLIN, PC

  /s/ Elden M. Rosenthal
Elden M. Rosenthal, OSB No. 722174
Email:  elden@rgdpdx.com
Michael A. Greene, OSB No. 802445
Email: mike@rgdpdx.com
John T. Devlin, OSB No. 042690
Email: john@rgdpdx.com
Phone: (503) 228-3015
Fax: (503) 228-3269

Of Attorneys for Plaintiffs

</div>

# CERTIFICATE OF SERVICE

I hereby certify that I served true and correct copies of the foregoing:

**1. PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

on the following:

| | |
|---|---|
| James Daigle | Richard K. Hansen |
| Adam Heder | Anne M. Talcott |
| *Stewart Sokol & Larkin LLC* | *Schwabe, Williamson & Wyatt, P.C.* |
| 2300 SW First Ave., Suite 200 | 1211 SW 5th Ave., Suite 1900 |
| Portland, OR 97201 | Portland, OR 97204 |
| jmdaigle@lawssl.com | rhansen@schwabe.com |
| aheder@lawssl.com | atalcott@schwabe.com |
| | |
| Of Attorneys for Corizon defendants. | Of Attorneys for Corizon defendants. |
| | |
| Robert L. Goldstucker | Sebastian Tapia |
| *Nall & Miller, LLP* | Stephen Dingle |
| 235 Peachtree St., NE | *Lane County Counsel* |
| Suite 1500 – North Tower | 125 East 8th Avenue |
| Atlanta, GA 30303-1418 | Eugene, OR  97401 |
| bgoldstucker@nallmiller.com | Sebastian.tapia@co.lane.or.us |
| | Stephen.dingle@co.lane.or.us |
| | |
| Of Attorneys for Corizon defendants. | Of Attorneys for Lane Co. defendant. |

by the following method/s:

| | |
|---|---|
| _____ | mail with postage prepaid, deposited in the US mail at Portland, OR |
| ___X___ | service made via electronic mailing and/or CM/ECF filing |
| _____ | hand delivery |
| _____ | facsimile transmission |
| _____ | overnight delivery. |

Dated this 18th day of May, 2015.

/s/ Elden M. Rosenthal
ELDEN M. ROSENTHAL, OSB No. 722174
MICHAEL A. GREENE, OSB No. 802445
JOHN T. DEVLIN, OSB No. 042690
*Of Attorneys for Plaintiff*

Page 1 – CERTIFICATE OF SERVICE