**Elden M. Rosenthal, OSB No. 722174**
Email: elden@rgdpdx.com
**Michael A. Greene, OSB No. 802445**
Email: mike@rgdpdx.com
**John T. Devlin, OSB No. 042690**
Email: john@rgdpdx.com
Rosenthal Greene & Devlin, P.C.
121 SW Salmon Street, Suite 1090
Portland, OR 97204
Phone: (503) 228-3015
Fax: (503) 228-3269

Of Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| DEREK JOHNSON, personal representative of KELLY CONRAD GREEN II, deceased; KELLY CONRAD GREEN; and SANDY PULVER,<br><br>Plaintiffs,<br><br>v.<br><br>CORIZON HEALTH, INC., a Tennessee Corporation; LANE COUNTY, an Oregon county; DR. JUSTIN MONTOYA, an individual; VICKI THOMAS, an individual; KIRSTIN WHITE, an individual; and SHARON EPPERSON (née FAGAN), an individual,<br><br>Defendants. | Civil Action No. 6:13-cv-01855-TC<br><br>**PLAINTIFFS' MOTIONS IN LIMINE** |

Plaintiffs request pretrial rulings on the following issues.

### A.     "Guilt" or "Innocence"

Plaintiffs seek a ruling prohibiting the defendants, their witnesses, or their attorneys from testifying or arguing that this case is about "guilt" or "innocence."

Evidence or arguments suggesting that the defendants are "not guilty" or that a jury verdict for the plaintiff will be the equivalent of "finding them guilty" should not be

Page **1** of **7 -** PLAINTIFFS' MOTIONS IN LIMINE

allowed. The term "guilty" has a pejorative connotation that suggests criminal sanctions. The terms "guilt" or "innocence" have no place in a civil money-damages trial.[1]

### B.     Dismissals of Other Parties or Claims

Plaintiffs seek a ruling prohibiting Defendants from offering any evidence or argument concerning the Court's dismissal of any other parties or claims.

Plaintiffs sued numerous defendants at the start of this case. During the litigation, plaintiffs dismissed some defendants voluntarily, while the Court dismissed other defendants when ruling on the summary judgment motions. The Court also dismissed certain claims against certain remaining defendants. The dismissal of those claims and parties is irrelevant to any issue in this case.[2] Even if the Court determines that the evidence has some minimal probative value, that value is substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury.[3]

### C.     Attorney Fees

Plaintiffs seek a ruling prohibiting Defendants from offering any evidence or argument concerning the potential for an award of attorney fees in this case.

Any evidence or argument regarding attorney fees would be irrelevant to the issues being tried.

### D.     Windfall

Plaintiffs seek a ruling prohibiting Defendants from arguing that Plaintiffs seek a windfall, that this lawsuit is equivalent to a lottery, or any other words with similar

---

[1] FRE 403.
[2] FRE 401.
[3] FRE 403.

impact.

Defense counsel in civil damages cases are sometimes tempted to attack the plaintiff, or the plaintiff's attorney, suggesting that the plaintiff, or his attorney, is seeking a windfall, or is looking at the case as a lottery ticket. For example, some defense lawyers argue that "anybody can go to the courthouse and file a lawsuit," or "anyone with $200 can file a lawsuit." Coupling this type of statement with an argument that a trial "is not a lottery," and/or that the cost of filing a lawsuit is the equivalent of purchasing a lottery ticket, is improper argument. Such statements or innuendo should be prohibited during trial. As an opinion by the South Dakota Supreme Court states:

> Defense counsel's statement that plaintiff was trying to hit the lottery by her lawsuit demeaned not only the plaintiff but also the judicial system itself, and impugned the trial court's judgment of allowing the punitive damages claim to proceed. The comments denigrated the fairness, integrity and public perception of the judicial system. Counsel's reference to playing Lotto or Powerball, or rolling the dice, were only meant to inflame the jury, and were beyond the bounds of proper final argument.[4]

### E.  Budget Problems/Ability to Pay a Judgment

Plaintiffs seek a ruling prohibiting Corizon and Lane County from suggesting to the jury by any means, including statements of counsel, questions to prospective jurors, questions to witnesses, or arguments of counsel to the jury, that there was insufficient resources to provide adequate medical care in the jail, that there is insufficient money to pay a judgment, that an award of money to plaintiffs will cause the defendants to cut other types of services, or that an award of money to plaintiffs will result in higher taxes.

---

[4] *Schoon v. Looby*, 670 N.W.2d 885, 890 (S.D. 2003).

Regarding funds to provide adequate medical care, this issue has been addressed by the Ninth Circuit in *Peralta v. T.C. Dillard*.[5]  The Court considered whether an individual named as a § 1983 defendant in a case claiming inadequate dental services in a jail could argue that he was not deliberately indifferent because he had not been provided with adequate funds to provide necessary services.  The Court held that the individual could make that argument, but that a municipality could not.[6]  By logical extension, Corizon also could not make such an argument.

Similarly, Corizon and Lane County should not be able to suggest that providing adequate medical care, or paying a judgment, would affect other services or taxes.  Such evidence or argument would be misleading and would result in a mini-trial on where the money to pay a judgment will come from.

### F. Money Received from Collateral Sources

Plaintiffs seek a ruling prohibiting the Defendants from offering any evidence or argument that plaintiffs received money from collateral sources.

In this case, Medicare and Oregon DHS paid some of the medical expenses.  The fact of those payments is inadmissible.[7]

---

[5] 744 F.3d 1076 (9th Cir. 2015) (en banc).

[6] *Id*. at 1083-1084.

[7] ORS 31.580(2) (prohibiting the introduction of evidence that collateral source benefits were received); *Henderson v. Peterson*, 2011 WL 2838169, *4 (N.D. Cal. July 15, 2011) (collateral source rule applicable in § 1983 action seeking, *inter alia,* damages for medical expenses); *Pirolozzi v. Stanbro*, 2009 WL 2256950, *2 (N.D. Ohio July 24, 2009) (same).  In *White v. Jubitz*, 347 Or. 212, 242 (2009), the Oregon Supreme Court held that "a plaintiff in a personal-injury action is entitled to claim and recover from a tortfeasor the reasonable value of the medical services charged without limitation to the sums for which plaintiff is legally liable, that plaintiff has paid for those services, or that a third party has paid on plaintiff's behalf."

### G.     Drug or Alcohol Use by Kelly Green, Sr.

Plaintiffs seek a ruling prohibiting the Defendants from suggesting to the jury by any means, including statements of counsel, questions to prospective jurors, questions to witnesses, or arguments of counsel to the jury, that Kelly Green, Sr. has used or abused drugs or alcohol.

Any evidence or argument concerning the habits of Kelly Green, Sr. is not relevant to any issue in this case.[8]  Even if the Court determines that the evidence has some minimal probative value, that value is substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury.[9]

### H.     Drug or Alcohol Use by Casey Green

Plaintiffs seek a ruling prohibiting the Defendants from suggesting to the jury by any means, including statements of counsel, questions to prospective jurors, questions to witnesses, or arguments of counsel to the jury, that Casey Green has used or abused drugs or alcohol.

Any evidence or argument concerning the habits of Casey Green is of little relevance to any issue in this case.  Casey Green was a mentally ill adult.  It is undisputed that he used marijuana.  There are rumors that he used other illegal drugs on occasion.  However, he was not in jail because of drug use and there is no evidence that he was under the influence of any drugs while in jail.  His treatment in jail was not affected in any way by real or rumored drug use.

---

[8] FRE 401.
[9] FRE 403.

Page **5** of **7** - PLAINTIFFS' MOTIONS IN LIMINE

Should the Court determine that evidence of drug use has some minimal probative value, that value is substantially outweighed by the danger of unfair prejudice.[10]

### I. Prior Arrest of Kelly Green, Sr.

Plaintiffs seek a ruling prohibiting the Defendants from suggesting to the jury by any means, including statements of counsel, questions to prospective jurors, questions to witnesses, or arguments of counsel to the jury, that Kelly Green, Sr. was arrested for menacing in 1992.

Mr. Green was not convicted of any crime. Any evidence or argument concerning the habits of Kelly Green, Sr. is not relevant to any issue in this case.[11]

### J. Demonstrative Exhibits

Plaintiffs seek a ruling that the parties show any demonstrative exhibits to opposing counsel before showing those exhibits to the jury.

### K. Juror Questions

Plaintiffs ask the Court to allow jurors to submit written questions following the examination of each witness.

Plaintiffs' counsel has been involved in numerous trials over the last ten years where jurors were allowed to ask written questions. Plaintiffs' counsel believes that allowing juror questions helps the Court and the parties clarify juror misunderstandings and increases the likelihood of a verdict based on the facts presented.

---

[10] FRE 403.
[11] FRE 401.

### L.     Mini-Openings

Plaintiffs asks the Court to allow the parties to present "mini-openings" prior to voir dire.

The purpose of allowing a "mini-opening" is to give each party's attorney a chance to briefly acquaint the jurors with the issues in the case prior to voir dire. In prior trials plaintiffs' counsel has been allowed to do this, with a time limit (five to ten minutes). Plaintiffs' counsel believes that mini-openings facilitate the jurors' understanding of why certain questions are being asked in voir dire, and increases the likelihood that jurors will volunteer information relevant to the voir dire process.

### M.     Pre-Trial Rulings

Plaintiffs seek a ruling prohibiting the parties from mentioning any of this Court's pre-trial rulings.

### CONCLUSION

For the reasons set forth above, plaintiffs ask this Court to make the requested pre-trial rulings.

DATED this 18th day of May, 2015.

Respectfully submitted,

 /s/ Elden M. Rosenthal
Elden M. Rosenthal, OSB No. 722174
Email:  elden@rgdpdx.com
Michael A. Greene, OSB No. 802445
Email: mike@rgdpdx.com
John T. Devlin, OSB No. 042690
Email: john@rgdpdx.com
Phone: (503) 228-3015
Fax: (503) 228-3269

# CERTIFICATE OF SERVICE

I hereby certify that I served true and correct copies of the foregoing:

    1.   **PLAINTIFFS' MOTIONS IN LIMINE**

on the following:

| | |
|---|---|
| James Daigle | Richard K. Hansen |
| Adam Heder | Anne M. Talcott |
| *Stewart Sokol & Larkin LLC* | *Schwabe, Williamson & Wyatt, P.C.* |
| 2300 SW First Ave., Suite 200 | 1211 SW 5th Ave., Suite 1900 |
| Portland, OR 97201 | Portland, OR 97204 |
| jmdaigle@lawssl.com | rhansen@schwabe.com |
| aheder@lawssl.com | atalcott@schwabe.com |
|     Of Attorneys for Corizon defendants. |     Of Attorneys for Corizon defendants. |
| Robert L. Goldstucker | Sebastian Tapia |
| *Nall & Miller, LLP* | Stephen Dingle |
| 235 Peachtree St., NE | *Lane County Counsel* |
| Suite 1500 – North Tower | 125 East 8th Avenue |
| Atlanta, GA 30303-1418 | Eugene, OR 97401 |
| bgoldstucker@nallmiller.com | Sebastian.tapia@co.lane.or.us |
| | Stephen.dingle@co.lane.or.us |
|     Of Attorneys for Corizon defendants. |     Of Attorneys for Lane Co. defendant. |

by the following method/s:

      _____  mail with postage prepaid, deposited in the US mail at Portland, OR
        X    service made via electronic mailing and/or CM/ECF filing
      _____  hand delivery
      _____  facsimile transmission
      _____  overnight delivery.

Dated this 18th day of May, 2015.

                                          /s/ Elden M. Rosenthal
                                        ELDEN M. ROSENTHAL, OSB No. 722174
                                        MICHAEL A. GREENE, OSB No. 802445
                                        JOHN T. DEVLIN, OSB No. 042690
                                        *Of Attorneys for Plaintiff*