**Elden M. Rosenthal, OSB No. 722174**
Email: elden@rgdpdx.com
**Michael A. Greene, OSB No. 802445**
Email: mike@rgdpdx.com
**John T. Devlin, OSB No. 042690**
Email: john@rgdpdx.com
Rosenthal Greene & Devlin, P.C.
121 SW Salmon Street, Suite 1090
Portland, OR 97204
Phone: (503) 228-3015
Fax: (503) 228-3269

Of Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| DEREK JOHNSON, personal representative of KELLY CONRAD GREEN II, deceased; KELLY CONRAD GREEN; and SANDY PULVER,<br><br>Plaintiffs,<br><br>v.<br><br>CORIZON HEALTH, INC., a Tennessee Corporation; LANE COUNTY, an Oregon county; DR. JUSTIN MONTOYA, an individual; VICKI THOMAS, an individual; KIRSTIN WHITE, an individual; and SHARON EPPERSON (née FAGAN), an individual,<br><br>Defendants. | Civil Action No. 6:13-cv-01855-TC<br><br>**MOTION TO STRIKE AFFIRMATIVE DEFENSES** |

## INTRODUCTION

Defendants have alleged affirmative defenses of comparative fault against both the Federal Civil Rights claims and the State Law Negligence/Gross Negligence claims. Defendants allege that Casey Green, himself, and his parents were "at fault," and that their fault is an affirmative defense to plaintiff's § 1983 and common law claims.

Page **1** of **6** – MOTION TO STRIKE AFFIRMATIVE DEFENSES

Contributory negligence or comparative fault is not an affirmative defense to a claim under 42 USC § 1983.  Comparative fault is not a defense available to the common law claims under the specific circumstances of this case.

## ARGUMENT

**A.  Comparative fault is not an allowable affirmative defense to a § 1983 claim.**

Claims brought pursuant to 42 USC § 1983 are not susceptible to the affirmative defense of contributory negligence or comparative fault.  *Clappier v. Flynn*, 605 F.2d 519, 530 (10th Cir. 1979); *Miller v. Schmitz*, 2013 WL 5754945, *5 (E.D. Cal. Oct. 23, 2013); *McHugh v. Olympia Entertainment, Inc.,* 37 Fed. Appx. 730, 736 (6th Cir. 2002).  In a footnote, the *McHugh* court explained that the use of state comparative fault law must be disregarded in a § 1983 claim because:

> "* * * federal common, not state common, law governs the determination of damages in a § 1983 action.  *Busche v. Burkee*, 649 F.2d 509, 518 (7th Cir. 1981).  To apply comparative fault statutes in Civil Rights Actions would result in the protection afforded under § 1983 to differ from state to state and would be inconsistent with the underlying policy of deterrence and compensation."

*McHugh,* 37 Fed. Appx. at 736 n.4.

In *Campbell v. Hoffman,* 1994 WL 114007 (D. Kan. 1994), plaintiff brought an excessive force claim under § 1983.  Similar to the claims made in the case at bar, the defense alleged as affirmative defenses that the injured person was comparatively at fault,

and also that his parents were negligent in caring for their disabled son.[1]  The Court summarily dismissed these claims, stating:

> "Plaintiff is correct that comparative negligence does not apply in § 1983 actions * * * accordingly, any suggestion of comparative fault or negligence [made] by the defendants is entirely improper and inappropriate.
>
> * * *
>
> If the defendants used excessive force, then they are liable for whatever injuries were proximately caused as a result of that excessive force.  The fact that an individual is displaying strange behavior or aggressive behavior or appears to be under the influence of alcohol are all factors that a police officer must consider in evaluating a situation.  However, the underlying cause for any of these circumstances has no relevance, except as it may explain or confirm the officer's evaluation of the situation.
>
> Accordingly, the Court agrees with the plaintiff that these allegations must be stricken from the Pretrial Order.  The Court will not allow any argument based upon the comparative negligence or fault of Jackson, the Campbells [plaintiff's parents], the VA Hospital, or the plaintiff."

*Id*. at *1, *2.

Here, plaintiffs claim that the Corizon defendants violated Casey Green's civil rights, and that the violations *caused* his injury.  Plaintiffs have the burden of proving by a preponderance of the evidence that the Corizon defendants violated Casey Green's civil rights by the actions they took in relationship to Casey Green after he was arrested.  If plaintiffs meet their burden of proof, the Corizon defendants may not avoid liability or reduce the damages claimed by offering evidence or argument of comparative negligence.

---

[1] Particularly, the parents were alleged to have failed to properly monitor their disabled son's use of medications, use of alcohol, and use of an automobile.

**B**.  **Comparative fault is not an allowable affirmative defense to the Oregon common law claims.**

Both the Corizon defendants and Lane County assert comparative fault affirmative defenses to the claims of gross and ordinary negligence.  Lane County also claims in the Pretrial Order that Casey Green's parents were at fault for not communicating particular information to Lane County.[2]  Even if these allegations were true, they have no relevance under the circumstances of the case and should be stricken.  This is for the reason that *the circumstances that bring a person to be under the care of a medical provider cannot be used as comparative fault under Oregon law*.

A recent Oregon case is almost directly on point.  In *Son v. Ashland Community Healthcare Services,* 239 Or. App. 495, 244 P.3d 835 (2010) plaintiff alleged that defendant committed medical malpractice in failing to properly treat her daughter in defendant's emergency room.  Defendant asserted that decedent and her mother were negligent in not advising the emergency room that decedent had ingested narcotics prior to being brought to the hospital.  The Oregon Court of Appeals held that the "conduct by a patient that created the condition that required medical care in a medical malpractice action" cannot constitute an affirmative defense.  *Id.* at 244 P.3d 841-843.

> "In medical malpractice cases, the focus is therefore on the injury caused by the malpractice (*i.e.* the harm caused by the doctor's failure to meet the

---

[2] The Corizon defendants, as well as Lane County, asserted additional claims of fault against Casey Green's parents in the Answers filed against the Complaint.  It appears that those other claims (i.e., negligently raising their son) are not being pursued as they do not appear in the Pretrial Order.

Page **4** of **6** –  MOTION TO STRIKE AFFIRMATIVE DEFENSES

standard of care used in the reasonable practice of the profession in the community), not the original injury that necessitated treatment.

It follows, then, that a valid defense of comparative fault in medical malpractice cases requires that the plaintiff's negligent conduct relate and contribute to the negligent treatment, because it is the negligent treatment that causes the injury that is at issue. Stated another way, the patient's negligence must have been an element in the transaction on which the malpractice is based. * * * A patient who negligently injures himself is nevertheless entitled to subsequent non-negligent medical treatment, and if it is not provided, the patient is entitled to recover damages for the consequences of that negligence. * * * [C]onduct that merely creates the need for medical treatment cannot cause the type of harm at issue in medical malpractice cases – the injury resulting from the malpractice."

*Id.* at 244 P.3d 843.

The court also held that a wrongful death statutory beneficiary's conduct "that contributed to the decedent's condition for which treatment was sought" cannot constitute an affirmative defense. *Id.* at 244 P.3d 845.

## CONCLUSION

Comparative fault is not an allowable affirmative defense to either the § 1983 or the Oregon common law claims. The affirmative defenses alleging comparative fault of Casey Green and his parents should be stricken from the Pretrial Order.

///

///

///

Page **5** of **6** – MOTION TO STRIKE AFFIRMATIVE DEFENSES

DATED this 18th day of May, 2015.

                                            ROSENTHAL GREENE & DEVLIN, PC

                                            /s/ Elden M. Rosenthal
                                          Elden M. Rosenthal, OSB No. 722174
                                          Email:  elden@rgdpdx.com
                                          Michael A. Greene, OSB No. 802445
                                          Email:  mike@rgdpdx.com
                                          John T. Devlin, OSB No. 042690
                                          Email:  john@rgdpdx.com
                                          Phone: (503) 228-3015
                                          Fax: (503) 228-3269
                                          Of Attorneys for Plaintiffs

# CERTIFICATE OF SERVICE

I hereby certify that I served true and correct copies of the foregoing:

1. MOTION TO STRIKE AFFIRMATIVE DEFENSES

on the following:

| | |
|---|---|
| James Daigle<br>Adam Heder<br>*Stewart Sokol & Larkin LLC*<br>2300 SW First Ave., Suite 200<br>Portland, OR 97201<br>jmdaigle@lawssl.com<br>aheder@lawssl.com | Richard K. Hansen<br>Anne M. Talcott<br>*Schwabe, Williamson & Wyatt, P.C.*<br>1211 SW 5th Ave., Suite 1900<br>Portland, OR 97204<br>rhansen@schwabe.com<br>atalcott@schwabe.com |
| Of Attorneys for Corizon defendants. | Of Attorneys for Corizon defendants. |
| Robert L. Goldstucker<br>*Nall & Miller, LLP*<br>235 Peachtree St., NE<br>Suite 1500 – North Tower<br>Atlanta, GA 30303-1418<br>bgoldstucker@nallmiller.com | Sebastian Tapia<br>Stephen Dingle<br>*Lane County Counsel*<br>125 East 8th Avenue<br>Eugene, OR  97401<br>Sebastian.tapia@co.lane.or.us<br>Stephen.dingle@co.lane.or.us |
| Of Attorneys for Corizon defendants. | Of Attorneys for Lane Co. defendant. |

by the following method/s:

    _____ mail with postage prepaid, deposited in the US mail at Portland, OR
    __X__ service made via electronic mailing and/or CM/ECF filing
    _____ hand delivery
    _____ facsimile transmission
    _____ overnight delivery.

Dated this 18th day of May, 2015.

    /s/ Elden M. Rosenthal
    ELDEN M. ROSENTHAL, OSB No. 722174
    MICHAEL A. GREENE, OSB No. 802445
    JOHN T. DEVLIN, OSB No. 042690
    *Of Attorneys for Plaintiff*

Page 1 – CERTIFICATE OF SERVICE