**Richard K. Hansen**, OSB #832231
Email: rhansen@schwabe.com
**Anne M. Talcott**, OSB #965325
Email: atalcott@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: (503) 222-9981
Facsimile: (503) 796-2900

**James M. Daigle**, OSB #942843
Email: jmdaigle@lawssl.com
**Adam S. Heder**, OSB #151144
Email: aheder@lawssl.com
STEWART SOKOL & LARKIN LLC
2300 SW First Ave., Suite 200
Portland, OR 97201-0699
Telephone: (503) 221-0699
Facsimile: (503) 223-5706

Attorneys for Defendant Corizon Health, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| DEREK JOHNSON, personal representative of KELLY CONRAD GREEN II, deceased; KELLY CONRAD GREEN and SANDY PULVER, <br><br> Plaintiffs, <br><br> vs. <br><br> CORIZON HEALTH, INC., a Tennessee corporation; LANE COUNTY, an Oregon county; DR. JUSTIN MONTOYA, an individual; VICKI THOMAS, an individual; KIRSTIN WHITE, an individual; and SHARON EPPERSON, (née FAGAN), an individual, <br><br> Defendants. | Case No. 6:13-cv-01855-TC <br><br> **CORIZON DEFENDANTS' PROPOSED JURY INSTRUCTIONS** |

Page 1 -    CORIZON DEFENDANTS' PROPOSED JURY INSTRUCTIONS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

Defendants Corizon Health, Inc. (Corizon), Dr. Justin Montoya, Vicki Thomas, Kirstin White, and Sharon Epperson (nee Fagan) requests that the instructions set out herein be given to the jury.

## INDEX OF INSTRUCTIONS

**CORIZON DEFENDANTS' PROPOSED JURY INSTRUCTIONS** ..................................... 5

1. Ninth Circuit Model Civil Jury Instruction (MCJI) 1.1A – Duty of Jury (Court Reads and Provides Written Set of Instructions) ..................................... 5

2. MCJI 1.1C – Duty of Jury (Court Reads and Provides Written Instructions at End of Case) ..................................... 6

3. MCJI 1.12 – Conduct of the Jury ..................................... 7

4. MCJI 1.19 – Outline of Trial ..................................... 8

5. Corizon Requested Special Instruction 1 – Fair Treatment, Different Legal Rights .......... 9

6. MCJI 1.3 – Burden of Proof—Preponderance of the Evidence ..................................... 10

7. MCJI 1.4 – Burden of Proof—Clear and Convincing Evidence ..................................... 11

8. MCJI 1.2 – Claim and Defenses ..................................... 12

9. MCJI 1.6 – What Is Evidence ..................................... 13

10. MCJI 1.7 – What Is Not Evidence ..................................... 14

11. MCJI 1.8 – Evidence for a Limited Purpose ..................................... 15

12. MCJI 1.9 – Direct and Circumstantial Evidence ..................................... 16

13. MCJI 1.10 – Ruling on Objections ..................................... 17

14. Corizon Requested Special Instruction 2 – Expert Opinion ..................................... 18

15. MCJI 3.1 – Duty to Deliberate ..................................... 19

16. MCJI 3.1A – Consideration of Evidence—Conduct of the Jury ..................................... 20

17. Oregon Uniform Civil Jury Instruction (UCJI) 20.01 – Common Law Negligence—Introduction and Elements ..................................... 21

18. UCJI 44.01 – Duty of Medical Professional ..................................... 22

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\128493\202445\AMT\15919129.1

19.    UCJI 44.03 – Professional Perfection Not Required ........................................ 23

20.    UCJI 23.01 – Causation—"But For" .......................................................... 24

21.    Corizon Requested Special Instruction 4 – Elements of Gross Negligence .................... 25

22.    MCJI 9.1 – Section 1983 Claim—Introductory Instruction ............................... 26

23.    MCJI 9.2 – Section 1983 Claim Against Defendant In Individual Capacity—
       Elements and Burden of Proof .................................................................. 27

24.    MCJI 9.25 – Particular Rights—Eighth Amendment—Prisoner's Claim Re:
       Conditions of Confinement/Medical Care ................................................ 28

25.    Corizon Requested Special Jury Instruction 5 – Deliberate Indifference –
       Individual Capacity ................................................................................ 29

26.    MCJI 9.7 – Section 1983 Claim Against Local Governing Body Defendnats
       Based on Policy of Failure to Train—Elements and Burden of Proof .............. 30

27.    Corizon Requested Special Instruction 6 – Deliberate Indifference – Failure to
       Train ...................................................................................................... 32

28.    MCJI 9.4 – Section 1983 Claim Against Local Governing Body Defendants
       Based on Official Policy, Practice, or Custom—Elements and Burden of Proof.......... 33

29.    Corizon Requested Special Instruction 7 – Longstanding Policy or Custom ................ 34

30.    Corizon Requested Special Instruction 8 – Post-Event Evidence Offered To Prove
       Existence of Official Policy ...................................................................... 35

31.    Corizon Requested Special Instruction 9 – Ratification of Employee's Conduct to
       Prove Policy ........................................................................................... 36

32.    Corizon Requested Special Instruction 10 – Causation for § 1983 Claims .................. 37

33.    Corizon Requested Special Instruction 11 – Damages—Preliminary Instruction.......... 38

34.    MCJI 5.6 – Nominal Damages.................................................................... 39

35.    UCJI 71.02 – Damages for Death—Economic ............................................ 40

36.    UCJI 71.01 – Damages for Death—Noneconomic....................................... 41

37.    MCJI 5.5 – Punitive Damages.................................................................... 42

38.    Corizon Requested Special Instruction 12 - Arguments of Counsel Are Not Proof
       of Damages ............................................................................................ 43

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

39.     Corizon Requested Special Instruction 13 – Rule Against Double Recovery .................. 44

40.     Corizon Requested Special Instruction 14 - Attorneys' Fees and Costs Should Not
        Be Considered ................................................................................................................ 45

41.     Corizon Requested Special Instruction 15 – Comparative Negligence—Two or
        More Persons Potentially At Fault ................................................................................. 46

42.     Corizon Requested Special Instruction 16 – Modification of Contract ........................... 47

43.     Corizon Requested Special Instruction 17 – Waiver of Contract Term .......................... 48

Page 4 -     CORIZON DEFENDANTS' PROPOSED JURY
             INSTRUCTIONS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

**CORIZON DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

1.     Ninth Circuit Model Civil Jury Instruction (MCJI) 1.1A – Duty of Jury (Court Reads and Provides Written Set of Instructions)

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

2.    MCJI 1.1C – Duty of Jury (Court Reads and Provides Written Instructions at End of Case)

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

3.    MCJI 1.12 – Conduct of the Jury

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

4.    MCJI 1.19 – Outline of Trial

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

5.    Corizon Requested Special Instruction 1 – Fair Treatment, Different Legal Rights

All parties are equal before the law and a corporation and a public entity are entitled to the same fair and conscientious consideration by you as any party.

You should decide the case as to each defendant separately.  Each instruction applies only to the parties described in that instruction.[1]

---

[1] This instruction is a modified combination of MCJI 4.1 – Corporations and Partnerships and MCJI 1.5 – Two or More Parties—Different Legal Rights.  The second sentence of the last paragraph has been modified from "Unless otherwise stated, the instructions apply to all parties," to state instead that "Each instruction applies only to the parties identified in that instruction" to account for the numerous instructions in this case that will necessarily apply to less an all defendants.

Page 9 -    CORIZON DEFENDANTS' PROPOSED JURY
INSTRUCTIONS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

6.    MCJI 1.3 – Burden of Proof—Preponderance of the Evidence

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\128493\202445\AMT\15919129.1

7.   MCJI 1.4 – Burden of Proof—Clear and Convincing Evidence

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

8.      MCJI 1.2 – Claim and Defenses

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiffs make the following claims in this case:

- Plaintiffs claim that defendants Corizon and Lane County engaged in negligent conduct both before and after the decedent attempted to commit suicide and that that conduct caused damage both to the decedent and to plaintiffs.

- Plaintiffs claim that defendant Corizon engaged in grossly negligent or reckless conduct both before and after the decedent attempted to commit suicide and that that conduct caused damage both to the decedent and to the plaintiffs.

- Plaintiffs claim that all defendants engaged in conduct that violated the constitutional rights of the decedent, as follows:

    o  Plaintiffs claim that defendants White, Epperson, and Thomas were "deliberately indifferent" to the decedent's medical needs after the decedent attempted to commit suicide, resulting in a violation of the decedent's constitutional rights, which violation caused damage to the decedent and to plaintiffs;

    o  Plaintiffs claim that defendants Corizon, Montoya, and Thomas failed to adequately train Corizon employees, that that failure to train resulted in the violation of the decedent's constitutional rights, and that that violation caused damage to the decedent and to plaintiffs;

    o  Plaintiffs claim that defendants Corizon and Lane County had policies, practices, or customs that resulted in the violation of the decedent's constitutional rights, and that that violation caused damages to the decedent and to plaintiffs;

The plaintiffs have the burden of proving these claims.

Defendants Corizon, Montoya, Thomas, White, and Epperson admit that defendant White's medical treatment provided to the decedent after he attempted to commit suicide fell below the applicable standard of care. But the defendants deny that any conduct on their part was a cause of the decedent's suicide attempt and the other injuries that followed that suicide attempt. Instead, the defendants' position is that the decedent, in attempting to commit suicide, caused the injuries at issue in this case.[2]

_____

[2] MCJI 1.2 has been modified to conform to the specific issues in this case.

Page 12 -    CORIZON DEFENDANTS' PROPOSED JURY
             INSTRUCTIONS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

9.    MCJI 1.6 – What Is Evidence

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

10.     MCJI 1.7 – What Is Not Evidence

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

11.    MCJI 1.8 – Evidence for a Limited Purpose

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\128493\202445\AMT\15919129.1

12.    MCJI 1.9 – Direct and Circumstantial Evidence

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

13.    MCJI 1.10 – Ruling on Objections

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

14.    Corizon Requested Special Instruction 2 – Expert Opinion

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all other evidence in the case.

In deciding whether to accept the testimony of an expert witness, you may additionally consider whether the facts relied on by the expert witness in forming his or her opinion are supported by the evidence, whether the expert witness has or will be paid for his or her testimony, whether the expert witness's income from testifying represents a significant portion of his or her total income, and whether the expert testifies regularly for a particular side of a case.[3]

---

[3] The first two paragraphs of this instruction comprise MCJI 2.11 – Expert Opinion. The third paragraph is supported by Fed. R. Civ. P. 26(a)(2)(B)(v) & (vi), Fed. R. Evid. 607, Fed. R. Evid. 702, and *Fisher v. United States*, 231 F.2d 99, 105 (9th Cir. 1956) (error to exclude evidence that a witness was paid for the witness's testimony).

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

15.    MCJI 3.1 – Duty to Deliberate

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

16.    MCJI 3.1A – Consideration of Evidence—Conduct of the Jury

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

17.     Oregon Uniform Civil Jury Instruction (UCJI) 20.01 – Common Law Negligence—
        Introduction and Elements

The law assumes that all people have obeyed the law and have been free from negligence. The mere fact that an accident or injury occurred is not sufficient by itself to prove negligence. It is, however, something you may consider along with other evidence.

Plaintiffs have made a claim for negligence against defendants Corizon and Lane County. This requires plaintiffs to prove each of the following with respect to each of those two defendants:

(1)     The defendants' conduct was negligent;

(2)     The defendants' negligent conduct was a cause of harm to the plaintiffs; and

(3)     The harm was reasonably foreseeable.[4]

---

[4] UCJI 20.01 has been modified to reflect the multiple parties in this case.

Page 21 -    CORIZON DEFENDANTS' PROPOSED JURY
             INSTRUCTIONS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

18.    UCJI 44.01 – Duty of Medical Professional

A medical professional has the duty to use that degree of care, skill, and diligence that is used by ordinarily careful medical professionals practicing in the same or similar circumstances in the same or a similar community.  A failure to use such care, skill, or diligence is negligence.

This case involves the duties of three medical professionals:  Kirstin White, Sharon Epperson, and Vicki Thomas.

Kirstin White is a certified physician's assistant.  She therefore had a duty to use that degree of care, skill, and diligence that is used by ordinarily careful physicians' assistants practicing in the same or similar circumstances in the same or similar community.  Defendants admit that that Kirstin White failed to use the care, skill, and diligence required of an ordinarily careful certified physician's assistant.  You must still decide, however, whether Kirstin White's negligent conduct was a cause of any damages in this case.

Sharon Epperson and Vicki Thomas are registered nurses.  They both therefore had a duty to use that degree of care, skill, and diligence that is used by ordinarily careful registered nurses practicing in the same or similar circumstances in the same or similar community. [5]  You must decide if Sharon Epperson and Vicki Thomas used the care, skill, and diligence required of an ordinarily careful registered nurse.

_____

[5] UCJI 44.01 has been modified to reflect the specific issues involved in this case.

Page 22 -    CORIZON DEFENDANTS' PROPOSED JURY
INSTRUCTIONS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\128493\202445\AMT\15919129.1

19.    UCJI 44.03 – Professional Perfection Not Required

Medical professionals, including registered nurses, are not negligent merely because their efforts were unsuccessful.  A medical professional does not guarantee a good result by undertaking to perform a service.[6]

---

[6] UCJI 44.03 has been modified to reflect the specific issues in this case.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\128493\202445\AMT\15919129.1

20.    UCJI 23.01 – Causation—"But For"

The Defendants' conduct is a cause of the decedent's injury if the injury would not have occurred but for that conduct; conversely, the Defendants' conduct is not a cause of the decedent's injury if that injury would have occurred without that conduct.[7]

---

[7] UCJI 23.01 is modified to reflect the multiple parties in this case and also to elect the word "injury."

Page 24 -    CORIZON DEFENDANTS' PROPOSED JURY
              INSTRUCTIONS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

21.     Corizon Requested Special Instruction 4 – Elements of Gross Negligence

Plaintiffs have made a claim for gross negligence against defendant Corizon.  This requires the plaintiffs to prove each of the following with respect to Corizon:

(1)     Corizon's conduct was grossly negligent;

(2)     Corizon's grossly negligent conduct was a cause of harm to the plaintiffs; and

(3)     The harm was reasonably foreseeable.

"Gross negligence" is negligence of a substantially greater degree than ordinary negligence.  To establish gross negligence, the plaintiffs must show that Corizon acted with reckless disregard of safety or indifference to the probable consequences of Corizon's acts.[8]

---

[8] This instruction is modeled on UCJI 20.01 – Common Law Negligence—Introduction and Elements.  The standard for gross negligence is set out in *Fassett v. Santiam Loggers, Inc.*, 267 Or. 505, 508, 517 P.2d 1059 (1973) and *Howard v. Chimps, Inc.*, 251 Or. App. 636, 647, 284 P.3d 1181 (2012).

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\128493\202445\AMT\15919129.1

22.    MCJI 9.1 – Section 1983 Claim—Introductory Instruction

The plaintiffs bring some claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.[9]

---

[9] MCJI 9.1 has been modified to reflect the multiple parties and multiple claims in this case.

Page 26 -    CORIZON DEFENDANTS' PROPOSED JURY
INSTRUCTIONS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

23.    MCJI 9.2 – Section 1983 Claim Against Defendant In Individual Capacity—Elements and Burden of Proof

In order to prevail on their § 1983 claims against defendants Montoya, Thomas, White, and Epperson, the plaintiffs must prove each of the following elements by a preponderance of the evidence:

(1)    the defendant acted under color of law; and

(2)    the acts of the defendant deprived the decedent of his particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.  The parties have stipulated that the Defendants acted under color of law.

If you find that plaintiffs have proved each of these elements, and if you find that plaintiffs have proved all the elements they are required to prove under Instructions 24 and 25, your verdict should be for plaintiffs with respect to the above-identified defendants.  If, on the other hand, plaintiffs have failed to prove any one or more of these elements, your verdict should be for the defendants.[10]

---

[10] MCJI 9.2 has been modified to reflect the specific issues in this case.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\128493\202445\AMT\15919129.1

24.     MCJI 9.25 – Particular Rights—Eighth Amendment—Prisoner's Claim Re: Conditions of Confinement/Medical Care

As explained in the previous Instruction, plaintiffs have the burden to prove that the acts of defendants White, Epperson, and Thomas deprived the decedent of particular rights under the United States Constitution.  In this case, plaintiffs allege that the conduct of defendants White, Epperson, and Thomas subsequent to the decedent's suicide attempt deprived the decedent of his rights under the Fourteenth Amendment to the Constitution.

Under the Fourteenth Amendment, a person confined in a jail has the right to be free from "cruel and unusual punishments."  This includes the right to have medical providers on-site at the jail facility not act with "deliberate indifference" to the person's serious medical needs.  In order to prove that any of the previously mentioned defendants deprived the decedent of this right, plaintiffs must prove the following additional elements by a preponderance of the evidence:

(1)     The decedent faced a serious medical need;

(2)     Defendants White, Epperson, or Thomas were "deliberately indifferent" to that medical need, that is, those defendants knew of the serious medical need and disregarded it by failing to take reasonable measures to address it; and

(3)     The acts of the Defendants caused harm to the plaintiffs.

In determining whether any of the previously mentioned defendants violated the decedent's rights as alleged, you should give deference to jail officials in the adoption and execution of policies and practices that in their judgment are needed to preserve discipline and to maintain internal security.[11]

---

[11] MCJI 9.25 has been modified to reflect the specific issues in this case.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

25.    Corizon Requested Special Jury Instruction 5 – Deliberate Indifference – Individual Capacity

"Deliberate indifference" is the conscious choice to disregard the consequences of one's acts or omissions.

Ordinary negligence is not sufficient to establish deliberate indifference.  Instead, the lack of medical treatment must be intentional; an accident or inadvertent failure to provide proper medical care is insufficient to establish deliberate indifference to serious medical needs.

Deliberate indifference must satisfy both an objective standard and a subjective standard.  The objective standard requires the plaintiffs to prove that the alleged deprivation was serious enough to constitute cruel and unusual punishment.  The subjective standard requires the plaintiffs to prove that a particular Defendant actually knew about an excessive risk of harm to the decedent, but chose to disregard that risk.  Put differently, Plaintiffs must prove that a defendant was actually aware of facts from which an inference could be drawn that a substantial risk of harm existed, and plaintiffs also must prove that the defendant actually drew that inference.[12]

---

[12] The first paragraph is drawn from MCJI 9.7.  The remaining paragraphs are supported by *Estelle v. Gamble*, 429 U.S. 97 (1976), as well as *Farmer v. Brennan*, 511 U.S. 825 (1994) and *Wilson v. Seiter*, 501 U.S. 294 (1991).

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

26.    MCJI 9.7 – Section 1983 Claim Against Local Governing Body Defendnats Based on Policy of Failure to Train—Elements and Burden of Proof

In order to prevail on their § 1983 claims against defendants Corizon, Montoya, and Thomas alleging liability based on a policy of failure to train Corizon employees, the plaintiffs must prove each of the following elements by a preponderance of the evidence:

(1)    the employees or subordinates of Corizon, Thomas, or Montoya deprived the decedent of his particular rights under the United States Constitution as explained in Instructions 24 and 25;

(2)    the employees or subordinates of the previously mentioned defendants acted under color of law;

(3)    the training policies of the previously mentioned defendants were not adequate to train their employees or subordinates to handle the usual and recurring situations with which they must deal;

(4)    the previously mentioned defendants were deliberately indifferent to the obvious consequences of their failure to train their employees or subordinates adequately; and

(5)    the failure of the previously mentioned defendants to provide adequate training caused the deprivation of the decedent's rights by those defendants' employees or subordinates; that is, those defendants' failure to train is so closely related to the deprivation of the decedent's rights as to be the moving force that caused the ultimate injury.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.  The parties have stipulated that the supervisory defendants acted under color of law.

"Deliberate indifference," as previously explained in more detail in Instruction 25, is the conscious choice to disregard the consequences of one's acts or omissions.  The plaintiffs may prove deliberate indifference in the context of this claim by showing that the previously mentioned defendants knew their failure to train adequately made it highly predictable that their employees or subordinates would engage in conduct that would deprive persons such as the decedent of his rights.

If you find that plaintiffs have proved each of these elements, and if you find that plaintiffs have proved all the elements they are required to prove under Instructions 24 and 25,

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

your verdict should be for the plaintiffs.  If, on the other hand, plaintiffs have failed to prove any one or more of these elements, your verdict should be for the defendants.[13]

---

[13] MCJI 9.7 has been modified to reflect the multiple parties and specific issues in this case.

Page 31 -   CORIZON DEFENDANTS' PROPOSED JURY
            INSTRUCTIONS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

27.    Corizon Requested Special Instruction 6 – Deliberate Indifference – Failure to Train

As I previously instructed you, one element that plaintiffs must prove in order to prove their § 1983 claims based on Corizon's, Montoya's, or Thomas's alleged failure to provide adequate training is that those defendants were deliberately indifferent to the obvious consequences of their failure to train.  To prove deliberate indifference in the context of a failure to train claim, plaintiffs must prove, with respect to each previously mentioned defendant, that one of the two following facts exist:

(1)    Plaintiffs must prove that the conduct allegedly resulting from the failure to train was consistent with a pattern of similar constitutional violations by untrained employees; or

(2)    Plaintiffs must prove that the specific constitutional violation in this case was a rare instance in which the unconstitutional consequences of failing to train were so patently obvious that a prior pattern of similar constitutional violations is unnecessary to show the particular defendants knowledge of the need for training. [14]

---

[14] *Connick v. Thompson*, 131 S. Ct. 1350, 1354, 1361 (2011); *City of Canton v. Harris*, 489 U.S. 378 (1989).

Page 32 -    CORIZON DEFENDANTS' PROPOSED JURY
             INSTRUCTIONS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

28.    MCJI 9.4 – Section 1983 Claim Against Local Governing Body Defendants Based on Official Policy, Practice, or Custom—Elements and Burden of Proof.

In order to prevail on their § 1983 claim against defendants Lane County and Corizon alleging liability based on an official policy, practice, or custom, plaintiffs must prove each of the following elements by a preponderance of the evidence:

(1)    Corizon's or Lane County's officials or employees acted under color of law;

(2)    the act(s) of those officials or employees deprived the decedent of particular rights under the United States Constitution as explained Instructions 24 and 25; and

(3)    Corizon's or Lane County's officials or employees acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendant.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.  The parties have stipulated that Corizon's and Lane County's officials and employees acted under color of law.

"Official policy" means a rule or regulation promulgated, adopted, or ratified by Corizon or Lane County.

"Practice or custom" means any permanent, widespread, well-settled practice or custom that constitutes a standard operating procedure of Corizon or Lane County.

If you find plaintiffs have proved each of these elements, and if you find that plaintiffs have proven all the elements that they are required to prove under Instructions 24 and 25, your verdict should be for plaintiffs.  If, on the other hand, plaintiffs have failed to prove any one or more of these elements, your verdict should be for defendants.[15]

---

[15] MCJI 9.4 has been modified to reflect the specific issues in this case.

Page 33 -    CORIZON DEFENDANTS' PROPOSED JURY INSTRUCTIONS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

29.    Corizon Requested Special Instruction 7 – Longstanding Policy or Custom

    To prove the existence of the type of "longstanding practice or custom" referred to in Instruction No. 28, plaintiffs must prove the existence of a practice that is so permanent, widespread, and well-settled as to constitute a custom or usage with the force of law despite the absence of written authorization or express policy.[16]

---

[16] *Peschel v. City of Missoula*, 686 F. Supp. 2d 1107, 1117 (D. Mont. 2009); *Bouman v. Block*, 940 F.2d 1211, 1231 (9th Cir. 1991); *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

30.    Corizon Requested Special Instruction 8 – Post-Event Evidence Offered To Prove
        Existence of Official Policy

You may infer the existence of the type of "official policy" referred to in Instruction No.
28 from evidence of defendant Corizon's conduct after the decedent's injury, but only if you find
that that evidence shows a complete absence of remedial measures taken by persons with
policymaking authority at Corizon in response to the decedent's injury.[17]

---

[17] *Gomez v. Vernon*, 255 F.3d 1118, 1122-23 (9th Cir. 2001); *Larez v. City of Los
Angeles*, 946 F.2d 630, 633-35 (9th Cir. 1991); *Grandstaff v. The City of Borger, Texas*, 767 F.2d
161, 171 (5th Cir. 1985).

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

31.    Corizon Requested Special Instruction 9 – Ratification of Employee's Conduct to Prove Policy

You may infer the existence of the type of "official policy" referred to in Instruction No. 28 from evidence of defendant Corizon's conduct after the decedent's injury, but only if you find that that evidence shows that persons with policymaking authority at Corizon expressly endorsed both the conduct of its employees and the basis for that conduct.[18]

---

[18] *Gillette v. City of Eugene*, 979 F.2d 1342, 1348 (9th Cir. 1992); *see also City of St. Louis v. Praprotnik*, 485 U.S. 112, 123-24 (1988).

Page 36 -    CORIZON DEFENDANTS' PROPOSED JURY
INSTRUCTIONS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

32.    Corizon Requested Special Instruction 10 – Causation for § 1983 Claims

In order to establish that the acts of any defendant deprived the decedent of particular rights under the United States Constitution as explained in the preceding instructions, plaintiffs must prove by a preponderance of the evidence that the acts were or was so closely related to the deprivation of the decedent's rights as to be the moving force that caused the ultimate injury and damage.

Additionally, plaintiffs must prove by a preponderance of the evidence that defendants' conduct was the "proximate cause" of the decedent's injury.  A defendant's conduct is the "proximate cause" of an injury if the decedent's injury was a reasonably foreseeable consequence of a defendants' action.  However, if the decedent's injury was the result of an independent cause that intervened between the defendants' conduct and the decedent's injury and produced injury that was not reasonably foreseeable by the defendant whom you are considering, the defendants are not the proximate cause of the decedent's injury.[19]

---

[19] The first paragraph is drawn from MCJI 9.8.  The second paragraph is supported by *Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency*, 216 F.3d 764, 783 (9th Cir. 2000), *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 837 (9th Cir. 1996), *Stevenson v. Koskey*, 877 F.2d 1435, 1439 (9th Cir. 1989), and *Arnold v. IBM Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); Martin A. Schwarz & George C. Pratt, *Section 1983 Litigation:  Jury Instructions* § 14.01 (2015).

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

33.    Corizon Requested Special Instruction 11 – Damages—Preliminary Instruction

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for plaintiffs on any of the plaintiffs' claims, you must determine the plaintiffs' damages.  Damages means the amount of money that will reasonably and fairly compensate the plaintiffs for any injury you find was caused by the defendants.

There are four types of damages alleged in this case, nominal, economic, noneconomic, and punitive damages.  Nominal damages relate only to plaintiffs' claims under § 1983.  The remaining three types of damages—that is, economic, noneconomic, and punitive damages—relate to all of plaintiffs' claims in this case.  I will explain those different types of damages in more detail shortly.

Of these four types of damages, you should consider those which you find to have been sustained by plaintiffs as a result of any defendant's fault.

The plaintiffs must prove economic and noneconomic damages by a preponderance of the evidence and punitive damages by clear and convincing evidence.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork, or conjecture.[20]

---

[20] This instruction combines MCJI 5.1 – Damages—Proof and UCJI 70.01 – Damages—Preliminary Instruction.  Corizon has attempted to draw aspects of those two instructions in order to craft an instruction that is most helpful in the context of this case of both orienting the jury to the issue of damages generally and also introducing the different types of damages that the jury will be asked to consider.  Corizon has modified the third paragraph heavily in order to identify clearly the different categories of damages at issue.

Page 38 -    CORIZON DEFENDANTS' PROPOSED JURY
INSTRUCTIONS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

34.    MCJI 5.6 – Nominal Damages

As I just mentioned, the law which applies to plaintiffs' claims under § 1983 authorizes an award of nominal damages.  If you find for the plaintiffs on any of plaintiffs' § 1983 claims, but you find that the plaintiffs have failed to prove damages as defined in these instructions, you must award nominal damages.  Nominal damages may not exceed one dollar.[21]

---

[21] MCJI 5.6 has been modified to reflect the multiple parties and specific issues in this case.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\128493\202445\AMT\15919129.1

35.    UCJI 71.02 – Damages for Death—Economic

Economic damages are objectively verifiable monetary losses.  There is only one category of economic damages at issue in this case; specifically, any reasonable and necessary charges incurred for doctors' services, hospital services, nursing services, other medical services, burial services, and memorial services rendered for the decedent.  You may not award any other type of economic damages.[22]

_____

[22] UCJI 71.02 has been modified to reflect the specific issues in this case, including specifically the unavailability of any lost income damages to decedent or to decedent's estate, based on the undisputed fact that the decedent was not employed in the time leading up to his injury or between his injury and subsequent passing.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

36.    UCJI 71.01 – Damages for Death—Noneconomic

Noneconomic damages are subjective, nonmonetary losses. The law does not furnish you with any fixed standard by which to measure the exact amount of noneconomic damages, but the law requires that they be reasonable. You must apply your own considered judgment to determine the amount of noneconomic damages.

In determining the amount of noneconomic damages, if any, consider each of the following:

(1)    Any disability, pain, and suffering sustained by the decedent during the period between the decedent's injury and the decedent's death.

(2)    Any loss of society, companionship, and the services of the decedent sustained by the decedent's parents.  In determining this loss, you may consider:

(a)    Any love, affection, guidance, moral training, and education the decedent might reasonably have been expected to provide had the decedent lived;

(b)    Any services the decedent customarily performed for them in the past;

(c)    Any services the decedent might reasonably have been expected to perform for them in the future;

(d)    The decedent's age, ability, life expectancy, health, habits, industry, sobriety, and thrift; and

(e)    The age, health, and life expectancy of the decedent's parents.[23]

---

[23] UCJI 71.01 is modified to reflect the specific issues in this case.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\128493\202445\AMT\15919129.1

37.    MCJI 5.5 – Punitive Damages

If you find for plaintiffs, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate plaintiffs.

The plaintiffs have the burden of proving by clear and convincing evidence that punitive damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages only if you find that a defendant's conduct that harmed the decedent was malicious, oppressive or in reckless disregard of the decedent's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the decedent. Conduct is in reckless disregard of the decedent's rights if, under the circumstances, it reflects complete indifference to the decedent's safety or rights, or if a defendant acts in the face of a perceived risk that its actions will violate the decedent's rights under federal law. An act or omission is oppressive if a defendant injures or damages or otherwise violates the rights of the decedent with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the decedent.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of a defendant's conduct. You may not, however, set the amount of any punitive damages in order to punish a defendant for harm to anyone other than the decedent in this case.

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted by a defendant on the decedent.[24]

---

[24] MCJI 5.5 is modified to reflect the multiple parties and specific issues in this case.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

38.    Corizon Requested Special Instruction 12 - Arguments of Counsel Are Not Proof of Damages

       The arguments of the attorneys are not evidence or proof of damages.  Your award, if any, must be based on your reasoned judgment applied to the testimony of the witnesses and other evidence that has been admitted during trial.[25]

---

[25] *See* MCJI 1.7.

Page 43 -   CORIZON DEFENDANTS' PROPOSED JURY
           INSTRUCTIONS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\128493\202445\AMT\15919129.1

39.    Corizon Requested Special Instruction 13 – Rule Against Double Recovery

The plaintiffs may not recover twice for the same injury.  Accordingly, if you find that the plaintiffs are entitled to a verdict on more than one of their claims for relief, you must remember that, in calculating the damages, plaintiffs are entitled to be compensated only once for the injury that decedent suffered.  If you find that plaintiffs are entitled to a verdict on more than one of their claims for relief, the amount of damages that you award, if any, must remain the same as it would be if you found that the plaintiffs were entitled to a verdict on only one of their claims.[26]

---

[26] *See, e.g.*, *Wang v. Hsu*, 1993 U.S. App. LEXIS 33611 (Dec. 7, 1993) (unpublished decision) (recognizing rule against double recovery for single wrong); *Minyard Enterprises, Inc. v. Se. Chenical & Solvent Co.*, 184 F.3d 373, 381-82 n.10 (4th Cir. 1999) (same); *Twin City Fed. Sav. & Loan Ass'n v. Transamerica Ins. Co.*, 491 F.2d 1122, 1125 (8th Cir. 1974) (same); Martin A. Schwarz & George C. Pratt, *Section 1983 Litigation:  Jury Instructions* § 18.05 (2015).

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

40.     Corizon Requested Special Instruction 14 - Attorneys' Fees and Costs Should Not Be
        Considered

In the event you find in plaintiffs' favor on any claim and further conclude that plaintiffs
are entitled to damages, you should not consider attorneys' fees or court costs in deciding the
amount of damages to award plaintiffs.  The issue of attorneys' fees will be addressed, if at all,
by the Court after you have reached your verdict.[27]

---

[27] *See* 42 U.S.C. § 1988(b) (authorizing *court* to impose attorney fees); *cf. Moreno v. City
of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) (court decided attorneys' fees claim).

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

41.    Corizon Requested Special Instruction 15 – Comparative Negligence—Two or More Persons Potentially At Fault

The parties in this case claim that the injury or damage was the fault of one or more of the other parties. Defendants also claim that the injury or damage was the fault of decedent. You must decide who, if anyone, was at fault in causing the injury or damage to the decedent.

Next, if more than one party is at fault, you must compare the fault of each to the other(s). In making this comparison, you must measure the percentage of fault of each and not the percentage of damage caused by each.

This comparison of fault must be expressed in terms of percentages that total 100 percent.

In assessing the relative fault of each party, you should consider the sum total of events that led to the decedent's injuries.

If the decedent's fault is more than 50 percent, then your verdict is for the defendants. On the other hand, if the decedent's fault is 50 percent or less, your verdict is for the plaintiffs. Do not reduce the amount of the plaintiffs' damages, if any, as a result of your comparison. I will reduce any amount you award the plaintiffs by the percentage of the decedent's fault, if any.[28]

---

[28] This instruction is UCJI 21.04 – Comparative Negligence—Two or More Persons Potentially At Fault, with the exception of the fourth paragraph. The fourth paragraph is supported by *Dahl v. Bayerische Motoren Werke (BMW)*, 304 Or. 558, 562-63, 748 P.2d 77 (1987).

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

42.    Corizon Requested Special Instruction 16 – Modification of Contract

The parties to a contract may modify that contract by mutual assent or, in different words, by a "meeting of the minds" to modify the contract.  The modification must be supported by consideration.  Consideration is defined as some right, interest, profit, or benefit to one party to the contract, and some forbearance, loss, or responsibility given, suffered, or undertaken by the other party to the contract.

You may infer mutual assent to modify a contract from the actions of the parties to the contract.[29]

---

[29] *Bennett v. Farmers Ins. Co.*, 332 Or. 138, 148, 26 P.3d 785 (2001); *Emmert v. No Problem Harry, Inc.*, 222 Or. App. 151, 155, 192 P.3d 844 (2008).

CORIZON DEFENDANTS' PROPOSED JURY
INSTRUCTIONS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

43.     Corizon Requested Special Instruction 17 – Waiver of Contract Term

A party to a written contract may waive enforcement of a provision of that contract.  A party may decide to waive enforcement of a contract provision unilaterally, and the waiver need not be supported by consideration.

You may infer a waiver of a contract term from the conduct of the party.[30]

---

[30] *Bennett v. Farmers Ins. Co.*, 332 Or. 138, 156, 26 P.3d 785 (2001)

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\128493\202445\AMT\15919129.1

Dated this 18th day of May, 2015.

Respectfully submitted,

SCHWABE, WILLIAMSON & WYATT, P.C.


By:      /s/Richard K. Hansen
        Richard K. Hansen, OSB #832231
        Anne M. Talcott, OSB #965325
        Telephone: 503.222.9981
        Facsimile: 503.796.2900

        James M. Daigle, OSB #942843
        Adam S. Heder, OSB #151144
        Telephone: 503.221.0699
        Facsimile: 503.223.5706

        Trial Attorney: Richard K. Hansen

        Of Attorneys for Defendants, Corizon
        Health, Inc., Dr. Justin Montoya, Vicki
        Thomas, Kirstin White, Sharon Epperson
        (née Fagan)

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

## <u>CERTIFICATE OF SERVICE</u>

The undersigned declares under penalty of perjury, under the laws of the State of Oregon,

that the following is true and correct:

That on the 18th day of May, 2015, I arranged for service of the foregoing CORIZON

DEFENDANTS' PROPOSED JURY INSTRUCTIONS to the parties to this action as follows:

Elden M. Rosenthal
Rosenthal, Greene & Devlin PC
121 SW Salmon St Ste 1090
Portland, OR 97204-2920
E-Mail: elden@rgdpdx.com

Sebastian Tapia
Attorney
Lane County Office of Legal Counsel
125 East Eighth Avenue
Eugene, OR 97401
E-Mail: sebastian.tapia@co.lane.or.us

James Daigle
Adam Heder
Stewart Sokol & Larkin LLC
2300 SW First Ave., Ste. 200
Portland, OR 97201
E-Mail: jmdaigle@lawssl.com
E-Mail: aheder@lawssl.com

Robert L. Goldstucker
Nall & Miller LLP
235 Peachtree St., NE
Ste. 1500 – North Tower
Atlanta, GA 30303
E-Mail: bgoldstucker@nallmiller.com

by:

| | |
|---|---|
| ☐ | U.S. Postal Service, ordinary first class mail |
| ☐ | U.S. Postal Service, certified or registered mail, return receipt requested |
| ☐ | hand delivery |
| ☐ | facsimile |
| ☒ | electronic service: CM/ECF |
| ☐ | other (specify) _____ |

_____/s/Richard K. Hansen_____
Richard K. Hansen

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900