**Richard K. Hansen**, OSB #832231
Email: rhansen@schwabe.com
**Anne M. Talcott**, OSB #965325
Email: atalcott@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: (503) 222-9981
Facsimile: (503) 796-2900

**James M. Daigle**, OSB #942843
Email: jmdaigle@lawssl.com
**Adam S. Heder**, OSB #151144
Email: aheder@lawssl.com
STEWART SOKOL & LARKIN LLC
2300 SW First Ave., Suite 200
Portland, OR 97201-0699
Telephone: (503) 221-0699
Facsimile: (503) 223-5706

Attorneys for Defendant Corizon Health, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| DEREK JOHNSON, personal representative of KELLY CONRAD GREEN II, deceased; KELLY CONRAD GREEN and SANDY PULVER,<br><br>Plaintiffs,<br><br>vs.<br><br>CORIZON HEALTH, INC., a Tennessee corporation; LANE COUNTY, an Oregon county; DR. JUSTIN MONTOYA, an individual; VICKI THOMAS, an individual; KIRSTIN WHITE, an individual; and SHARON EPPERSON (née FAGAN), an individual,<br><br>Defendants. | Case No. 6:13-cv-01855-TC<br><br>TRIAL MEMORANDUM BY DEFENDANTS CORIZON HEALTH, INC., DR. JUSTIN MONTOYA, VICKI THOMAS, KIRSTIN WHITE AND SHARON EPPERSON |

Page 1 -   TRIAL MEMORANDUM BY DEFENDANTS CORIZON HEALTH, INC., DR. JUSTIN MONTOYA, VICKI THOMAS, KIRSTIN WHITE AND SHARON EPPERSON
PDX\128493\202445\AMT\15920685.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

I.    **Summary**

"[T]his morning [Kelly C. Green II] had an angry outburst and expressed plans to commit suicide by breaking his own neck." Behavioral Health Evaluation of Kelly C. Green II, dated September 12, 2012.[1]

These words were recorded five months before Mr. Green tragically executed his plan on the morning of February 12, 2013. Suicide is tragic. And equally tragic, perhaps, was the downward spiral Mr. Green's life had taken over the previous several years due to his mental illness and drug use.

Mr. Green's determination to prematurely end his life is at the center of this case, because it begs the unavoidable question, uncomfortable though it may be: What could the Corizon employees have done to mitigate the effects of Mr. Green's self-inflicted injuries? Sadly, the answer is: nothing.

Plaintiffs now attempt to shift responsibility for Mr. Green's death away from Mr. Green's deteriorating mental condition and suicidal desires to the Defendants. In essence, they claim that the Defendants failed society by either (1) failing to properly screen Mr. Green's mental illness upon his arrest and/or (2) failing to properly diagnose and treat Mr. Green for cervical spine injury immediately following his injury. Hindsight is 20/20, and here, it is clear that a misdiagnosis of Mr. Green's cervical injury was made. But even a misdiagnosis does not mean liability for the Defendants, because in truth, nothing any Defendant did could have altered the tragic outcome for Mr. Green. He attempted to take his own life the morning of February 12, 2013, and although its execution was delayed, sadly, he was ultimately successful.

---

[1] Deposition Exhibit 501.

Page 2 -   TRIAL MEMORANDUM BY DEFENDANTS CORIZON HEALTH, INC., DR. JUSTIN MONTOYA, VICKI THOMAS, KIRSTIN WHITE AND SHARON EPPERSON

PDX\128493\202445\AMT\15920685.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

## II. Factual Background

The chain of events at issue in this case began the night of February 11, 2013, when Green was arrested by a City of Eugene police officer on an outstanding warrant. Upon booking at the Lane County Jail, the deputy on duty assessed Mr. Green, found no reason to contact Corizon, and booked him in the solitary cell to await arraignment the next morning.

The next morning, on February 12, 2013, Mr. Green was brought with other inmates to the courtroom in the Lane County jail for arraignments. The judge told him that he would not be released for a few days. Mr. Green was upset with the news, lowered his head, and ran 8-10 feet, ramming his head into the courtroom's cinderblock wall. Lane County deputies and Corizon employees–Physician's Assistant ("PA") Kirstin White, Registered Nurse ("RN") Sharon Epperson (formerly Sharon Fagan), and nurse Jona Bourgard – responded. PA White concluded that the gaping wounds on Mr. Green's head needed suturing, but that Mr. Green had not suffered a cervical injury. PA White ordered that Mr. Green be transported to the clinic (without neck precautions, consistent with her misdiagnosis) and confirmed with Lane County deputies in the courtroom that Mr. Green would be taken to the hospital within a couple of hours. PA White promptly sutured Mr. Green's wounds in the jail clinic and was joined by Corizon's Health Services Administrator, Vicki Thomas. Vicki Thomas did not examine Mr. Green but told the deputies on duty that he needed to go to the hospital right away and understood that the deputies would arrange that transportation within the hour.

Rather than releasing and transporting Mr. Green to the hospital, however, the County instead moved Mr. Green to the medical observation unit cell ("SEG"), where he was placed on a 15-minute suicide watch by deputies and remained, unbeknownst to any Corizon medical professional, for approximately four hours. At around 3:30 p.m., the deputy on duty contacted

Page 3 -   TRIAL MEMORANDUM BY DEFENDANTS CORIZON HEALTH, INC., DR. JUSTIN MONTOYA, VICKI THOMAS, KIRSTIN WHITE AND SHARON EPPERSON

PDX\128493\202445\AMT\15920685.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

RN Epperson and RN Leah Smith to inform them that Mr. Green was still not moving. Shocked at the news that Mr. Green was still at the jail, RN Epperson immediately elevated the issue to PA White. PA White was similarly shocked and re-examined Mr. Green. She quickly concluded that Mr. Green had suffered a cervical spine injury and needed to be taken to the hospital. She also expressed surprise that Mr. Green was still in the jail. Mr. Green was ultimately transported to the hospital and treated by ER physicians. It was concluded that he was a quadriplegic. He passed away from related complications roughly ten months later.

### III.   Plaintiffs' Claims and Corizon's Defenses

Plaintiffs have filed both state claims (negligence and gross negligence) and federal claims (42 U.S.C. § 1983). The section 1983 claims are premised on three different theories: (1) *Monell*-based entity liability (wherein it is alleged that Corizon and/or Lane County should be liable as a result of constitutionally deficient policies, practices, or customs); (2) individual "deliberate indifference" liability (wherein it is alleged that Defendants White, Epperson, and Thomas should be liable for their specific actions in connection with Mr. Green); and (3) supervisor liability (wherein it is alleged that Defendants Montoya, Thomas, and Corizon should be liable for failing to adequately train employees on preventing constitutional violations).

To the extent Plaintiffs intend to offer proof that Defendants are responsible for Mr. Green's quadriplegia and eventual death because of their incorrect diagnosis and "substandard" treatment of Mr. Green, such evidence is a diversion from the central issue in this case, because the Corizon Defendants admit that PA White made a misdiagnosis of Mr. Green's cervical injuries and breached the standard of care in her subsequent treatment of Mr. Green. Thus, the central issue is not whether PA White made an improper diagnosis, but whether such diagnosis was actually the cause of Mr. Green's injuries. Evidence at trial will demonstrate that

Page 4 -   TRIAL MEMORANDUM BY DEFENDANTS CORIZON HEALTH, INC., DR. JUSTIN MONTOYA, VICKI THOMAS, KIRSTIN WHITE AND SHARON EPPERSON

PDX\128493\202445\AMT\15920685.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

his injuries were irredeemable as of the moment of impact with the courtroom wall, and thus Corizon's misdiagnosis and substandard treatment did not contribute to Green's injuries and eventual death.

The Corizon Defendants urge the Court to keep this context in mind as it evaluates both the various pre-trial filings and any efforts to turn this trial into something that it is not.

1. <u>Plaintiffs' Gross Negligence and Negligence Claims</u>

Plaintiffs have claimed that Corizon and Lane County are liable on the basis of the actions of their employees for negligence and that Corizon is additionally liable for gross negligence. To succeed on that claim, Plaintiffs must prove that Defendants' conduct caused a foreseeable risk of harm to Mr. Green, that Defendants' conduct was unreasonable in light of that risk, and that Defendants' conduct was a cause of Mr. Green's harm. *See Son v. Ashland Community Healthcare Services*, 239 Or. App. 495, 506, 244 P.3d 835 (2010). As indicated above, these claims are more straightforward than Plaintiffs have suggested. The central question for the jury will not be whether Corizon employees made a misdiagnosis, but what actually caused Mr. Green's injuries.

2. <u>Section 1983 Claims</u>

To succeed on each of their claims under § 1983, Plaintiffs must prove by a preponderance of the evidence "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Further, Plaintiffs must make that showing as to the conduct of each Defendant, whether an individual, supervisor, or entity. *Respondeat superior* is not an appropriate basis for liability under § 1983, and Plaintiffs must instead demonstrate that each Defendant, through his or her own actions, was the cause of

Page 5 -   TRIAL MEMORANDUM BY DEFENDANTS CORIZON HEALTH, INC., DR. JUSTIN MONTOYA, VICKI THOMAS, KIRSTIN WHITE AND SHARON EPPERSON

PDX\128493\202445\AMT\15920685.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

Mr. Green's constitutional deprivation. The nature of that showing differs for each class of Defendants.

      a.    <u>*Monell* claims against Corizon and Lane County</u>

In order to prevail on their claims against Corizon and Lane County under § 1983, Plaintiffs must establish that a Corizon or Lane County employee committed the alleged constitutional violation pursuant to a formal policy or a "longstanding practice or custom which constitutes the standard operating procedure." *Gibson v. County of Washoe*, 290 F.3d 1175, 1186-87 (9th Cir. 2002). That showing requires the plaintiff to establish an affirmative causal link between the municipal policy or practice and the alleged constitutional violation. *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 837 (9th Cir. 1996).

In the majority of cases, in order to establish a "policy" for purposes of that analysis, the Plaintiffs must prove:

(1) That the constitutional violation was committed pursuant to a formally adopted policy;

(2) That the violation was committed by an official with "final policy-making authority," rendering the action itself an act of official policy; or

(3) That an official with final policy-making authority ratified a subordinate's unconstitutional action.

*Gillette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir. 1992).

Likewise, in order to establish a "custom or policy," Plaintiffs must demonstrate that the alleged custom was "so 'persistent and widespread' that it constitutes a 'permanent and well settled . . . policy.'" *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) (quoting *Monell*).

Page 6 -    TRIAL MEMORANDUM BY DEFENDANTS CORIZON HEALTH, INC., DR. JUSTIN MONTOYA, VICKI THOMAS, KIRSTIN WHITE AND SHARON EPPERSON

PDX\128493\202445\AMT\15920685.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

In all of the above instances, if Plaintiffs succeed in establishing that a policy or custom existed, they must also establish that it was the cause, or the "moving force," behind Mr. Green's constitutional deprivation. *Gibson v. County of Washoe*, 290 F.3d 1175, 1186-87 (9th Cir. 2002). Plaintiffs will be unable to identify any official Corizon policy that caused Mr. Green's injuries. Neither do they allege that Mr. Green's injuries were caused by an official with final policy-making authority on behalf of Corizon or Lane County. Therefore, they must prove either the existence of "longstanding customs or practices" of Corizon or Lane County that were the cause of Mr. Green's constitutional deprivation, or they must prove that this case falls within the limited circumstances in which the failure to train rises to the level of an official policy. They will be unable to meet this burden.

The Lane County/Corizon contract is a relatively young one and Plaintiffs will be unable to point to *any* evidence of incidents similar to the one at issue here to suggest that the alleged misconduct in this case was the result of a longstanding custom or practice. On the contrary, the evidence will demonstrate, instead, Corizon's commitment at Lane County to patient safety, security, and the principle "when in doubt, send them out" if a medical condition requiring a higher level of care is diagnosed.

      b.    <u>Individual "Deliberate Indifference" Claims</u>

To succeed on their § 1983 claims against Defendants White, Thomas, and Epperson, Plaintiffs must establish that each Defendant acted with "deliberate indifference" towards Mr. Green, in violation of his constitutional rights. A defendant acts with "deliberate indifference" only "if the [individual] knows of and disregards an excessive risk to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). That requires proof of both that the defendant was "aware of facts from which the inference could be drawn that a substantial risk of

Page 7 -    TRIAL MEMORANDUM BY DEFENDANTS CORIZON HEALTH, INC., DR. JUSTIN MONTOYA, VICKI THOMAS, KIRSTIN WHITE AND SHARON EPPERSON

PDX\128493\202445\AMT\15920685.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

serious harm exists" and that the individual actually drew that inference. *Id*. That is, the defendant must be subjectively aware of the risk, and he or she must act in disregard of that subjective knowledge.

That is a high standard—higher than negligence or even gross negligence—and it requires a showing far beyond mere medical malpractice. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). And the proof of such subjective knowledge will require the jury to make significant leaps where, for instance, Defendant Thomas was not even present for the initial diagnosis or treatment of Mr. Green.

      c.     <u>"Failure to Train" Claims</u>

Plaintiffs further claim that Defendants Corizon, Thomas and Montoya failed to adequately train the relevant Corizon employees on how to properly handle situations like those presented by Mr. Green. "In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983." *Connick v. Thompson*, ___ U.S. ___, 131 S. Ct. 1350, 1359 (2011). Thus, in order to succeed on a § 1983 claim that alleges a failure to train, a plaintiff must establish that the failure to train amounted to deliberate indifference by proving either:

(1) That policymakers were on actual or constrictive notice that a particular omission in their training program resulted in constitutional violations; or

(2) The unconstitutional consequences of failing to train were so patently obvious that Corizon could be liable under § 1983 without proof of a pre-existing pattern of violations.

Page 8 -   TRIAL MEMORANDUM BY DEFENDANTS CORIZON HEALTH, INC., DR. JUSTIN MONTOYA, VICKI THOMAS, KIRSTIN WHITE AND SHARON EPPERSON

PDX\128493\202445\AMT\15920685.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

*See Connick*, 131 S. Ct. at 1359, 1361.

This is a high standard: § 1983 culpability for a constitutional deprivation "is at its most tenuous where a claim turns on a failure to train." *Id*. at 1359. Given the relatively young life of the Lane County/Corizon contract and a rather uneventful track record of patient care, proof of a pattern or the need to anticipate the sort of suicide attempt at issue here (which experts will testify is entirely unpredictable even within the mental illness/suicide context) is something Plaintiffs will not be able to offer.

### IV.     Damages

Putting aside any potential liability Defendants face, Plaintiffs' damages claims are grossly inflated.

First, Plaintiffs' damages are all subject to the bar on double recovery. Thus, even if a jury found Defendants liable for both gross negligence and section 1983, recovery must be limited to prevent double recovery. *See, e.g.*, *Wang v. Hsu*, CA Nos. 91-16019, 91-16169, 1993 U.S. App. LEXIS 33611 (9th Cir. Dec. 7, 1993) (unpublished decision) (recognizing rule against double recovery for single wrong).

#### 1.     Economic Damages

Under all three of their theories, Plaintiffs pray for $1,807,336 in economic damages, i.e., the cost of Mr. Green's medical expenses. Yet this number assumes that Mr. Green was not responsible for any medical expenses related to the injuries he inflicted on himself on February 12, 2013. In other words, Plaintiffs' prayer seeks to hold Defendants responsible for *all* of the medical expenses related to Mr. Green's suicide attempt. Such an allocation of all expenses related to a self-inflicted injury is contrary to the law and unsupported by evidence.

//

Page 9 -   TRIAL MEMORANDUM BY DEFENDANTS CORIZON HEALTH, INC., DR. JUSTIN MONTOYA, VICKI THOMAS, KIRSTIN WHITE AND SHARON EPPERSON

PDX\128493\202445\AMT\15920685.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

        2.       <u>Non-Economic Damages</u>

Plaintiffs' recovery for non-economic damages in a wrongful death suit is, under Oregon law, capped at $500,000. *See* ORS § 31.710.

**V.**      **<u>Lane County's Cross-Claims</u>**

Lane County has asserted cross-claims against Corizon for indemnity and contribution. In short, Lane County claims that it is owed indemnification and/or contribution from Corizon for any costs "arising out of or in any way related to the Services rendered by [Corizon] or [Corizon's] employees."

To the extent Lane County is seeking equitable indemnification and/or contribution, those claims are foreclosed because Lane County and Corizon are both Defendants in this case. The Oregon Supreme Court recently held that, due to Oregon's comparative fault statutory scheme (which allows parties to apportion fault as necessary), equitable indemnification is no longer a valid claim under Oregon law. *Eclectic Inv., LLC v. Patterson*, 357 Or. 25, 38 (2015) ("The doctrine of common-law indemnity was developed before comparative responsibility and is inconsistent with its framework. In cases in which the Oregon comparative negligence statutes apply and in which jurors allocate fault—and thereby responsibility—for payment of damages between tortfeasors, and each tortfeasor's liability is several only, a judicially created means of allocating fault and responsibility is not necessary or justified.").

To the extent Lane County is seeking strictly contractual indemnification, Lane County's claims similarly fail because the contract between Lane County and Corizon, upon which Lane County apparently bases its claims, was modified. Lane County alleges that it was Corizon's contractual duty to provide for intake screening of all new inmates at the time of their initial admission into jail, and that, therefore, Corizon should indemnify Lane County for any damages

Page 10 -   TRIAL MEMORANDUM BY DEFENDANTS CORIZON HEALTH, INC., DR. JUSTIN MONTOYA, VICKI THOMAS, KIRSTIN WHITE AND SHARON EPPERSON

PDX\128493\202445\AMT\15920685.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

connected to that policy. But in fact, the evidence will demonstrate that Lane County affirmatively modified the contract, ultimately requesting and approving a different arrangement than what they are now claiming controlled. The evidence will further demonstrate that Corizon acted consistently with its contractual duties under those modifications. If, of course, Corizon did not breach its contract with Lane County, then Lane County cannot seek contractual indemnity from Corizon.

Lane County's cross-claims amount to little more than a request that the jury appropriately apportion fault among the parties–something the jury is required to do already.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

Page 11 -   TRIAL MEMORANDUM BY DEFENDANTS CORIZON HEALTH, INC., DR. JUSTIN MONTOYA, VICKI THOMAS, KIRSTIN WHITE AND SHARON EPPERSON

PDX\128493\202445\AMT\15920685.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

## VI. Conclusion

The primary issue in this case is straightforward: Were the Defendants the cause of Mr. Green's quadriplegia? The Plaintiffs will attempt to introduce a range of evidence intending to paint the Corizon Defendants as nefarious corporate evildoers, callous and lacking compassion. Yet nothing Plaintiffs introduce will change the simple fact that Mr. Green–and not any of the Defendants–sealed his fate when he rammed his head into the courtroom wall. That being the case, Plaintiffs' claims fail.

Dated this 18th day of May, 2015.

Respectfully submitted,

SCHWABE, WILLIAMSON & WYATT, P.C.

By:   /s/Richard K. Hansen
Richard K. Hansen, OSB #832231
Anne M. Talcott, OSB #965325
Telephone: 503.222.9981
Facsimile: 503.796.2900

James M. Daigle, OSB #942843
Adam S. Heder, OSB #151144
Telephone: 503.221.0699
Facsimile: 503.223.5706

Trial Attorney: Richard K. Hansen

Of Attorneys for Defendants, Corizon Health, Inc., Dr. Justin Montoya, Vicki Thomas, Kirstin White, Sharon Epperson (née Fagan)

Page 12 - TRIAL MEMORANDUM BY DEFENDANTS CORIZON HEALTH, INC., DR. JUSTIN MONTOYA, VICKI THOMAS, KIRSTIN WHITE AND SHARON EPPERSON

PDX\128493\202445\AMT\15920685.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

## CERTIFICATE OF SERVICE

The undersigned declares under penalty of perjury, under the laws of the State of Oregon, that the following is true and correct:

That on the 18th day of May, 2015, I arranged for service of the foregoing TRIAL MEMORANDUM BY DEFENDANTS CORIZON HEALTH, INC., DR. JUSTIN MONTOYA, VICKI THOMAS, KIRSTIN WHITE, AND SHARON EPPERSON to the parties to this action as follows:

| | |
|---|---|
| Elden M. Rosenthal<br>Rosenthal, Greene & Devlin PC<br>121 SW Salmon St Ste 1090<br>Portland, OR 97204-2920<br>E-Mail: elden@rgdpdx.com | Sebastian Tapia<br>Attorney<br>Lane County Office of Legal Counsel<br>125 East Eighth Avenue<br>Eugene, OR 97401<br>E-Mail: sebastian.tapia@co.lane.or.us |
| James Daigle<br>Adam Heder<br>Stewart Sokol & Larkin LLC<br>2300 SW First Ave., Ste. 200<br>Portland, OR 97201<br>E-Mail: jmdaigle@lawssl.com<br>E-Mail: aheder@lawssl.com | Robert L. Goldstucker<br>Nall & Miller LLP<br>235 Peachtree St., NE<br>Ste. 1500 – North Tower<br>Atlanta, GA 30303<br>E-Mail: bgoldstucker@nallmiller.com |

by:
- ☐ U.S. Postal Service, ordinary first class mail
- ☐ U.S. Postal Service, certified or registered mail, return receipt requested
- ☐ hand delivery
- ☐ facsimile
- ☒ electronic service: CM/ECF filing
- ☐ other (specify) _____

       /s/Richard K. Hansen
       Richard K. Hansen

Page 1 -    CERTIFICATE OF SERVICE

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\128493\202445\AMT\15920685.1