**Elden M. Rosenthal**, OSB No. 722174
Email: elden@rgdpdx.com
**Michael A. Greene**, OSB No. 802445
Email: mike@rgdpdx.com
**John T. Devlin**, OSB No. 042690
Email: john@rgdpdx.com
Rosenthal Greene & Devlin, P.C.
121 SW Salmon Street, Suite 1090
Portland, OR 97204
Phone: (503) 228-3015
Fax: (503) 228-3269

Of Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| DEREK JOHNSON, personal representative of KELLY CONRAD GREEN II, deceased; KELLY CONRAD GREEN and SANDY PULVER,<br><br>Plaintiffs,<br><br>v.<br><br>CORIZON HEALTH, INC., a Tennessee Corporation; LANE COUNTY, an Oregon county; DR. JUSTIN MONTOYA, an individual; VICKI THOMAS, an individual; KIRSTIN WHITE, an individual; and SHARON EPPERSON (née FAGAN), an individual,<br><br>Defendants. | **Civil Action No. 6:13-cv-01855-TC**<br><br>**MEMORANDUM IN SUPPORT OF PLAINTIFFS' THIRD MOTION TO COMPEL PRODUCTION OF DOCUMENTS** |

///

///

///

Page 1 – MEMORANDUM IN SUPPORT OF PLAINTIFFS' THIRD MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Plaintiffs seek to compel production of a two-page litigation history that Corizon recently provided to Lane County as part of Corizon's unsuccessful effort to renew its jail contract with Lane County. Lane County posted Corizon's proposal on the Lane County website earlier this month, with the litigation history redacted at Corizon's request. Plaintiffs' counsel asked for production of the litigation history, which is similar to items previously produced by Corizon (pursuant to this Court's order) in this case. Corizon objects to this request as untimely and not likely to lead to the discovery of admissible evidence.

## ARGUMENT

On March 2, 2015, Lane County posted a Request for Proposal ("RFP") for the provision of medical, dental, and mental health services at the Lane County Jail. On April 7, 2015, Corizon submitted its proposal for the contract. On May 11, 2015, Lane County announced its intention to award the contract to a different company. Corizon's contract with Lane County will expire on June 30, 2015.

On May 11, 2015, Lane County posted a copy of Corizon's proposal on its website. In its proposal, Corizon offered the following statement regarding its litigation history:

> During the period of March 1, 2010 through February 28, 2015, Corizon Health provided literally hundreds of thousands of patient care encounters. Despite our significant number of patient care encounters during this time, Corizon Health has only been subjected to 64 lawsuits, which Corizon Health elected to settle; no lawsuit with a date filed in the past five (5) years has resulted in a judgment against Corizon Health. Although Corizon

Page 2 –  MEMORANDUM IN SUPPORT OF PLAINTIFFS' THIRD MOTION TO COMPEL PRODUCTION OF DOCUMENTS

> Health does not specifically track class action lawsuits, to the best of our knowledge, none of the above noted lawsuits were class actions.
>
> In addition, Corizon Health respectfully submits a detailed list of the litigation information outlined herein as Attachment C. Should additional information be required, Corizon Health will provide such information upon request.
>
> *PLEASE NOTE: The compiled and summarized litigation history of Corizon Health, Inc., as set forth herein, is considered proprietary, confidential information. Accordingly, we are submitting this information with the designation that it is CONFIDENTIAL & PROPRIETARY. We request that the County maintain this part of our Proposal as confidential and proprietary, and that the County not disclose this information to other bidders or to any other third party, or pursuant to any open records request.*[1]

At Corizon's request, Lane County redacted Attachment C – the two-page litigation history that Corizon submitted to Lane County.

On May 14, 2015, plaintiffs' counsel asked counsel for Corizon and counsel for Lane County to produce "all documents from Lane County and Corizon related to the recent RFP for medical, dental and mental health services at the jail." After conferring with counsel for Lane County, plaintiffs' counsel was satisfied with the publicly available documents. After conferring with counsel for Corizon, plaintiffs' counsel narrowed the request to a single document – the unredacted version of Attachment C to the proposal.

Counsel for Corizon objects to producing the unredacted version of Attachment C for several reasons, but none of those reasons are persuasive.

---

[1] See Declaration of John T. Devlin in Support of Plaintiffs' Third Motion to Compel Production of Documents ("Devlin Decl."), Ex. 1 (excerpts from Corizon's 2015 RFP; also marked as Trial Exhibit 168).

Page 3 –  MEMORANDUM IN SUPPORT OF PLAINTIFFS' THIRD MOTION TO COMPEL PRODUCTION OF DOCUMENTS

First, Corizon objects to producing the document because the discovery cut-off in this case was December 22, 2014. Because the requested document did not exist on the date of the discovery cut-off, plaintiffs' counsel could not have requested it any earlier. Plaintiffs' counsel acted diligently by requesting the document as soon as Lane County posted Corizon's proposal on its website.

Second, Corizon objects to producing the document because it is not reasonably calculated to lead to the discovery of admissible evidence. This Court already has ruled that Corizon must produce litigation history documents. Corizon has produced such documents, and plaintiffs' counsel have used those documents to further its investigation into Corizon. The document involved in this dispute contains the same type of information that Corizon already has produced in this case.

One of the reasons Plaintiffs' counsel is entitled to see Attachment C is because Corizon's description of its litigation history in its proposal is misleading. As quoted above, Corizon told Lane County that "Corizon Health has only been subjected to 64 lawsuits, which Corizon Health elected to settle [from March 1, 2010 to February 28, 2015]."[2] That statement conflicts with other statements made by Corizon about its litigation history. On March 18, 2015, for example, Corizon's CEO stated that Corizon had been sued 1,364 times from June 1, 2009 to May 31, 2014, and that Corizon had settled 117 of those lawsuits.[3]

---

[2] See Devlin Decl., Ex. 1.
[3] See Trial Exhibit 188.

Page 4 –  MEMORANDUM IN SUPPORT OF PLAINTIFFS' THIRD MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Plaintiffs' counsel has uncovered other evidence that Corizon consistently misstates its litigation history in an effort to increase sales. In August 2013, for example, Corizon's then-CEO said that 95 percent of the cases filed against Corizon were filed by prisoners acting *pro se*.[4] In March 2015, Corizon's new CEO stated that 77 percent of the cases filed against Corizon were filed by prisoners acting *pro se*.[5] In fact, plaintiffs' counsel's review of a litigation history produced by Corizon indicates that 40% of the cases filed against Corizon are filed by lawyers.[6]

Corizon also told Lane County that "no lawsuit with a date filed in the past five (5) years has resulted in a judgment against Corizon Health."[7] The phrasing of that sentence allowed Corizon to omit mention of the $1,200,000 verdict in Fields v. Prison Health Services, Inc., because that case was filed more than five years before the proposal date. The verdict, however, took place in March 2011, and the Eleventh Circuit affirmed the verdict in September 2012.[8]

Plaintiffs' counsel is entitled to see the unredacted version of Attachment C in order to see whether Corizon provided a full and accurate summary of its litigation history while it was trying to renew the Lane County contract.

///

///

---

[4] See Devlin Decl., Ex. 2 (February 11, 2015 deposition of Rich Hallworth), at 54-56.
[5] See Trial Exhibit 188.
[6] See Trial Exhibit 167. There are 707 cases listed, with 282 cases involving lawyers.
[7] See Trial Exhibit 168.
[8] See Trial Exhibits 158 & 159.

Page 5 – MEMORANDUM IN SUPPORT OF PLAINTIFFS' THIRD MOTION TO COMPEL PRODUCTION OF DOCUMENTS

## CONCLUSION

For the reasons set forth above, plaintiff asks this Court to grant the motion to compel and to order Corizon to produce the litigation history that it sent Lane County in connection with its 2015 proposal.

DATED this 26th day of May, 2015.

ROSENTHAL GREENE & DEVLIN, PC

  /s/ John T. Devlin
Elden M. Rosenthal, OSB No. 722174
Email: elden@rgdpdx.com
Michael A. Greene, OSB No. 802445
Email: mike@rgdpdx.com
John T. Devlin, OSB No. 042690
Email: john@rgdpdx.com
Phone: (503) 228-3015
Fax: (503) 228-3269

Of Attorneys for Plaintiffs

Page 6 –  MEMORANDUM IN SUPPORT OF PLAINTIFFS' THIRD MOTION TO COMPEL PRODUCTION OF DOCUMENTS

# CERTIFICATE OF SERVICE

I hereby certify that I served true and correct copies of the foregoing:

1. **MEMORANDUM IN SUPPORT OF PLAINTIFFS' THIRD MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

on the following:

| | |
|---|---|
| James Daigle<br>Adam Heder<br>*Stewart Sokol & Larkin LLC*<br>2300 SW First Ave., Suite 200<br>Portland, OR 97201<br>jmdaigle@lawssl.com<br>aheder@lawssl.com<br><br>    Of Attorneys for Corizon defendants. | Richard K. Hansen<br>Anne M. Talcott<br>*Schwabe, Williamson & Wyatt, P.C.*<br>1211 SW 5th Ave., Suite 1900<br>Portland, OR 97204<br>rhansen@schwabe.com<br>atalcott@schwabe.com<br><br>    Of Attorneys for Corizon defendants. |
| Robert L. Goldstucker<br>*Nall & Miller, LLP*<br>235 Peachtree St., NE<br>Suite 1500 – North Tower<br>Atlanta, GA 30303-1418<br>bgoldstucker@nallmiller.com<br><br>    Of Attorneys for Corizon defendants. | Sebastian Tapia<br>Stephen Dingle<br>*Lane County Counsel*<br>125 East 8th Avenue<br>Eugene, OR 97401<br>Sebastian.tapia@co.lane.or.us<br>Stephen.dingle@co.lane.or.us<br><br>    Of Attorneys for Lane Co. defendant. |

by the following method/s:

    _____   mail with postage prepaid, deposited in the US mail at Portland, OR
    __X__   service made via electronic mailing and/or CM/ECF filing
    _____   hand delivery
    _____   facsimile transmission
    _____   overnight delivery.

Dated this 26th day of May, 2015.

>   /s/ John T. Devlin
>   ELDEN M. ROSENTHAL, OSB No. 722174
>   MICHAEL A. GREENE, OSB No. 802445
>   JOHN T. DEVLIN, OSB No. 042690
>   *Of Attorneys for Plaintiffs*

Page 1 – CERTIFICATE OF SERVICE