**Elden M. Rosenthal, OSB No. 722174**
Email: elden@rgdpdx.com
**Michael A. Greene, OSB No. 802445**
Email: mike@rgdpdx.com
**John T. Devlin, OSB No. 042690**
Email: john@rgdpdx.com
Rosenthal Greene & Devlin, P.C.
121 SW Salmon Street, Suite 1090
Portland, OR 97204
Phone: (503) 228-3015
Fax: (503) 228-3269

Of Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| DEREK JOHNSON, personal representative of KELLY CONRAD GREEN II, deceased; KELLY CONRAD GREEN; and SANDY PULVER, <br><br> Plaintiffs, <br><br> v. <br><br> CORIZON HEALTH, INC., a Tennessee Corporation; LANE COUNTY, an Oregon county; DR. JUSTIN MONTOYA, an individual; VICKI THOMAS, an individual; KIRSTIN WHITE, an individual; and SHARON EPPERSON (née FAGAN), an individual, <br><br> Defendants. | Civil Action No. 6:13-cv-01855-TC <br><br> **PLAINTIFFS' OBJECTIONS TO DEFENDANTS' WITNESSES AND EXHIBITS** |

Plaintiffs submit these objections to the witnesses and exhibits designated by defendants.

## I.     WITNESSES IDENTIFIED BY LANE COUNTY

Plaintiffs ask the Court to bar or limit the testimony of the following witnesses for the reasons set forth below.

1 **PLAINTIFFS' OBJECTIONS TO DEFENDANTS' WITNESSES AND EXHIBITS**

A.    *Carrie Carver*

Plaintiffs ask this Court to bar Ms. Carver's proposed testimony as irrelevant under FRE 401.  Lane County wants to call Ms. Carver to testify as follows: "Carrie Carver was a Sergeant with the Lane County Sheriff's Department.  Carver will testify that she was the Phase I trainer of Keri Nelson.  Carver would have trained her on the meaning of suicidal ideation.  Carver will testify that she would have initiated a 30 minute suicide watch but would have still allowed Green to attend court hearing without restraints, like any other inmate."[1]

Ms. Nelson is the Lane County employee who booked in Mr. Green on February 11, 2013.  Plaintiffs have designated portions of her deposition, and Lane County has listed her as a live witness.

Ms. Carver's proposed testimony about her training of Ms. Nelson is irrelevant because, during her deposition, Ms. Nelson did not recall any of her training:

Q.  What mental – what suicide assessment training have you had?

A.  Suicide assessment training.  I don't think I've had anything specific to suicide assessment.  Just basic, you know, what their behavior is, what they are telling you, and what their actions were before they came in.[2]

Ms. Nelson can testify at trial about what, if anything, she remembers about her training.  Ms. Carver's proposed testimony is not relevant because that training does not matter if Ms. Nelson does not recall it.

Ms. Carver's proposed testimony about what she would have done is not

---

[1]  Defendant Lane County's Witness Statements, at 10.
[2]  Deposition of Keri Nelson, at 51.

2 **PLAINTIFFS' OBJECTIONS TO DEFENDANTS' WITNESSES AND EXHIBITS**

admissible because Lane County has not listed her as an expert witness.[3]  She should not be allowed to offer her opinion regarding what a reasonable booking deputy should have done in this situation.

    B.    *Neil Woolsey*

Plaintiffs ask this Court to bar Mr. Woolsey's proposed testimony as irrelevant under FRE 401.  Lane County wants to call Mr. Woolsey to testify about an inmate suicide attempt that took place in 1998 – fifteen years before the incident with Mr. Green. That prior suicide attempt is not relevant to any of the issues in this case.

In addition, the probative value of such testimony would be substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time.[4]

    C.    *Jeremy Greene*

Plaintiffs ask this Court to bar Officer Greene's proposed testimony as irrelevant under FRE 401.  Lane County wants to call Officer Greene to discuss the contents of his December 18, 2012 police report,[5] which is marked as Exhibit 301.[6]

In his police report, Officer Greene describes his arrest of Casey Green for disorderly conduct.  The details of this arrest are not relevant to any of the issues in this case.  There is no dispute that Mr. Green was arrested on several outstanding warrants

---

[3]  See Defendants' Expert Disclosures (filed by Lane County and listing only Captain Raimond Adgers).  In that expert disclosure, Lane County states that Captain Adgers will give the exact same type of testimony.

[4]  FRE 403

[5]  Defendant Lane County's Witness Statements, at 11.

[6]  As set forth below, plaintiffs also object to the admission of Exhibit 301.

3 **PLAINTIFFS' OBJECTIONS TO DEFENDANTS' WITNESSES AND EXHIBITS**

and was taken to the Lane County Jail on February 11, 2013. The details of the alleged crimes that form the basis of those warrants are not relevant. Mr. Green was never convicted of any crimes.

In addition, the probative value of this testimony would be substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time.[7]

### D.    Tyler Richards

Plaintiffs ask this Court to bar Officer Richards' proposed testimony as irrelevant under FRE 401. Lane County wants to call Officer Richards to discuss the contents of his December 19, 2012 police report,[8] which is marked as Exhibit 302.[9]

In his police report, Officer Richards describes his arrest of Casey Green for criminal mischief, assault, disorderly conduct, and reckless endangering. The details of this arrest are not relevant to any of the issues in this case. There is no dispute that Mr. Green was arrested on several outstanding warrants and was taken to the Lane County Jail on February 11, 2013. The details of the alleged crimes that form the basis of those warrants are not relevant. Mr. Green was never convicted of any crimes.

In addition, the probative value of this testimony would be substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time.[10]

---

[7] FRE 403.
[8] Defendant Lane County's Witness Statements, at 11.
[9] As set forth below, plaintiffs also object to the admission of Exhibit 302.
[10] FRE 403.

4 **PLAINTIFFS' OBJECTIONS TO DEFENDANTS' WITNESSES AND EXHIBITS**

E.    *Ayelet Ammitay*

Plaintiffs ask this Court to bar Ms. Amittay's proposed testimony as irrelevant under FRE 401. Ms. Ammitay is the person who was struck by Mr. Green on December 19, 2012. Lane County wants to call Ms. Ammitay to describe the assault.[11]

There is no dispute that Mr. Green was arrested on several outstanding warrants and was taken to the Lane County Jail on February 11, 2013. The details of the alleged crimes that form the basis of those warrants are not relevant. Mr. Green was never convicted of any crimes.

In addition, the probative value of this testimony would be substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time.[12]

## II.    WITNESSES IDENTIFIED BY CORIZON

Plaintiffs ask the Court to order Corizon to supplement its witness list because Corizon failed to comply with this Court's order regarding witness lists. On January 6, 2014, the Court ordered that the parties submit pretrial documents including a witness list "that set forth names of witnesses, brief summary of anticipated testimony, and length of testimony."

Corizon submitted a witness list that contained the names of 32 potential witnesses. Corizon's witness list only contained a one or two sentence description of the anticipated testimony, and it did not contain any estimates regarding the length of

---

[11] Defendant Lane County's Witness Statements, at 11.
[12] FRE 403.

5 **PLAINTIFFS' OBJECTIONS TO DEFENDANTS' WITNESSES AND EXHIBITS**

testimony.

Plaintiffs ask the Court to order Corizon to provide a more detailed summary of anticipated testimony of non-expert witnesses.  For people who already have been deposed, plaintiffs request a more detailed description of any anticipated testimony that will be new or different from their deposition testimony.  For people who have not been deposed, plaintiffs request a reasonable summary of their anticipated testimony.[13]

Plaintiffs reserve their right to make specific objections once Corizon has provided more detailed summaries.

Plaintiffs also ask the Court to order Corizon to provide the length of testimony for each listed witness.

### III.    DEPOSITION DESIGNATIONS OF LANE COUNTY AND CORIZON

Plaintiffs raise the following issues regarding the deposition designations of Lane County and Corizon.

First, plaintiffs object to Lane County's proposed use of deposition designations of Deana Green, who is Casey Green's grandmother.  Deana Green lives in Eugene and is available to testify at trial.  In fact, plaintiffs have listed Deana Green as a potential trial witness.  She is not a party to this lawsuit or the agent of a party.  As a result, Lane County cannot use her deposition in lieu of live testimony.

Second, plaintiffs object to the proposed use by both defendants of deposition

---

[13]  On May 20, 2015, plaintiffs' counsel notified Corizon's counsel that it would be raising this issue with the Court, in order to give Corizon a chance to correct the deficiencies.  Corizon's counsel never responded to this request.

6 **PLAINTIFFS' OBJECTIONS TO DEFENDANTS' WITNESSES AND EXHIBITS**

designations of McKenzie Green and Tom Green, who are Casey Green's sister and brother. McKenzie Green and Tom Green are not parties to this case, and they are not the agent of a party. As a result, FRCP 32(a)(4) provides the only way to use their depositions. Although plaintiffs concede that they live and work more than 100 miles from Eugene, they are not unavailable for trial because plaintiffs intend to call them as witnesses.[14]

Third, plaintiffs object to any proposed deposition designations that are the subject of a motion in limine. For example, both defendants have designated portions of depositions relating to Kelly Green, Sr.'s drug or alcohol use and Casey Green's drug or alcohol use. Those designations involving a motion in limine are set forth below.

Fourth, plaintiffs object to the following proposed deposition designations for the reasons stated:

| Designation | Objection |
|---|---|
| Deana Green, page 36 (LC) | No specific line numbers noted |
| Tom Green, page 31:6-19 (Corizon) | Page 31:20-22 should be added. |
| Tom Green, page 32:11-20 (Corizon) | Subject of a motion in limine |
| Tom Green, page 33:5-14 (Corizon; LC) | Subject of a motion in limine |
| Tom Green, page 41:16-25 (LC) | Page 42:1-2 should be added. |
| Tom Green, page 45:13 to page 46:2 (Corizon) | Subject of a motion in limine |
| McKenzie Green, page 26:12-15 (Corizon) | Subject of a motion in limine |
| McKenzie Green, page 27:6-12 (Corizon) | Subject of a motion in limine |
| McKenzie Green, page 28:2-5 (Corizon) | Subject of a motion in limine |
| McKenzie Green, page 28:12-25 (Corizon) | Subject of a motion in limine |
| McKenzie Green, page 30:13-19 (Corizon) | Subject of a motion in limine |

---

[14] See Charles Alan Wright, et al., Federal Practice & Procedure § 2146 (3d ed. 2015) ("As has been pointed out, the rules are based on the premise that live testimony is more desirable than a deposition. If a nonparty witness is available to testify, the deposition cannot be used in lieu of live testimony (although it is available to impeach)."); see also G.E.J. Corp. v. Uranium Aire, Inc., 311 F.2d 749, 755 (9th Cir. 1962) ("We see no reason why the pre-trial deposition of a witness should be admissible when the witness is himself present.").

| | |
|---|---|
| Sandra Pulver, page 11:1-8 (LC) | Page 11:9-16 should be added. |
| Sandra Pulver, page 15:25 to page 16:2 (LC) | Ms. Pulver states that she is not working because of a job-related injury.    This testimony is not relevant to any issue in the case |
| Sandra Pulver, page 17:16 to page 18:7 (LC) | Ms. Pulver describes her back surgeries.    This testimony is not relevant to any issue in the case |
| Sandra Pulver, page 24:2-5 (LC) | Subject of a motion in limine |
| Sandra Pulver, page 24:2-23 (Corizon) | Subject of a motion in limine |
| Sandra Pulver, page 26:21 to page 28:2 (Corizon) | Subject of a motion in limine |
| Sandra Pulver, page 27:7 to page 28:2 (LC) | Subject of a motion in limine |
| Sandra Pulver, page 29:25 to page 30:5 (Corizon) | Ms. Pulver states that she does not have any specific memory problems. This testimony is not relevant to any issue in the case |
| Sandra Pulver, page 33:5-17 (Corizon) | Page 33:18-19 should be added. |
| Sandra Pulver, page 35:3-16 (LC) | Subject of a motion in limine |
| Sandra Pulver, page 35:3-20 (Corizon) | Subject of a motion in limine |
| Sandra Pulver, page 45:18 to page 46:6 (LC) | Ms. Pulver describes a conversation with one of Casey's treating doctors. This testimony is hearsay. |
| Sandra Pulver, page 58:3-6 (LC) | Ms. Pulver talks about her back surgery.    This testimony is not relevant to any issue in the case. |
| Sandra Pulver, page 58:3-8 (Corizon) | Ms. Pulver talks about her back surgery.    This testimony is not relevant to any issue in the case. |
| Sandra Pulver, page 60:8-21 (LC) | Ms. Pulver talks about not being able to work because of an injury. This testimony is not relevant to any issue in the case. |
| Kelly Green, page 58:14-15 (LC) | Page 58:15-16 should be added. |
| Kelly Green, page 69:10 to page 70:12 (LC) | Subject of a motion in limine |
| Kelly Green, pages 71 and 72 (LC) | No specific line numbers noted |
| Kelly Green, page 132:10-12 (LC) | Page 132:13-22 should be added. |
| Kelly Green, page 133 (LC) | No specific line numbers noted |

///

///

8 **PLAINTIFFS' OBJECTIONS TO DEFENDANTS' WITNESSES AND EXHIBITS**

## IV.    EXHIBITS MARKED BY LANE COUNTY

Plaintiffs object to the following exhibits proposed by Lane County.

Exhibit 301 (EPD Custody Report 12-22971; 12/18/12) – Plaintiffs object to the admission of this exhibit because the details of the December 18, 2012 arrest are not relevant to any of the issues in this case.  There is no dispute that Mr. Green was arrested on several outstanding warrants and was taken to the Lane County Jail on February 11, 2013.  The details of the alleged crimes that form the basis of those warrants are not relevant.  Mr. Green was never convicted of any crimes.

In addition, the probative value of this exhibit would be substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time.

Finally, the proposed exhibit contains hearsay statements from numerous people who will not be called as witnesses at trial.

Exhibits 302 (EPD Custody Report 12-23020; 12/19/12) and 303 (EPD Supplemental Report 12-23023; 12/19/12) -- Plaintiffs object to the admission of these exhibits because the details of the December 19, 2012 arrest are not relevant to any of the issues in this case.  There is no dispute that Mr. Green was arrested on several outstanding warrants and was taken to the Lane County Jail on February 11, 2013.  The details of the alleged crimes that form the basis of those warrants are not relevant.  Mr. Green was never convicted of any crimes.

In addition, the probative value of these exhibits would be substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury,

**PLAINTIFFS' OBJECTIONS TO DEFENDANTS' WITNESSES AND EXHIBITS**

undue delay, and wasting time.

Finally, the proposed exhibits contain hearsay statements from numerous people who will not be called as witnesses at trial.

Exhibit 304 (LCAC Initial Assessment Instrument; 12/19/12) – Plaintiffs object to the admission of the fourth page of this exhibit, because it is not part of the first three pages.

Exhibit 309 (EPD Event Report; 1/20/14) – Plaintiffs object to the admission of this exhibit because the document is hearsay.  Both plaintiffs and Lane County intend to call Officer Hubbard, who will describe his interactions with Casey Green and his transportation of Mr. Green to the Lane County Jail on the night of February 11, 2014. Lane County also intends to call Ashley Gardner, who made the 911 call described in this exhibit.

Exhibit 310 (EPD Custody Report 12-23020; 2/11/13) – Plaintiffs object to the admission of this exhibit because Officer Hubbard's police report is hearsay.  Both plaintiffs and Lane County intend to call Officer Hubbard as a witness, and he can testify about the subjects in this exhibit.

Exhibit 314 (Corizon Mental Health Evaluation Tools; Suicide Watch Status; 2/12/13) – Plaintiffs object to the admission of the second page of this exhibit, because it is not part of the first page.  In addition, the second page of this exhibit is separately marked as Exhibit 315.

Exhibits 329, 330 and 331 (Handwritten Notes titles "Corizon") – Plaintiffs object to the admission of these exhibits because the notes are hearsay.

10 **PLAINTIFFS' OBJECTIONS TO DEFENDANTS' WITNESSES AND EXHIBITS**

Exhibit 340 (Medical records Sacred Heart; 8/15/03) – Plaintiffs object to this exhibit on the grounds of relevance.  Plaintiffs acknowledge and stipulate that Casey Green was a severely mentally ill schizophrenic.  The details of his mental illness as chronicled in his medical records have little, if any, relevance to the issues being tried.  Rather, it appears to be an effort by the defense to focus the jury's attention on prior bad acts of Casey Green.

For example, this exhibit is an excerpt from a 2003 hospitalization at Sacred Heart for depression.  A history in the hospital record obtained from Casey Green and his mother, Sandy Pulver, recounts Casey Green hearing voices, and heavy marijuana use.  It is difficult to understand even marginal relevance of that 9-year-old hospital record.[15]

Plaintiffs also object to this exhibit to the extent that the records are being offered for the hearsay statements contained in those records.

Exhibit 341 (Medical records Sacred Heart; 9/12/12 – 9/13/12) – Plaintiffs object to this exhibit on the grounds of relevance, for the reasons set forth in the discussion of Exhibit 340.  This exhibit is an excerpt from Sacred Heart Hospital records on September 13, 2012, six months before the events that are the basis of this lawsuit.  At that time, a nurse noted that Casey Green was "suicidal at home.  Threatening to break his own neck.  Patient denies any SI [suicidal ideation] this evening on the unit."  The 2004 history of attacking his brother is repeated.  His thought content is noted to be illogical.  A determination was made that Casey needed psychiatric hospitalization and he was accepted for admission to the Johnson Unit.  Once again, it is difficult to understand how

---

[15]  Plaintiffs have filed a motion in limine to exclude any reference to Casey Green's drug use.

11 **PLAINTIFFS' OBJECTIONS TO DEFENDANTS' WITNESSES AND EXHIBITS**

this hospital record is relevant.  Plaintiffs are not claiming loss of earning capacity. Plaintiffs acknowledge Casey Green's serious mental illness.

Plaintiffs also object to this exhibit to the extent that the records are being offered for the hearsay statements contained in those records.

 Exhibit 342 (Bronchoscopy Procedure Note; 2/16/13) – Plaintiffs object to this exhibit on the grounds of relevance, for the reason set forth in the discussion of Exhibit 340.  This exhibit is an excerpt from Casey Green's February 2013 hospitalization at Sacred Heart following his suicide attempt.  Again, there is a detailed history taken from his mother in which she explains his history of hallucinations, hearing voices, smoking marijuana, and attacking his brother.[16]  Plaintiffs also object to this exhibit to the extent that the records are being offered for the hearsay statements contained in those records.

Exhibits 343 to 347 (Deposition Transcripts) – Plaintiffs have set forth their objections to the proposed deposition testimony in another portion of this brief.  Plaintiffs also object to the inclusion of deposition designations as an exhibit that would be given to the jury.

### V.    EXHIBITS MARKED BY CORIZON

Plaintiffs object to the following exhibits proposed by Corizon.

Exhibit 37 (Handwritten Notes from MAC Meetings) – Plaintiffs object to the admission of this exhibit because the notes are hearsay.

Exhibit 201 (Corizon Policies and Procedures) – Plaintiffs object to the admission of this exhibit because most of the policies and procedures are not relevant to any issue in

---

[16]  Plaintiffs have filed a motion in limine to exclude any reference to Casey Green's drug use.

12 **PLAINTIFFS' OBJECTIONS TO DEFENDANTS' WITNESSES AND EXHIBITS**

the case.

Exhibit 202 (Corizon Quality Improvement Manual) -- Plaintiffs object to the admission of this exhibit because most of the documents are not relevant to any issue in the case.

Exhibit 204 (Miscellaneous Kelly Green Pre-Injury Medical Records) – Plaintiffs object to this exhibit on the grounds of relevance, for the reasons set forth in the discussion of Exhibit 340.  This exhibit is a selection of medical records from 2004 through 2012.  The records contain descriptions of violent behavior and drug use by Casey Green.[17]  Plaintiffs also object to this exhibit to the extent that the records are being offered for the hearsay statements of various people contained in those records.

Exhibit 208 (Behavioral Health Evaluation & Encounter Information; 9/12/12) – Plaintiffs object to the admission of this exhibit (which is included in Exhibit 341) for the reasons set forth in the discussion of Exhibit 341.

Exhibit 209 (Plaintiff's Response to Corizon Health, Inc.'s First Interrogatories and Requests for Production dated 5/8/14) – Plaintiffs object to the admission of this exhibit because many of the questions and answers are not relevant to any issue in this case.

Exhibit 210 (Corizon New Employee Orientation) -- Plaintiffs object to the admission of this exhibit because most of the documents are not relevant to any issue in the case.

///

---

[17]  Plaintiffs have filed a motion in limine to exclude any reference to Casey Green's drug use.

13 **PLAINTIFFS' OBJECTIONS TO DEFENDANTS' WITNESSES AND EXHIBITS**

## **CONCLUSION**

For the reasons set forth above, plaintiffs ask this Court to make the requested pre-trial rulings.

DATED this 26th day of May, 2015.

Respectfully submitted,

/s/ Elden M. Rosenthal
Elden M. Rosenthal, OSB No. 722174
Email: elden@rgdpdx.com
Michael A. Greene, OSB No. 802445
Email: mike@rgdpdx.com
John T. Devlin, OSB No. 042690
Email: john@rgdpdx.com
Phone: (503) 228-3015
Fax: (503) 228-3269

14 **PLAINTIFFS' OBJECTIONS TO DEFENDANTS' WITNESSES AND EXHIBITS**

# CERTIFICATE OF SERVICE

I hereby certify that I served true and correct copies of the foregoing:

   **1. PLAINTIFFS' OBJECTIONS TO DEFENDANTS' WITNESSES AND EXHIBITS**

on the following:

| | |
|---|---|
| James Daigle | Richard K. Hansen |
| Adam Heder | Anne M. Talcott |
| *Stewart Sokol & Larkin LLC* | *Schwabe, Williamson & Wyatt, P.C.* |
| 2300 SW First Ave., Suite 200 | 1211 SW 5th Ave., Suite 1900 |
| Portland, OR 97201 | Portland, OR 97204 |
| jmdaigle@lawssl.com | rhansen@schwabe.com |
| aheder@lawssl.com | atalcott@schwabe.com |
| | |
|    Of Attorneys for Corizon defendants. |    Of Attorneys for Corizon defendants. |
| | |
| Robert L. Goldstucker | Sebastian Tapia |
| *Nall & Miller, LLP* | Stephen Dingle |
| 235 Peachtree St., NE | *Lane County Counsel* |
| Suite 1500 – North Tower | 125 East 8th Avenue |
| Atlanta, GA 30303-1418 | Eugene, OR  97401 |
| bgoldstucker@nallmiller.com | Sebastian.tapia@co.lane.or.us |
| | Stephen.dingle@co.lane.or.us |
| | |
|    Of Attorneys for Corizon defendants. |    Of Attorneys for Lane Co. defendant. |

by the following method/s:

     _____  mail with postage prepaid, deposited in the US mail at Portland, OR
     ___X___  service made via electronic mailing and/or CM/ECF filing
     _____  hand delivery
     _____  facsimile transmission
     _____  overnight delivery.

Dated this 26th day of May, 2015.

                        /s/ Elden M. Rosenthal
                        ELDEN M. ROSENTHAL, OSB No. 722174
                        MICHAEL A. GREENE, OSB No. 802445
                        JOHN T. DEVLIN, OSB No. 042690
                        *Of Attorneys for Plaintiffs*